## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| SWISSDIGITAL USA CO., LTD.<br><br>    Plaintiff,<br><br>    v.<br><br>WENGER S.A.<br><br>    Defendant. | Civil Action No.  6:21-cv-453<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

Plaintiff Swissdigital USA Co., Ltd. ("Swissdigital" or "Plaintiff") files this Complaint against Defendant Wenger S.A. ("Wenger" or "Defendant") and as claim for relief states as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement under the Patent Laws of the United States, Title 35, United States Code, including 35 U.S.C. § 271.

## PARTIES

2.      Plaintiff is a Delaware limited liability company with an address of 174 Main Street #164, East Aurora, New York 14052.

3.      On information and belief, Defendant Wenger S.A. is a Switzerland société anonyme with headquarters at Route de Bale 63, Delemont, Switzerland, CH-2800.

## FACTUAL BACKGROUND

4.      Plaintiff is in the business of selling high-tech intelligent backpacks and other innovative consumer goods throughout the world, including within the U.S. and within this

District.  Plaintiff is the owner of all rights, title and interest in and to United States Patent Nos. 10,574,071 (the "'071 Patent") and 10,931,138 (the "'138 Patent"). A true and correct copy of the '071 Patent is attached hereto as Exhibit A.  A true and correct copy of the '138 Patent is attached hereto as Exhibit B.

5.      The '071 Patent, titled: "Bag or Luggage with USB Charging Connector," issued on February 25, 2020.  Plaintiff's invention is a bag or luggage for convenient charging of personal devices such as smart phones, tablets or any device that requires recharging.  The claimed and disclosed bag or luggage provides a space for placing a power storage device inside the bag or luggage body, a power cable outlet on the outer surface of the bag or luggage body, and a USB extension cable that connects to the power storage device inside the bag.  Swissdigital's products offered for sale and sold in the U.S. practicing the claims of the '071 Patent are marked with the 10,574,071 patent number.

6.      The '138 Patent, titled: "Sheath for USB Charger," issued on February 23, 2021.  Plaintiff's invention is a sheath that may be incorporated into luggage, bags, activewear or other wearables for convenient charging of personal devices such as smart phones, tablets or any device that requires recharging.  The claimed and disclosed sheath receives a female end of a USB cable where the operative end of the female end of a USB cable is provided in a flat position with the operative end being uncovered and above the outer surface of the body and the cord of the female end going through an opening between the inner surface and the outer surface.  Swissdigital's products offered for sale and sold in the U.S. practicing the claims of the '138 Patent are marked with the 10,931,138 patent number.

7.      On information and belief, Wenger is a manufacturer of business, computer, outdoor and casual bags, and watches and sells its products throughout the world, including in the United States.

8.      On information and belief, Wenger owns and operates the website: https://www.wenger.ch/global/en, which operates as a global hub for sales of its various products. Wenger's website states that it is "A Swiss Company since 1893."  Wenger's website further asserts "Wenger widened its product range, which is popular across the world, to include watches from 1997 and later luggage."

9.      The Wenger website provides links to sites in various locations in the world, including in the U.S.  The linked U.S. Wenger site is located at:  https://www.wenger.ch/us/en/. Wenger's U.S. website directs customers seeking "Wenger Travel Gear" to "visit us at SWISSGEAR®."



10.     Upon clinking "SWISSGEAR®," a customer is taken to the "SWISSGEAR by WENGER" website at www.swissgear.com.  Like the Wenger website, the www.swissgear.com website states: "Introducing Wenger a Swiss Company since 1893" and "Wenger has evolved including the introduction of SWISSGEAR by Wenger."





11.     On information and belief, Wenger is the owner of the SWISSGEAR trademark and the www.swissgear.com website and oversees the production and design of products sold and offered for sale under its brand including infringing products sold and offered for sale by its licensee.

