**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| SWISSDIGITAL USA CO., LTD., | Civil Action No. 6:21-cv-453 |
| *Plaintiff*, | |
| v. | |
| WENGER S.A., | Jury Trial Demanded |
| *Defendant*. | |

**WENGER S.A.'S 12(b)(2) MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION AND
<u>12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM</u>**

## <u>TABLE OF CONTENTS</u>

<u>Page(s)</u>

I.    INTRODUCTION .................................................................................................. 1

II.   12(b)(2) ARGUMENT ......................................................................................... 2

   A.    The Court Does Not Have General Jurisdiction Over Wenger.............................. 2

   B.    The Court Does Not Have Specific Jurisdiction Over Wenger, Which Has No
         Contacts With The Forum State............................................................................... 4

      1.    Wenger Does Not Purposefully Direct Activities at Residents of Texas. .. 4

         i.     Travel Gear ....................................................................................... 6

         ii.    Provision of Information.................................................................... 7

         iii.   Watches ............................................................................................. 7

      2.    SwissDigital's Claims Do Not Arise Out Of Wenger's Limited Activities.
            ............................................................................................................... 8

      3.    Asserting Personal Jurisdiction Over Wenger Would Be Unreasonable and
            Unfair, And Offend Due Process. ................................................................ 8

   C.    The Court Does Not Have Personal Jurisdiction Over Wenger Under The Stream
         Of Commerce Theory, As Wenger Does Not Direct Any Activities Towards The
         Forum State. .......................................................................................................... 10

   D.    There Is No Jurisdiction Over Wenger Under Rule 4(k). ..................................... 11

III.  12(b)(6) ARGUMENT ....................................................................................... 11

   A.    The Court Should Dismiss SwissDigital's Contributory Infringement Claims.... 11

   B.    The Court Should Dismiss SwissDigital's Induced Infringement Claims Because
         SwissDigital Has Failed to Show Wenger Specifically Intended to Induce
         Infringement.......................................................................................................... 12

      1.    No Specific Intent to Induce. ..................................................................... 12

      2.    No Action to Induce.................................................................................... 13

IV.   CONCLUSION.................................................................................................... 15

## **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*A. Stucki Co. v. Worthington Indus., Inc.*,
   849 F.2d 593 (Fed. Cir. 1988)...................................................................................14

*Aatrix Software, Inc. v. Green Shades Software, Inc.*,
   882 F.3d 1121 (Fed. Cir. 2018)..................................................................................11

*Affinity Labs of Texas, LLC v. Samsung Elecs. Co., Ltd.*,
   No. 13-cv-364 (W.D. Tex. Apr. 30, 2014) ...........................................................12, 14

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*,
   566 F.3d 1012 (Fed. Cir. 2009)............................................................................2, 3, 5

*Avocent Huntsville Corp. v. Aten Intern. Co., Ltd.*,
   552 F.3d 1324 (Fed. Cir. 2008)....................................................................................2

*In re Bill of Lading Transmission and Processing Sys. Pat. Lit.*,
   681 F.3d 1323 (Fed. Cir. 2012)..................................................................................12

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985)......................................................................................................9

*Campbell Pet Co. v. Miale*,
   542 F.3d 879 (Fed. Cir. 2008)..................................................................................3, 9

*Comp. Stores Northwest, Inc. v. Dunwell Tech., Inc.*,
   2011 WL 2413825 (D. Or. June 9, 2011) ..............................................................6, 7

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014)......................................................................................................8

*In re: Depuy Orthopaedics, Inc.*,
   888 F.3d 753 (5th Cir. 2018) .....................................................................................10

*DSU Med. Corp. v. JMS Co., Ltd.*,
   471 F.3d 1293 (Fed. Cir. 2006)..................................................................................14

*Elecs. for Imaging, Inc. v. Coyle*,
   340 F.3d 1344 (Fed. Cir. 2003)................................................................................2, 9

*Grecia v. VUDU, Inc.*,
   2015 WL 538486 (N.D. Cal. Feb. 9, 2015) ...............................................................14

*Hanson v. Denckla,*
   357 U.S. 235 (1958) .................................................................................4, 5, 9

*Innova Hosp. San Antonio, L.P. v. Blue Cross and Blue Shield of Georgia, Inc.,*
   995 F. Supp. 2d 587 (N.D. Tex. 2014) ...................................................................2

*Iron Oak Tech., LLC v. Acer Am. Corp.,*
   2017 WL 9477677 (W.D. Tex. Nov. 28, 2017) ....................................................11

*Merial Ltd. v. Cipla Ltd.,*
   681 F.3d 1283 (Fed. Cir. 2012) ..............................................................................2