12.     The infringing products have been offered for sale and/or are currently available for sale to U.S. customers through the www.swissgear.com website and retail stores including, but

not limited to, Walmart Inc., Target Corp., Best Buy Co., Inc., and The Home Depot, Inc. throughout the U.S. and including in this District.  The www.swissgear.com website provides customers with a "store locator" feature, and directs customers to retail locations where they can purchase products, including directing customers to locations within this District.



13.     The www.swissgear.com website also directs customers to a "USB Power Ready Collection," which features the infringing products.





14.    Defendant has and continues to contributorily infringe and induce others to infringe at least claim 1 of the '071 Patent in the United States by offering for sale and selling luggage products, including but not limited to: SWISSGEAR 3670 USB ScanSmart Laptop Backpack, SwissGear 3672 USB ScanSmart Laptop Backpack, SwissGear 18.5" ScanSmart TSA Laptop and USB Power Plug Backpack, SwissGear 2760 USB ScanSmart Laptop Backpack with LED Light (collectively, the "SWISSGEAR branded backpacks").

15.    The SWISSGEAR branded backpacks incorporate an integrated USB sheath socket and include a place for placing a power storage device inside the bag and a power cable outlet on the outer surface of the bag.  The www.swissgear.com website advertises this feature and instructs purchasers to "re-energize your devices on-the-go and plug into its USB port anytime, anywhere."

16.    Defendant has and continues to contributorily infringe and induce others to infringe at least claim 23 of the '138 Patent in the United States by offering for sale and selling luggage products, including but not limited to the SWISSGEAR branded backpacks.

17.    On January 11, 2021, Swissdigital notified counsel for Wenger that its SWISSGEAR branded backpacks infringed exemplary claim 1 of Swissdigital's '071 Patent and practiced claims of Swissdigital's U.S. patent application 16/838,059 (which issued as the '138 Patent), which had been allowed by the USPTO on December 23, 2020.  Subsequently, on March

30, 2021, Swissdigital provided Wenger a claim element by claim element analysis of infringement of exemplary claim 1 of the '071 Patent and exemplary claim 23 of the '138 Patent.

**JURISDICTION**

18.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

19.     Venue in this judicial district is proper under 28 U.S.C. § 1391(c)(3) because Defendant is not a resident of the U.S.

20.     This Court has personal jurisdiction over Defendant because Defendant has done business and continues to do business in Texas, marketed and promoted its products within Texas, and has committed acts of patent infringement in Texas, including but not limited to promoting, marketing, and advertising the sale of the SWISSGEAR branded backpacks in Texas and inducing others to use the SWISSGEAR branded backpacks in an infringing manner in Texas and contributorily infringing Swissdigital's patent claims in Texas.   On information and belief, Defendant's SWISSGEAR branded backpacks are sold at retailers throughout Texas and this District, including big-box stores Target, Walmart, The Home Depot, and Best Buy.   These retailers sell Defendant's products in-store, online for in-store pickup at physical locations throughout this District, and/or ship Defendant's products directly to customers in this District. Further, www.swissgear.com's "store locator" feature directs customers to locations where they can purchase Defendant's products, including directing customers to retail locations within this District.   Additionally, Defendant sells and offers for sale its products through other e-commerce channels in Texas and within this District.   Thus, Defendant knowingly benefits from the availability of the Texas market for its products and intends to serve Texas residents and increase

sales in Texas and within this District.  Defendant purposefully directs activities at residents of this forum, and Swissdigital's claims arise out of and relate to these activities.

**COUNT ONE**
**INFRINGEMENT OF U.S. PATENT NO. 10,574,071**

21.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1-20 herein.

22.     Pursuant to 35 U.S.C. § 271(b) and (c), Defendant has indirectly infringed at least claim 1 of the '071 Patent.  The infringing SWISSGEAR branded backpacks meet each and every claim element of at least claim 1 literally or under the doctrine of equivalents.  These products are sold and offered for sale in the U.S. at various retailers, including Target, Walmart, Home Depot, Best Buy, and online at www.swissgear.com.