*Metricolor LLC v. L'Oreal S.A.,*
   791 Fed. Appx. 183 (Fed. Cir. 2019) ..............................................................2, 3, 5

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.,*
   545 U.S. 913 (2005) ..............................................................................................13

*Microsoft Corp. v. DataTern, Inc.,*
   755 F.3d 899 (Fed. Cir. 2014) ..............................................................................14

*Monolithic Power Sys., Inc. v. Meraki Integrated Circuit (Shenzhen) Tech., Ltd.,*
   No. 6:20-cv-8876 (W.D. Tex. Sept. 1, 2021) ................................................10, 14

*NexLearn, LLC v. Allen Interactions, Inc.,*
   859 F.3d 1371 (Fed. Cir. 2017) ..........................................................................6, 8

*Nuance Comm's, Inc. v. Abbyy Software House,*
   626 F.3d 1222 (Fed. Cir. 2010) ..........................................................................4, 7

*Parity Networks, LLC v. Cisco Sys., Inc.,*
   2019 WL 3940952 (W.D. Tex. July 26, 2019) ....................................................11

*Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.,*
   203 F.3d 790 (Fed. Cir. 2000) ..............................................................................11

*Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.,*
   148 F.3d 1355 (Fed. Cir. 1998) ..........................................................................5, 8

*Sangha v. Navig8 ShipMgmt. Private Ltd.,*
   882 F.3d 96 (5th Cir. 2018) ....................................................................................3

*Stephenson v. Game Show Network, LLC,*
   933 F. Supp. 2d 674 (D. Del. Mar. 27, 2013) ......................................................14

*Taylor v. Books A Million, Inc.,*
   296 F.3d 376 (5th Cir. 2002) ................................................................................12

*Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*,
  395 F.3d 1275 (Fed. Cir. 2005)................................................................4, 7

*Walden v. Fiore*,
  571 U.S. 277 (2014)................................................................................5

*Warner–Lambert Co. v. Apotex Corp.*,
  316 F.3d 1348 (Fed.Cir.2003)............................................................12, 13

*World-Wide Volkswagen Corp. v. Woodson*,
  444 U.S. 286 (1980)................................................................................9

*Zamora Radio, LLC v. Last.fm Ltd.*,
  2011 WL 2580401 (S.D. Fl. June 28, 2011)..........................................6, 7

**Federal Statutes**

35 U.S.C. § 271(b)................................................................................12

35 U.S.C. § 271(c)................................................................................11

**Rules**

Rule 4(k)................................................................................................11

Rule 8....................................................................................................15

Rule 12(b)(6)........................................................................................14

## I.   **INTRODUCTION**

This indirect patent infringement action should be dismissed (1) for lack of personal jurisdiction over Defendant Wenger S.A. ("Wenger"), and (2) for failure to state a claim by Plaintiff SwissDigital USA Co., Ltd. ("SwissDigital").

*First*, this action should be dismissed for lack of personal jurisdiction.  SwissDigital's Complaint contains bare assertions that this Court has personal jurisdiction over Wenger because of its "business," "market[ing]," "promot[ion]," and "advertising" of the accused products. However, the Complaint fails to plead any facts that would actually establish personal jurisdiction over Wenger.  Indeed, the Complaint is internally inconsistent, as SwissDigital's theory of patent infringement *acknowledges* that Wenger *does not offer for sale or sell the accused products*.  Nor could SwissDigital present facts sufficient to establish personal jurisdiction since, as explained in the attached declaration of Wenger's CFO, Wenger does not have any contacts with the State of Texas related to the accused products.  Accordingly, this action should be dismissed for lack of personal jurisdiction.

*Second*, this case should independently be dismissed for failure to state a claim. SwissDigital alleges only bare assertions of indirect infringement.  But SwissDigital fails to plead necessary facts to support its claims.  And even accepting the unsupported assertions as true, SwissDigital's claims fail.  Its contributory infringement claim fails to even allege the statutorily required elements. And its induced infringement claim fails to state a legally cognizable theory of inducement.  Accordingly, this action should be dismissed for failure to state a claim.

## II.   12(b)(2) ARGUMENT

Federal Circuit law governs personal jurisdiction issues in patent cases. *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1016 (Fed. Cir. 2009) (citations omitted). Plaintiff bears the burden to show that the Court has personal jurisdiction over the defendant. *Metricolor LLC v. L'Oreal S.A.*, 791 Fed. Appx. 183, 190 (Fed. Cir. 2019); *see also Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1309 (Fed. Cir. 2012). To withstand a 12(b)(2) motion, a plaintiff must make "a *prima facie* showing that that defendant[ is] subject to personal jurisdiction," in which "*uncontroverted* allegations in the plaintiff's complaint [are taken] as true." *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003) (emphasis added). "[T]he court need not credit conclusory allegations, even if uncontroverted." *Innova Hosp. San Antonio, L.P. v. Blue Cross and Blue Shield of Georgia, Inc.*, 995 F. Supp. 2d 587, 615 (N.D. Tex. 2014) (citation omitted).