23.     The SWISSGEAR branded backpacks meet the preamble "a bag or luggage for convenient charging, comprising."  The SWISSGEAR branded backpacks are bags for convenient charging, as they include an "integrated USB socket."  The www.swissgear.com website directs customers to the "USB Power Ready Collection" and directs purchasers to "re-energize your devices on-the-go and plug into its USB port anytime, anywhere."

24.     The SWISSGEAR branded backpacks meet the claim element "a bag or luggage body having a placing space for placing a power storage device inside the bag or luggage body and a power cable outlet on the outer surface of the bag or luggage body."  The SWISSGEAR branded backpacks include a place for placing a power storage device inside the bag and a power cable outlet on the outer surface of the bag.

25.     The SWISSGEAR branded backpacks meet the claim element "a USB extension cable having a male connector and a female connector having four sides and an operative end."  The SWISSGEAR branded backpacks include a USB extension cable with male connector and a

female connector having four sides and an operative end.  The www.swissgear.com website lists "USB port and internal cord to connect to power bank" as a product feature.

26.     The SWISSGEAR branded backpacks meet the claim element "wherein the male connector of the USB extension cable is inside the bag or luggage body and is used to connect to the power storage device in the placing space."  The male connector of the USB extension cable is inside the SWISSGEAR branded backpacks and is used to connect to the power storage device in the placing space.

27.     The SWISSGEAR branded backpacks meet the claim element "wherein the female connector is retained outside and adjacent to the power cable outlet with one side of the four sides of the female connector in communication with the bag or luggage body, and the other three sides of the female connector are covered by a water proof sheath that protects the female connector and provides it in a flat position and wherein the sheath is above and covers the power cable outlet." The female connector of the SWISSGEAR branded backpacks is retained outside and adjacent to the power cable outlet.  Three sides of the female connector are covered by a water proof sheath and provides it in a flat position and is above and covers the power cable outlet.  The remaining side is in communication with the bag or luggage body.

28.     The SWISSGEAR branded backpacks meet the claim element "wherein the sheath does not cover the operative end of the female connector which is exposed and fixedly attached above the exterior of the bag such that the operative end of the female connector does not need to be moved and the bag or luggage body does not need to be opened to accept a charging interface of a product to be charged."  The operative end of the SWISSGEAR branded backpacks' female connector is exposed and not covered by the sheath.  The operative end of the female connector is fixedly attached to the bag, and as it is on the exterior of the bag, the bag does not need to be

opened to accept a charging interface of a product to be charged.

29.     In violation of 35 U.S.C. § 271(b), Defendant has and continues to infringe (literally and/or under the doctrine of equivalents) at least claim 1 of the '071 Patent indirectly by inducing the infringement of the '071 Patent claim by third parties, including its direct and indirect customers.  Defendant has induced, caused, urged, encouraged, aided, and abetted its customers to infringe at least claim 1 of the '071 Patent.

30.     Defendant has done so by affirmative acts, including but not limited to selling infringing products, marketing the infringing capabilities of such products, and providing instructions, technical support, and other encouragement for the use of such products.

31.     Defendant knowingly and specifically intended third parties to infringe at least claim 1 of the '071 Patent.  Defendant knew of the '071 Patent, performed affirmative acts that constitute induced infringement, and knew that those acts would induce actual infringement of one or more of the '071 Patent's claims by third parties.

32.     On information and belief, Defendant had knowledge of the '071 Patent since at least as early as February 25, 2020, when the '071 Patent issued.  Defendant had actual knowledge that its products, including the SWISSGEAR branded backpacks, infringe claims of the '071 Patent since at least January 11, 2021. Since obtaining knowledge of its infringing activities, Defendant has failed to cease its infringing activities.

33.     Defendant, while fully aware that at least its SWISSGEAR branded backpacks infringed one or more of the claims of the '071 Patent, offered for sale, sold, and induced others to buy, use, and sell these infringing products.