### A.   The Court Does Not Have General Jurisdiction Over Wenger.

"[I]n the context of patent infringement litigation[, ] an assertion of general jurisdiction requires that the defendant have continuous and systematic contacts with the forum state." *Avocent Huntsville Corp. v. Aten Intern. Co., Ltd.*, 552 F.3d 1324, 1331-32 (Fed. Cir. 2008) (emphasis, quotations, and citations omitted).

SwissDigital does not—and cannot—show that Wenger has "continuous and systematic contacts" with Texas. SwissDigital alleges that Wenger "has done business and continues to do business in Texas," but fails to allege any business conduct undertaken by Wenger. Compl. ¶ 20. These conclusory allegations, without factual support, are insufficient to show jurisdiction over Wenger. *See Innova Hosp.*, 995 F. Supp. 2d at 615.

Indeed, Wenger does not have "continuous and systematic contacts" with Texas. Wenger does not manufacture, sell, offer for sale, import, market, advertise, or offer services related to the

accused products in Texas.[1]  Bussard Decl. ¶ 4, 5, 14.[2]  Wenger also does not have any contacts

with Texas—it does not have a telephone number, mailing address, or any real property, leased or

owned, in Texas.  Bussard Decl. ¶¶ 6, 7, 9.  Wenger is not registered to do business in Texas, does

not pay taxes in Texas, and does not maintain an agent for service of process in Texas.  Bussard

Decl. ¶¶ 10-12.  Indeed, SwissDigital's pleaded facts acknowledge that the Wenger Website

merely "provides links" to a third-party webpage, and SwissDigital's indirect infringement

allegations are not based on any sales, offers or sale, marketing, or advertisement on the Wenger

Website.  *See* Compl. ¶¶ 9-10, 23 (pleading indirect infringement of the '071 Patent based on sales

of third-party website www.swissgear.com), 41 (same for '138 Patent allegations).

At best, Wenger has a website[3] that is accessible throughout the country, which is

"insufficient to give rise to general jurisdiction."  *Campbell Pet Co. v. Miale*, 542 F.3d 879, 884

(Fed. Cir. 2008) (finding a website "insufficient to give rise to general jurisdiction over the

---

[1] SwissDigital's Complaint alleges that Wenger has "marketed and promoted its products within Texas, and has committed acts of patent infringement in Texas."  (Complaint ¶ 20.)  However, because Mr. Bussard's declaration "directly contravene[s]" SwissDigital's allegations, the Court need not accept the truth of those allegations.  *Campbell*, 542 F.3d at 888-89 (where defendant "d[oes] not controvert the truth of [plaintiff's] assertions," the court "assume[s] the truth of [plaintiff]'s allegations").

[2] Sworn affidavit testimony may controvert conclusory allegations that the Court has jurisdiction. *Metricolor*, 791 Fed. Appx. at 190 (Fed. Cir. 2019) (finding plaintiff "failed to meet its burden of showing that the court has personal jurisdiction" where plaintiff provided "failed to allege any conduct by defendant [ ] that was 'purposefully aimed at the forum state," and defendant provided "uncontroverted sworn testimony refut[ing] that allegation").

[3] Notably, while SwissDigital mentions Wenger's Website (Compl. ¶¶ 8,9), SwissDigital does not base its jurisdictional allegations on the Wenger Website.  *See* Compl. ¶¶ 18-20.

SwissDigital does include "snippets" or "screenshots" of portions of the Wenger Website in its Complaint.  *See, e.g.,* Compl. ¶ 9.  Wenger has included a printout containing the relevant full webpages of the Wenger Website as Exhibit A to this Motion.  The Court may consider "affidavits and other written materials" in its 12(b)(2) determination.  *Autogenomics*, 566 F.3d at 1017 (citations omitted); *see also Sangha v. Navig8 ShipMgmt. Private Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018) ("The district court is not obligated to consult only the assertions in the plaintiff's complaint in determining whether a *prima facie* case for jurisdiction has been made.  Rather, the district court may consider the contents of the record at the time of the motion.") (citation omitted).

defendants in the [forum state], as the website is not directed at customers in [the forum state] and does not appear to have generated any sales in [the forum state]."); *see also Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1281 (Fed. Cir. 2005) (finding a website "available to all customers throughout the country who have access to the Internet" insufficient for jurisdiction).