34.     In violation of 35 U.S.C. § 271(c), Defendant has and continues to infringe (literally and/or under the doctrine of equivalents), at least claim 1 of the '071 Patent indirectly by

contributing to the infringement of at least claim 1 of the '071 Patent.

35.     Defendant has contributed to the infringement of at least claim 1 of the '071 Patent because it knew that the SWISSGEAR branded backpacks it offers for sale were infringing and not suitable for substantial non-infringing use.

36.     As a result of Defendant's infringement of the '071 Patent, Plaintiff has suffered monetary losses for which it is entitled to an award of damages that is adequate to compensate Plaintiff for the infringement under 35 U.S.C. § 284, in no event less than a reasonable royalty.

37.     On information and belief, Defendant's infringement of the '071 Patent has been deliberate, willful, and with full knowledge of the '071 Patent and its infringement of its claims.

38.     Plaintiff has suffered damages in an amount to be determined at trial by reason of Defendant's willful infringement of the '071 Patent.

**COUNT TWO**
**INFRINGEMENT OF U.S. PATENT NO. 10,931,138**

39.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1-38 herein.

40.     Pursuant to 35 U.S.C. § 271(b) and (c), Defendant has indirectly infringed at least claim 23 of the '138 Patent.  The infringing SWISSGEAR branded backpacks meet each and every claim element of at least claim 23 literally or under the doctrine of equivalents.  These products are sold and offered for sale in the U.S. at various retailers including Target, Walmart, Home Depot, Best Buy, and online at www.swissgear.com.

41.     The SWISSGEAR branded backpacks meet the preamble "sheath for convenient charging, comprising."  The SWISSGEAR branded backpacks are bags for convenient charging, as they include an "integrated USB socket."  The www.swissgear.com website directs customers to the "USB Power Ready Collection" and directs purchasers to "re-energize your devices on-the-

11

go and plug into its USB port anytime, anywhere."

42.     The SWISSGEAR branded backpacks meet the claim element "a sheath having a raised portion that extends above an outer surface of a body, wherein the raised portion has a USB opening, and a surrounding bottom portion surrounding at least a portion of the raised portion."

43.     The SWISSGEAR branded backpacks meet the claim element "wherein the body has an inner surface, an outer surface and a body opening between the inner surface and the outer surface."

44.     The SWISSGEAR branded backpacks meet the claim element "wherein the sheath is at the body opening with the raised portion above the outer surface and at least a portion of the surrounding bottom portion is in communication with a portion of the body."

45.     The SWISSGEAR branded backpacks meet the claim element "wherein the sheath has a female end of a USB cable in the USB opening, wherein the female end of the USB cable has four sides, an operative end and a cord end and the operative end of the female end of the USB cable is retained in the USB opening to provide the female end of the UBS cable in a flat position with the operative end of the female connector being uncovered and above the outer surface of the body."   The SWISSGEAR branded backpacks include a USB extension cable with a male connector and a female connector having four sides and an operative end.     The www.swissgear.com website lists "USB port and internal cord to connect to power bank" as a product feature.

46.     In violation of 35 U.S.C. § 271(b), Defendant has and continues to infringe (literally and/or under the doctrine of equivalents) at least claim 23 of the '138 Patent indirectly by inducing the infringement of the '138 claim by third parties, including its direct and indirect customers. Defendant has induced, caused, urged, encouraged, aided, and abetted its customers to infringe at

least claim 23 of the '138 Patent.

47.     Defendant has done so by affirmative acts, including but not limited to selling infringing products, marketing the infringing capabilities of such products, and providing instructions, technical support, and other encouragement for the use of such products.

48.     Defendant knowingly and specifically intended third parties to infringe at least claim 23 of the '138 Patent.  Defendant knew of the '138 Patent, performed affirmative acts that constitute induced infringement, and knew that those acts would induce actual infringement of one or more of the '138 Patent's claims by third parties.