> **B.     The Court Does Not Have Specific Jurisdiction Over Wenger, Which Has No Contacts With The Forum State.**

Because Texas's long-arm statute reaches the limits of the Federal Constitution, the specific jurisdiction inquiry boils down to determining if exercising personal jurisdiction offends due process. *Nygaard v. Federation* Internationale *de L'Automobile*, No. 6:20-cv-234, (Dkt. 225) at 2 (W.D. Tex. July 15, 2021) (citations omitted).   In the patent context, courts determining whether specific jurisdiction exists use the Federal Circuit's test and consider whether: (1) the defendant purposefully directed its activities at residents of the forum; (2) the claim arises out of or relates to those activities; and (3) the assertion of personal jurisdiction is reasonable and fair. *Nuance Comm's, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1231 (Fed. Cir. 2010). SwissDigital does not and cannot show that any of these elements exist.

> **1.     Wenger Does Not Purposefully Direct Activities at Residents of Texas.**

"Purposeful availment is the key element that [SwissDigital] must establish" in withstanding a 12(b)(2) motion. *Nygaard*, No. 6:20-cv-234, at 4 (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).   But SwissDigital has not—and cannot—establish that Wenger "purposefully avails itself of the privilege of conducting activities within" Texas. *Hanson*, 357 U.S. at 253.

The whole of SwissDigital's jurisdictional allegations are that Wenger "has done business and continues to do business in Texas, marketed and promoted its products within Texas, and has

committed acts of patent infringement in Texas, including but not limited to promoting, marketing, and advertising the sale of the SWISSGEAR backpacks." Compl. ¶ 20.[4]  But Wenger does not "promot[e]," "market[]," or "advertis[e] the sale of the SWISSGEAR branded backpacks in Texas." Compl. ¶ 20; *see supra*; Bussard Decl. ¶¶ 10-12.  Rather, the SwissGear backpacks SwissDigital accuses are designed, manufactured, promoted, marketed, advertised, and sold by Group III, a licensee of Victorinox Swiss Army SA.  Bussard Decl. ¶¶ 4, 14-15.  Accordingly, "promoting, marketing, and advertising the sale of the SWISSGEAR branded backpacks" cannot be the basis for personal jurisdiction over Wenger.

Nor can Wenger's relationship with Group III be the basis for personal jurisdiction. *Walden v. Fiore*, 571 U.S. 277, 286 (2014) ("[A] defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction."); *see also Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1361 (Fed. Cir. 1998) ("HHI's licensees have extensive contacts with Minnesota, but this additional factor is also insufficient to submit HHI to personal jurisdiction in the state."); *Hanson*, 357 U.S. at 253 ("The unilateral activity of those who claim some relationship with a non-resident defendant cannot satisfy the requirement of contact with the forum state.").

---

[4] SwissDigital provides some limited details for its jurisdictional contentions, but they are unsupported and only relate to the above-mentioned "business," "promoting, marketing, and advertising." *See* Compl. ¶ 20 (alleging "SWISSGEAR branded backpacks" are "sold at retailers throughout Texas;" available from "retail locations" on "www.swissgear.com's 'store locator' feature;" and "s[old] and offer[ed] for sale . . . through other e-commerce channels").  These details fail for the same reasons as discussed above; namely, they are unsupported, controverted, and inaccurate. *See Autogenomics*, 566 F.3d at 1017 (in 12(b)(2) posture, the court may consider affidavits—like that of Mr. Bussard—to controvert allegations in the plaintiff's complaint); *see also Metricolor*, 791 Fed. Appx. at 190 (in a 12(b)(2) motion, "uncontroverted sworn testimony" may refute conclusory allegations in a complaint).

Similarly, Wenger's "website alone does not render [Wenger] subject to specific jurisdiction" in Texas. *NexLearn, LLC v. Allen Interactions, Inc.*, 859 F.3d 1371, 1378 (Fed. Cir. 2017) ("The existence of [a] website, without more, is insufficient to show" minimum contacts with the forum state.). The Wenger Website provides three functions: (1) it links consumers to the Group III webpage to explore travel gear; (2) it provides information about Wenger; and (3) it allows consumers to peruse and purchase watches. *See generally* Exh. A at 1 (including three areas of the Wenger Website, "About Us," "Products" ("Watches" and "Travel Gear"), and "Service").[5] None of these functionalities is sufficient to subject Wenger to personal jurisdiction in Texas.