49.     On information and belief, Defendant had actual knowledge of Swissdigital's 16/838,059 patent application (which issued as the '138 Patent) and that its products, including the SWISSGEAR branded backpacks, infringe claims of the '138 Patent since at least as early as January 11, 2021.  Further, Swissdigital provided Wenger a claim element by claim element analysis of infringement of exemplary claim 23 of the '138 Patent on March 30, 2021.  Since obtaining knowledge of its infringing activities, Defendant has failed to cease its infringing activities.

50.     Defendant, while fully aware that at least its SWISSGEAR branded backpacks infringed one or more of the claims of the '138 Patent, offered for sale, sold, and induced others to buy, use, and sell these infringing products.

51.     In violation of 35 U.S.C. § 271(c), Defendant has and continues to infringe (literally and/or under the doctrine of equivalents), at least claim 23 of the '138 Patent indirectly by contributing to the infringement of at least claim 23 of the '138 Patent.

52.     Defendant has contributed to the infringement of at least claim 23 of the '138 Patent because it knew that the SWISSGEAR branded backpacks it offered for sale were infringing and

not suitable for substantial non-infringing use.

53.     As a result of Defendant's infringement of the '138 Patent, Plaintiff has suffered monetary losses for which it is entitled to an award of damages that is adequate to compensate Plaintiff for the infringement under 35 U.S.C. § 284, in no event less than a reasonable royalty.

54.     On information and belief, Defendant's infringement of the '138 Patent has been deliberate, willful, and with full knowledge of the '138 Patent and its infringement of at least claim 23.

55.     Plaintiff has suffered damages in an amount to be determined at trial by reason of Defendant's willful infringement of the '138 Patent.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for relief, as follows:

A.     That Plaintiff is the owner of all right, title, and interest in and to United States Patent No. 10,574,071, together with all rights of recovery under such patent for past infringement thereof;

B.     That United States Patent No. 10,574,071 is valid and enforceable in law and that Defendant has infringed said patent;

C.     Awarding to Plaintiff its damages caused by Defendant's infringement of United States Patent No. 10,574,071;

D.     That Plaintiff is the owner of all right, title, and interest in and to United States Patent No. 10,931,138, together with all rights of recovery under such patent for past infringement thereof;

E.     That United States Patent No. 10,931,138 is valid and enforceable in law and that Defendant has infringed said patent;

F.     Awarding to Plaintiff its damages caused by Defendant's infringement of United

States Patent No. 10,931,138;

G.      Entering a preliminary and permanent injunction against Defendant, its officers, employees, attorneys, all parent and subsidiary corporations and affiliates, their assigns and successors in interest, and those persons in active concert or participation with any of them who receive notice of the injunction, enjoining them from continuing acts of infringement of the patents-in-suit;

H.      That Defendant's infringement of the '071 Patent and '138 Patent has been willful and said damages be trebled pursuant to 35 U.S.C. § 284;

I.      That this is an exceptional case and awarding to Plaintiff its costs, expenses, and reasonable attorney fees pursuant to 35 U.S.C. § 285; and

J.      Awarding to Plaintiff such other and further relief as the Court may deem just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

In accordance with Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury for all issues triable by jury.

Dated: April 30, 2021

Respectfully submitted,

/s/  *Jacqueline Altman*
Dariush Keyhani (*pro hac vice* to be filed)
Frances H. Stephenson (*pro hac vice* to be filed)
Keyhani LLC
1050 30th Street NW
Washington, DC 20007
T. 202.748.8950
F. 202.318.8958
dkeyhani@keyhanillc.com
fstephenson@keyhanillc.com

Jacqueline P. Altman
State Bar No. 24087010
John P. Palmer
State Bar No. 15430600
John A. "Andy" Powell
State Bar No. 24029775
USPTO Reg. No. 71,533
NAMAN HOWELL SMITH & LEE, PLLC
400 Austin Ave., Suite 800
Waco, Texas 76701
jaltman@namanhowell.com
palmer@namanhowell.com
powell@namanhowell.com

Attorneys for Plaintiff Swissdigital USA Co., Ltd.