### i. *Travel Gear*

Although users can click on "Travel Gear" on the Wenger Website, the resulting webpage merely states "Sorry, We've Moved," and provides a hyperlink to the Group III website. *See* Exh. A at 3. However, "the presence of hyperlinks to national, unaffiliated third-party websites is insufficient to subject [defendant] to personal jurisdiction," and "does not satisfy the type of minimum contact that due process requires." *Zamora Radio, LLC v. Last.fm Ltd.*, 2011 WL 2580401, at *6 (S.D. Fl. June 28, 2011); *see also Comp. Stores Northwest, Inc. v. Dunwell Tech., Inc.*, 2011 WL 2413825, at *7 (D. Or. June 9, 2011) (websites through which "[t]here is no transaction, purchase, or sale that can be consummated by means of the website," and which are "not targeted specifically towards [forum state] customers" are insufficient to support specific jurisdiction).

---

[5] The accused products are not sold on the Wenger Website, which is undisputed. *See* Compl. ¶¶ 9-10 (the Wenger Website merely "provides links" to the third-party webpage where the accused products are sold), 23 (pleading indirect infringement of the '071 Patent based on sales of third-party website www.swissgear.com), 41 (same for '138 Patent allegations).

### ii. *Provision of Information*

The "About Us" and "Service" sections of the Wenger Website passively provide consumers with information about Wenger and the services it provides.  *See* Exh. A at 4-7.  But the passive provision of information on a website is insufficient to establish personal jurisdiction. *See Trintec*, 395 F.3d at 1281 (considering interactivity of a website, "how frequently [interactive] features are utilized," and "whether any District residents have ever actually used" the website).

Further, none of the information provided is directed at residents of Texas.  No contacts are listed in the State of Texas.  *See* Exh. A at 8-9. No factory tours are listed in Texas.  *See* Exh. A at 10-11.  There are no job postings in Texas.  *See* Exh. A at 12.  There are no search results for "Texas."  *See* Exh. A at 13.  There are no advertisements or marketing directed towards Texas. *See generally* Exh. A.  Indeed, the only mention of Texas at all is a listing of third-party retailers that are authorized to sell Wenger products (*see* Exh. A at 2 ("Store Finder" listing eleven authorized dealers to purchase watches in Texas, but no authorized dealers to purchase "travel gear," and no Wenger stores)), but the presence of retailers not under the direction or control of Wenger as insufficient to establish personal jurisdiction. *Comp. Stores*, 2011 WL 2413825, at *6 ("simply direct[ing] each customer to" defendant's distributor is insufficient to demonstrate that defendant "initiates contact with [forum state] customers").

### iii. *Watches*

Users may click on "Watches" on the Wenger Website to explore and/or purchase Wenger's timepiece offerings.  *See* Exh. A at 15-17.  But nothing about those watches is "purposefully directed" at residents of Texas.  *Nuance Comm's*, 626 F.3d at 1231.  The Wenger Website does not "direct its advertising or marketing efforts" at or "provide[ ] local information" to residents of Texas.  *Zamora Radio*, 2011 WL 2580401, at *4-*5.  Further, the Wenger Website does not "initiate[] contact with" Texas residents.  *Comp. Stores*, 2011 WL 2413825 at *6.  Any

contacts with Texas via the "Watches" portion of the Wenger Website are nothing more than "random, fortuitous, or attenuated," and so "do not count in the minimum contacts calculus." *Red Wing*, 148 F.3d at 1359.

### 2.   SwissDigital's Claims Do Not Arise Out Of Wenger's Limited Activities.

As explained above, Wenger does not direct any activities at the residents of Texas.  At most, Wenger has a website that sends users to another third-party website which may make sales to the residents of Texas.  Compl. ¶¶ 10, 12, 13.  But even if the Wenger Website directed activities at residents of Texas—which it does not—SwissDigital's claims do not arise out of those activities.

Unless an "infringement claim [ ] proximately arise[s] from these actions, they are not relevant to [the court's] specific jurisdiction inquiry."  *NexLearn*, 859 F.3d at 1377.  Here, Wenger's only conceivable contacts to Texas are that a Texas resident could conceivably order a watch.  But SwissDigital's claims do not "proximately arise" from these (hypothetical) instances, which are not related in any way to the accused travel gear products in the present case.  *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (specific jurisdiction requires that the suit "arises out of or relate to the defendant's contacts with the forum") (citations omitted).  Accordingly, there is no specific jurisdiction over Wenger.

### 3.   Asserting Personal Jurisdiction Over Wenger Would Be Unreasonable and Unfair, And Offend Due Process.

"If the court concludes that those two conditions [purposeful direction of activities and claims arising out of those activities] are satisfied,[6] a third factor comes into play, i.e., 'whether the assertion of personal jurisdiction would comport with fair play and substantial justice.'"

---

[6] The Court need not reach this inquiry if it finds that Wenger has not purposefully directed activities at this forum, or that SwissDigital's claims do not arise out of any activities Wenger has directed here.  *Nygaard*, No. 6:20-cv-234, at 7.

*Campbell*, 542 F.3d at 884-85 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)).  Accordingly, "[u]pon a showing of minimum contacts, the defendant bears the burden to prove unreasonableness." *Nygaard*, No. 6:20-cv-234, at 2-3 (citing *Elecs.*, 340 F.3d at 1350).

As this Court has noted, "[t]he non-resident defendant's conduct must be such that it should 'reasonably anticipate being haled into court there.'" *Nygaard*, No. 6:20-cv-234, at 3  (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).  But it is clear that Wenger could not reasonably anticipate being haled to court in Texas because any contacts with Texas are the result of the "unilateral activity" of Group III.  *Hanson*, 357 U.S. at 253 ("The unilateral activity of those who claim some relationship with a non-resident defendant cannot satisfy the requirement of contact with the forum state.").  Group III is responsible for the manufacture, sale, offers for sale, and distribution the accused products.  *See* Bussard Decl. ¶¶ 4, 14.  Wenger's Website only redirects consumers to the Group III website once the consumer indicates that it has "Wenger Travel Gear & Business Gear needs."  *See* Exh. A at 3.

That exercising jurisdiction over Wenger would not be fair or reasonable is further shown by the five factors laid out in *World-Wide Volkswagen*.[7]  *First*, the burden on Wenger would be large, as Wenger does not have a presence in Texas or conduct any activities related to the accused products in this forum.  *See* Bussard Decl. ¶¶ 4-12.  *Second*, because Wenger does not conduct activities in Texas, Texas has minimal interests in a case against Wenger.  *See supra*; Bussard

---

[7] Specifically, *World-Wide Volkswagen* notes the following five factors to determine if the exercise of personal jurisdiction would be fair and reasonable: (1) "the burden on the defendant," (2) "the forum State's interest in adjudicating the dispute," (3) "the plaintiff's interest in obtaining convenient and effective relief," (4) "the interstate judicial system's interest in obtaining the most efficient resolution of controversies," and (5) "the shared interest of the several States in furthering fundamental substantive social policies." *World-Wide Volkswagen*, 444 U.S. at 292.

Decl. ¶¶ 4-12.  And the *third*, *fourth*, and *fifth* factors weigh against exercising personal jurisdiction because SwissDigital may obtain more convenient, effective, and efficient resolution of its claims against the party that makes, sells, offers to sell, and uses the accused products, and intends for the same to occur.  *See supra* at II.A (explaining Wenger does not make, sell, offer to sell, or use the accused products); *infra* at III (explaining that Wenger does not indirectly infringe because it does not sell the products nor intend infringement).

### C.  The Court Does Not Have Personal Jurisdiction Over Wenger Under The Stream Of Commerce Theory, As Wenger Does Not Direct Any Activities Towards The Forum State.

As this Court recently explained, "[t]he stream-of-commerce doctrine 'recognizes that a defendant may purposefully avail itself of the protection of a state's laws—and thereby [ ] subject itself to personal jurisdiction—by sending its goods rather than its agents into the forum." *Monolithic Power Sys., Inc. v. Meraki Integrated Circuit (Shenzhen) Tech., Ltd.*, No. 6:20-cv-8876, at 3 (W.D. Tex. Sept. 1, 2021) (citing *In re: Depuy Orthopaedics, Inc.*, 888 F.3d 753, 778 (5th Cir. 2018)).

But Wenger does not "send[] its goods" into Texas.  Wenger does not sell *any* travel gear or the accused products into Texas.  Bussard Decl. ¶¶ 4, 14; *see also* Exh. A at 3("For all Wenger Travel Gear & Business Gear needs, please visit us at SWISSGEAR®," a Group III website).

And the allegations in SwissDigital's Complaint "do not show that [Wenger] expected or intended that its products would be purchased by or used by consumers in Texas."  *Nygaard*, 6:20-cv-234 at 6-7 (finding that plaintiff had not shown minimum contacts under the stream of commerce theory); *see also  Monolithic*, No. 6:20-cv-8876, at 3-4 ("[I]t is important that the defendant's contacts with the forum state must be more than random, fortuitous, or attenuated, or the result of the unilateral activity of another party or third person.") (quotations and citations omitted).  Accordingly, even if some of Wenger's products end up in Texas, this "cannot be

predicted or controlled" by Wenger, and there are insufficient minimum contacts to exercise jurisdiction under the stream of commerce theory. *Nygaard*, 6:20-cv-234 at 7.

D.     **There Is No Jurisdiction Over Wenger Under Rule 4(k).**

"[S]erving a summons . . . establishes personal jurisdiction over a defendant if: the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and exercising jurisdiction is consistent with the United States Constitution and laws." Fed. R. Civ. P. 4(k)(2). Personal jurisdiction over Wenger cannot be asserted under Rule 4(k) at least because it may be subject to general jurisdiction in another state and, as explained above, exercising jurisdiction over Wenger is inconsistent with due process.

## III.   <u>12(b)(6) ARGUMENT</u>

To survive a 12(b)(6) motion, SwissDigital's indirect infringement allegations must: "1) adequately plead direct infringement"; "2) contain facts plausibly showing that [Wenger] specifically intended" direct infringement"; "and 3) contain facts plausibly showing that [Wenger] knew that the [accused] acts constituted infringement." *Iron Oak Tech., LLC v. Acer Am. Corp.*, 2017 WL 9477677, at *5 (W.D. Tex. Nov. 28, 2017) (Rep. & Rec., adopted at 3:18-cv-1543, Dkt. 43) (citations omitted). A 12(b)(6) motion is governed by regional Circuit law, "appl[ying] its own law on patent law issues." *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 793 (Fed. Cir. 2000); *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1124 (Fed. Cir. 2018) (citations omitted).

A.     **The Court Should Dismiss SwissDigital's Contributory Infringement Claims.**

Section 271(c) provides that "[w]hoever offers to sell or sells within the United States or imports into the United States a component . . . shall be liable as a contributory infringer." 35 U.S.C. § 271(c); *see also Parity Networks, LLC v. Cisco Sys., Inc.*, 2019 WL 3940952, at *2 (W.D. Tex. July 26, 2019) ("A complaint satisfies the elements of contributory infringement by

alleging . . . (2) defendant sold products especially made for infringing use . . . ") (citations omitted).

Although SwissDigital conclusorily asserts that Wenger has "offered for sale" and/or "sold" the accused products, the Complaint contains <u>no</u> factual allegations supporting this assertion.[8] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.") (citations omitted).  Accordingly, the Complaint fails to state a claim of contributory infringement on which relief can be granted.

### B.  The Court Should Dismiss SwissDigital's Induced Infringement Claims Because SwissDigital Has Failed to Show Wenger Specifically Intended to Induce Infringement.

Under section 271(b), "[w]hoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b).  "[A] claim of induced infringement 'must contain facts plausibly showing that [the defendants] specifically intended their customers to infringe the [asserted] patent and knew that the customer's acts constituted infringement.'" *Affinity Labs of Texas, LLC v. Samsung Elecs. Co., Ltd.*, No. 13-cv-364, (Dkt. 63) at 6 (W.D. Tex. Apr. 30, 2014) (citing *In re Bill of Lading Transmission and Processing Sys. Pat. Lit.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012)).  The "mere knowledge of possible infringement by others does not amount to inducement; specific intent and action to induce infringement must be proven." *Warner–Lambert Co. v. Apotex Corp.*, 316 F.3d 1348, 1364 (Fed.Cir.2003) (citation omitted).

### 1.  No Specific Intent to Induce.

SwissDigital fails to plead facts plausibly showing that Wenger specifically intended infringement.  SwissDigital alleges Wenger, "fully aware that at least its SWISSGEAR branded

---

[8] Indeed, Wenger does not offer for sale or sell the products.  *See supra*; Bussard Decl. ¶¶ 4, 14.

backpacks infringed one or more claims of the [patents], offered for sale, sold,[9] and induced others to buy, use, and sell these infringing products." Compl. ¶¶ 33, 50.  But SwissDigital fails to explain *how* Wenger has "induced others to buy, use, and sell these infringing products."

The "mere knowledge of possible infringement by others does not amount to inducement; specific intent and action to induce infringement must be proven." *Warner–Lambert*, 316 F.3d at 1364 (citation omitted); *see also id.* at 1363 ("[T]hat defendants have knowledge of the acts alleged to constitute infringement is not enough" to establish induced infringement.) (citations and quotations omitted).  Yet knowledge of possible infringement by SwissGear products is all that SwissDigital has pled.  Compl. ¶ 17 ("On January 11, 2021, SwissDigital notified counsel for Wenger that *its SWISSGEAR branded backpacks* infringed . . .") (emphasis added); *see also* ¶ 32 (pleading knowledge for the '071 Patent); ¶ 49 (pleading knowledge for the '138 Patent).  And as discussed *supra*, the SwissGear products are not Wenger's.  *Supra* at II.A.  Therefore, because SwissDigital has at best pled that Wenger had "knowledge of possible infringement of a patent by others," it has failed to plead a claim for induced infringement on which relief can be granted. *Warner-Lambert*, 316 F.3d at 1364.

### 2.     No Action to Induce.

SwissDigital has also failed to state a claim on which relief can be granted because it has not presented any "[e]vidence of active steps taken to encourage direct infringement, such as advertising an infringing use or instructing how to engage in an infringing use, [which would] show[] an affirmative intent that the product be used to infringe . . .."  *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936 (2005) (citations omitted).

---

[9] As discussed *supra*, Wenger do not, in fact, "offer for sale" or "sell" the accused products.  *See supra*; *see also* Bussard Decl. ¶¶ 4, 14.

There must be some showing by the Plaintiff that the accused infringer took "affirmative steps [ ] to foster infringement." *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1305-06 (Fed. Cir. 2006).   Nevertheless, the Complaint merely states a laundry-list of verbs: "Defendant has induced, caused, urged, encouraged, aided, and abetted its customers to infringe."  (Compl. ¶¶ 29, 46.)  The "affirmative acts" pled are "selling," "marketing," and "providing instructions, technical support, and other encouragement."  (Compl. ¶¶ 30, 47.)  But SwissDigital fails to plead facts showing any of these actions.  *See Affinity Labs*, No. 13-cv-364, at 14 (granting 12(b)(6) where "Plaintiff d[id] not specify how the marketing and selling activities of [defendant] actually induced third-parties to infringe the [ ] patent.").  And indeed, Wenger contradicts that this is true.  *See, e.g., Monolithic*, No. 6:20-cv-8876, at 4 ("In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court accepts all well-pleaded facts as true, viewing them in the light most favorable to the nonmovant.  However, a court need not blindly accept each and every allegation of fact; properly pleaded allegations of fact amount to more than just conclusory allegations or legal conclusions masquerading as factual conclusions.") (citations and quotations omitted).

Active inducement requires "an affirmative act to encourage infringement" by the defendant.  *Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 904 (Fed. Cir. 2014) (citation omitted).  The mere fact that Wenger, through Victorinox Swiss Army SA, licenses Group III to use the "SWISSGEAR" marks is not an affirmative or active act that states a claim for inducement.  *Grecia v. VUDU, Inc.*, 2015 WL 538486, at *9 (N.D. Cal. Feb. 9, 2015) (granting 12(b)(6) against inducement claims against licensor, because "[f]ailure to prevent another's infringement[ ] does not state a claim for inducement.") (citing *A. Stucki Co. v. Worthington Indus., Inc.*, 849 F.2d 593, 597 n.2 (Fed. Cir. 1988)); *see also Stephenson v. Game Show Network, LLC*, 933 F. Supp. 2d 674, 681 (D. Del. Mar. 27, 2013) (a mere "corporate relationship," without "identifi[cation of] any

actions whereby defendant[] assisted" infringement, "is insufficient to meet the Rule 8 standard, as it does not provide notice of the induced acts which allegedly constitute patent infringement.").

## IV.   <u>CONCLUSION</u>

SwissDigital has filed a case that fails to satisfy two fundamental requirements, even at the pleading stage of the case: personal jurisdiction and plausible allegations for relief.  Its Complaint does not even sufficiently allege, much less present facts tending to show, that exercising personal jurisdiction over Wenger would be proper.  And, even if the Court had personal jurisdiction over Wenger, the Complaint fails to allege, better yet present any facts, plausibly stating a claim to relief for indirect infringement.

Accordingly, and for the reasons stated herein, Wenger respectfully requests that its Motion to Dismiss be granted.

Dated: November 3, 2021                    Respectfully submitted,

                                                  */s  Taylor N. Mauze*

                                           Taylor N. Mauze (TX Bar No. 24102161)
                                           tmauze@reichmanjorgensen.com
                                           REICHMAN JORGENSEN LEHMAN &
                                           FELDBERG LLP
                                           100 Marine Parkway, Suite 300
                                           Redwood Shores, CA 94065
                                           Telephone: (650) 623-1401
                                           Facsimile: (650) 623-1449

                                           Christine E. Lehman (*pro hac vice* pending)
                                           clehman@reichmanjorgensen.com
                                           REICHMAN JORGENSEN LEHMAN &
                                           FELDBERG LLP
                                           1710 Rhode Island Ave, NW, 12th Floor

Telephone: (202) 894-7310
Facsimile: (650) 623-1449

**ATTORNEYS FOR DEFENDANT
WENGER, S.A.**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 3rd day of November, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys or record who have who have consented to accept this Notice as service of this document by electronic means.

_____*/s Taylor N. Mauze*_____
Taylor N. Mauze