**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

|  |  |
|---|---|
| SWISSDIGITAL USA CO., LTD. | |
| Plaintiff, | |
| v. | Civil Action No. 6:21-cv-453 |
| WENGER S.A. | DEMAND FOR JURY TRIAL |
| Defendant. | |

**AMENDED COMPLAINT**

Plaintiff Swissdigital USA Co., Ltd. ("Swissdigital" or "Plaintiff") files this Amended Complaint against Defendant Wenger S.A. ("Wenger" or "Defendant") and as claim for relief states as follows:

**NATURE OF THE ACTION**

1.      This is an action for patent infringement under the Patent Laws of the United States, Title 35, United States Code, including 35 U.S.C. § 271.

**PARTIES**

2.      Plaintiff is a Delaware limited liability company with an address of 174 Main Street #164, East Aurora, New York 14052.

3.      On information and belief, Defendant Wenger S.A. is a Switzerland société anonyme with headquarters at Route de Bale 63, Delemont, Switzerland, CH-2800.

**FACTUAL BACKGROUND**

4.      Plaintiff is in the business of selling high-tech intelligent backpacks and other innovative consumer goods throughout the world, including within the U.S. and within this

1

District.  Plaintiff is the owner of all rights, title and interest in and to United States Patent Nos. 10,574,071 (the "'071 Patent") and 10,931,138 (the "'138 Patent") (collectively, the "patents-in-suit").  A true and correct copy of the '071 Patent is attached hereto as Exhibit A.  A true and correct copy of the '138 Patent is attached hereto as Exhibit B.

5.      The '071 Patent, titled: "Bag or Luggage with USB Charging Connector," issued on February 25, 2020.  Plaintiff's invention is a bag or luggage for convenient charging of personal devices such as smartphones, tablets or any device that requires recharging.  The claimed and disclosed bag or luggage provides a space for placing a power storage device inside the bag or luggage body, a power cable outlet on the outer surface of the bag or luggage body, and a USB extension cable that connects to the power storage device inside the bag.  Swissdigital's products offered for sale and sold in the U.S. practicing the claims of the '071 Patent are marked with the 10,574,071 patent number.

6.      The '138 Patent, titled: "Sheath for USB Charger," issued on February 23, 2021.  Plaintiff's invention is a sheath that may be incorporated into luggage, bags, activewear or other wearables for convenient charging of personal devices such as smartphones, tablets or any device that requires recharging.  The claimed and disclosed sheath receives a female end of a USB cable where the operative end of the female end of a USB cable is provided in a flat position with the operative end being uncovered and above the outer surface of the body and the cord of the female end going through an opening between the inner surface and the outer surface.  Swissdigital's products offered for sale and sold in the U.S. practicing the claims of the '138 Patent are marked with the 10,931,138 patent number.

2

7.      On information and belief, Wenger is in the business of manufacturing and selling business, computer, outdoor and casual bags, and watches and sells its products throughout the world, including in the United States.

8.      On information and belief, Wenger was acquired by Victorinox in 2005.  While Wenger Swiss Army knives are integrated in the Victorinox collection, the brand Wenger remains for watches and licensed products, including luggage and backpacks.

9.      Wenger is the full owner of the SWISSGEAR trademark, registration number 3769824 (see Exhibit C).



According to Defendant's trademark registration, the SWISSGEAR mark is used in connection with:

> All-purpose dry carrying bags, luggage, backpacks, daypacks, duffel bags; utility bags, namely, carry-all bags; shoulder bags; casual carry-all bags, and casual tote bags; briefcases; non-motorized wheeled packs, namely back packs and sport packs; travel bags, small personal leather goods, namely wallets, and shaving bags sold empty, umbrellas and name and calling card cases, cosmetic cases sold empty, toiletry cases sold empty, luggage tags, waistpacks; bags worn on the body, namely fanny packs; business cases, all-purpose personal care toiletry bags sold empty, small personal leather goods, namely billfolds, credit card cases, neck and necklace wallets, in class 18 (U.S. CLS. 1, 2, 3, 22 and 41).

The infringing products fall within the applicable class of goods at issue here.  Wenger is involved in design and quality control for products bearing its mark.  Wenger controls, directs, and supervises the use of its mark in commerce in the United States and profits from ownership of its mark.  Wenger has built up goodwill in its mark and benefits from this goodwill.  On information

and belief, Victorinox does not have any management, ownership, or control over the SWISSGEAR mark.

10.     On information and belief, Wenger owns and operates the website: https://www.wenger.ch/global/en, which operates as a global hub for sales of its various products. Wenger's website states that it is "A Swiss Company since 1893."  Wenger's website further asserts "Wenger widened its product range, which is popular across the world, to include watches from 1997 and later luggage."

11.     The Wenger website provides links to sites in various locations in the world, including in the U.S.  The linked U.S. Wenger site is located at:  https://www.wenger.ch/us/en/. Wenger's U.S. website directs customers seeking "Wenger Travel Gear" to "visit us at SWISSGEAR®."



12.     Upon clicking "SWISSGEAR®," a customer is taken to the "SWISSGEAR by WENGER" website at www.swissgear.com.  On information and belief, Wenger is the owner of the www.swissgear.com domain name and website and oversees the design and quality control of products sold and offered for sale under its brand, including infringing products sold and offered for sale by its licensees.

13.     Each page of the SWISSGEAR website features the logo "SWISSGEAR by WENGER" displayed prominently in the upper left-hand corner.  The SWISSGEAR website for U.S. customers also prominently features an image of a U.S. flag at the top of the pages.

14.     Like the Wenger's global hub website, its www.swissgear.com website states: "Introducing Wenger a Swiss Company since 1893."



The SWISSGEAR website further states: "Over time, Wenger has evolved including the introduction of SWISSGEAR by Wenger as well as becoming part of the Victorinox family of brands. Through it all, Wenger has always held true to its core belief of providing excellent value to its customers through top quality, reliable products that are well designed, highly functional, and sold at reasonable prices."





15.     The SWISSGEAR website for U.S. customers states: "Wenger is the authentic Swiss brand that comes from genuine Swiss roots.  With a true commitment to embrace innovation, uphold Swiss principles of design, and tirelessly enforce the highest standards of quality, **we deliver highly functional, practical products with real value for the money**." (emphasis added).



Additionally, the SWISSGEAR website for U.S. customers states that in 2003, "Wenger enter[ed] the luggage and backpack categories with products emphasizing Swiss values at a reasonable price."



16.    The infringing products have been offered for sale and/or are currently available for sale to U.S. customers through the www.swissgear.com website.

17.    Additionally, the www.swissgear.com website provides customers with a "store locator" feature, and directs customers to retail locations where they can purchase products, including, but not limited to, retail stores Walmart Inc., Target Corp., Best Buy Co., Inc., and The Home Depot, Inc.  The retail stores to which customers are directed are located throughout the United States and in this District.



18.     The www.swissgear.com website also directs customers to a "USB Power Ready Collection," which features the infringing products.





19.    Defendant has and continues to infringe, contributorily infringe, and/or induce others to infringe at least claim 1 of the '071 Patent in the United States by offering for sale and selling luggage products, including but not limited to: SWISSGEAR 3670 USB ScanSmart Laptop Backpack, SwissGear 3672 USB ScanSmart Laptop Backpack, SwissGear 18.5" ScanSmart TSA Laptop and USB Power Plug Backpack, SwissGear 2760 USB ScanSmart Laptop Backpack with LED Light, SwissGear 3916 USB ScanSmart Laptop Backpack with LED Light (collectively, the "SWISSGEAR branded backpacks").

20.    The SWISSGEAR branded backpacks incorporate an integrated USB sheath socket and include a place for placing a power storage device inside the bag and a power cable outlet on the outer surface of the bag.  The www.swissgear.com website advertises this feature and instructs purchasers to "re-energize your devices on-the-go and plug into its USB port anytime, anywhere."

21.    Defendant has and continues to infringe, contributorily infringe, and/or induce others to infringe at least claim 23 of the '138 Patent in the United States by offering for sale and selling luggage products, including but not limited to the SWISSGEAR branded backpacks.

22.    Wenger directly infringes the patents-in-suit by selling and offering for sale, in the United States and this District, its infringing luggage products through at least its SWISSGEAR website directed to U.S. customers.  The SWISSGEAR website clearly states to its U.S. customers

that Wenger "deliver[s] highly functional, practical products with real value for the money" and "provid[es] excellent value to its customers through top quality, reliable products that are well designed, highly functional, and sold at reasonable prices."   Defendant also explicitly acknowledges to its U.S. customers that, in 2003, "Wenger enter[ed] the luggage and backpack categories with products emphasizing Swiss values at a reasonable price."

23.     Wenger contributorily infringes the patent-in-suits by providing a staple article— its infringing luggage products—to: (1) U.S. retailers who, in turn, sell and offer for sale the infringing products; and (2) U.S. customers who, in turn, use the infringing products.

24.     Additionally, Wenger induces infringement of the patents-in-suit by U.S. retailers by placing its SWISSGEAR mark on products and maintaining goodwill in the mark such that the retailers benefit from sales and popularity of the SWISSGEAR products.  The goodwill in the mark entices customers to purchase the products and to infringe, and the goodwill also entices retailers to sell and to offer the products for sale. Wenger also induces its customers to infringe the patents-in-suit by instructing them on its website how to use the infringing features of its products.

25.     On January 11, 2021, Swissdigital notified counsel for Wenger that its SWISSGEAR branded backpacks infringed exemplary claim 1 of Swissdigital's '071 Patent and practiced claims of Swissdigital's U.S. patent application 16/838,059 (which issued as the '138 Patent), which had been allowed by the USPTO on December 23, 2020. *See* Exhibit D (Declaration of Dariush Keyhani) at ¶ 4.  Subsequently, by email and over a Zoom conference call on March 30, 2021, Swissdigital provided Wenger a claim element by claim element analysis of infringement of exemplary claim 1 of the '071 Patent and exemplary claim 23 of the '138 Patent. *Id.*  Counsel for Wenger was actively involved in all aspects of these discussions. *Id.* at ¶ 5. At no time did

Wenger dispute that it should be involved in these discussions, state that Plaintiff should be speaking to any other entity, or otherwise indicate that it was not a proper party to this dispute. *Id*.

### JURISDICTION

26.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

27.     Venue in this judicial district is proper under 28 U.S.C. § 1391(c)(3) because Defendant is not a resident of the United States.

28.     This Court has personal jurisdiction over Defendant because Defendant has done business and continues to do business in Texas, marketed and promoted its products within Texas, and has committed acts of patent infringement in Texas, including but not limited to promoting, marketing, and advertising the sale of the SWISSGEAR branded backpacks in Texas and inducing others to use the SWISSGEAR branded backpacks in an infringing manner in Texas and contributorily infringing Swissdigital's patent claims in Texas.  Defendant's SWISSGEAR branded backpacks are sold at retailers throughout Texas and this District, including big-box stores Target, Walmart, The Home Depot, and Best Buy.  These retailers sell Defendant's products in-store, online for in-store pickup at physical locations throughout this District, and/or ship Defendant's products directly to customers in this District.  Further, www.swissgear.com's "store locator" feature directs customers to locations where they can purchase Defendant's products, including directing customers to retail locations within this District.  Additionally, Defendant sells and offers for sale its products through other e-commerce channels in Texas and within this District.  Thus, Defendant knowingly benefits from the availability of the Texas market for its products and intends to serve Texas residents and increase sales in Texas and within this District.

Defendant purposefully directs activities at residents of this forum, and Swissdigital's claims arise out of and relate to these activities.

29.     In the alternative, this Court has personal jurisdiction over Defendant under Federal Rule of Civil Procedure 4(k) even if Defendant is not subject to personal jurisdiction in any state's courts of general jurisdiction.  These causes of action arise under federal law because the claims fall under 35 U.S.C. § 271.  The exercise of jurisdiction over Defendant is consistent with due process because Defendant has sufficient minimum contacts with the United States such that jurisdiction does not offend traditional notions of fair play and substantial justice.  Defendant has purposefully directed its activities at residents of the United States through the sale of the infringing products in the United States via its SWISSGEAR website, licensees, and U.S. retailers. Defendant has also purposefully availed itself of the financial benefits of the United States through its direction, supervision, and control of the use in commerce of its SWISSGEAR U.S. trademark, from which it derives substantial profits.  These claims arise out of and relate to the sales of Defendant's infringing products in the United States, and the assertion of jurisdiction is reasonable and fair.  Finally, Defendants knowingly induced retailers to sell and to offer the infringing products for sale and induced customers to use the products in an infringing manner in the United States.

<u>**COUNT ONE**</u>
<u>**INFRINGEMENT OF U.S. PATENT NO. 10,574,071**</u>

30.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1-29 herein.

31.     Pursuant to 35 U.S.C. § 271(a), (b) and (c), Defendant has directly and indirectly infringed at least claim 1 of the '071 Patent.  The infringing SWISSGEAR branded backpacks meet each and every claim element of at least claim 1 literally or under the doctrine of equivalents.

These products are sold and offered for sale in the U.S. at various retailers, including Target, Walmart, Home Depot, Best Buy, and online at www.swissgear.com.

32.    The SWISSGEAR branded backpacks meet the preamble "a bag or luggage for convenient charging, comprising."  The SWISSGEAR branded backpacks are bags for convenient charging, as they include an "integrated USB socket."  The www.swissgear.com website directs customers to the "USB Power Ready Collection" and directs purchasers to "re-energize your devices on-the-go and plug into its USB port anytime, anywhere."

33.    The SWISSGEAR branded backpacks meet the claim element "a bag or luggage body having a placing space for placing a power storage device inside the bag or luggage body and a power cable outlet on the outer surface of the bag or luggage body."  The SWISSGEAR branded backpacks include a place for placing a power storage device inside the bag and a power cable outlet on the outer surface of the bag.

34.    The SWISSGEAR branded backpacks meet the claim element "a USB extension cable having a male connector and a female connector having four sides and an operative end."  The SWISSGEAR branded backpacks include a USB extension cable with male connector and a female connector having four sides and an operative end.  The www.swissgear.com website lists "USB port and internal cord to connect to power bank" as a product feature.

35.    The SWISSGEAR branded backpacks meet the claim element "wherein the male connector of the USB extension cable is inside the bag or luggage body and is used to connect to the power storage device in the placing space."  The male connector of the USB extension cable is inside the SWISSGEAR branded backpacks and is used to connect to the power storage device in the placing space.

36.    The SWISSGEAR branded backpacks meet the claim element "wherein the female

13

connector is retained outside and adjacent to the power cable outlet with one side of the four sides of the female connector in communication with the bag or luggage body, and the other three sides of the female connector are covered by a water proof sheath that protects the female connector and provides it in a flat position and wherein the sheath is above and covers the power cable outlet." The female connector of the SWISSGEAR branded backpacks is retained outside and adjacent to the power cable outlet.  Three sides of the female connector are covered by a water proof sheath and provides it in a flat position and is above and covers the power cable outlet.  The remaining side is in communication with the bag or luggage body.

37.     The SWISSGEAR branded backpacks meet the claim element "wherein the sheath does not cover the operative end of the female connector which is exposed and fixedly attached above the exterior of the bag such that the operative end of the female connector does not need to be moved and the bag or luggage body does not need to be opened to accept a charging interface of a product to be charged."  The operative end of the SWISSGEAR branded backpacks' female connector is exposed and not covered by the sheath.  The operative end of the female connector is fixedly attached to the bag, and as it is on the exterior of the bag, the bag does not need to be opened to accept a charging interface of a product to be charged.

38.     In violation of 35 U.S.C. § 271(a), Defendant has and continues to infringe (literally and/or under the doctrine of equivalents) claim 1 of the '071 Patent directly through its sales in the United States.  The infringing SWISSGEAR products are sold by Defendant at least through its SWISSGEAR website, and Defendant profits from the sale of the infringing products. Further, Defendant controls, supervises, and directs the bona fide use of its trademark in commerce in the United States. Without quality control by Defendant, Defendant would be engaging in naked licensing by failing to control the use of its trademark. Arguing Defendant has no part in the sale,

design, or manufacturing of the infringing products would invite the suggestion that Defendant does not use its trademark in commerce in the United States. Moreover, the infringing products are marked as SWISSGEAR by Wenger, and the SWISSGEAR website treats Wenger and SWISSGEAR as one and the same by emphasizing Wenger's authentic and genuine Swiss roots, commitment to Swiss principles of design, and highest standards of quality. Additionally, under a stream of commerce theory, Defendant uses established distribution channels with the expectation that its products, including the infringing products, will be sold in the United States, as shown by, for example, the use of the American flag icon on Defendant's United States website page.

39.     In violation of 35 U.S.C. § 271(b), Defendant has and continues to infringe (literally and/or under the doctrine of equivalents) at least claim 1 of the '071 Patent indirectly by inducing the infringement of the '071 Patent claim by third parties, including its direct and indirect customers. Defendant has induced, caused, urged, encouraged, aided, and abetted its customers to infringe at least claim 1 of the '071 Patent. Defendant knew the products infringed at least claim 1 of the '071 Patent. Defendant intended customers would use the products to infringe and that retailers would sell and offer the infringing products for sale. Finally, Defendant took active steps to encourage infringement through its website marketing and sales and through the goodwill associated with the Wenger brand.

40.     Defendant has done so by affirmative acts, including but not limited to selling infringing products, marketing the infringing capabilities of such products, and providing instructions, technical support, and other encouragement for the use of such products. Defendant controls, directs, and supervises the use of its trademark in commerce in the United States, and, as a result, Defendant is involved in the manufacture and design of the infringing products in order

to supervise the use of its mark.

41.     Defendant knowingly and specifically intended third parties to infringe at least claim 1 of the '071 Patent.  Defendant knew of the '071 Patent, performed affirmative acts that constitute induced infringement, and knew that those acts would induce actual infringement of one or more of the '071 Patent's claims by third parties.

42.     Defendant had knowledge of the '071 Patent since at least as early as February 25, 2020, when the '071 Patent issued.  Defendant had actual knowledge that its products, including the SWISSGEAR branded backpacks, infringe claims of the '071 Patent since at least January 11, 2021. Since obtaining knowledge of its infringing activities, Defendant has failed to cease its infringing activities.

43.     On January 11, 2021, Swissdigital notified counsel for Wenger that its SWISSGEAR branded backpacks infringed exemplary claim 1 of Swissdigital's '071 Patent and practiced claims of Swissdigital's U.S. patent application 16/838,059 (which issued as the '138 Patent), which had been allowed by the USPTO on December 23, 2020. Ex. D at ¶ 4. Subsequently, by email and over a Zoom conference call on March 30, 2021, Swissdigital provided Wenger a claim element by claim element analysis of infringement of exemplary claim 1 of the '071 Patent and exemplary claim 23 of the '138 Patent. *Id.*  Counsel for Wenger was actively involved in all aspects of these discussions. *Id*. at ¶ 5. At no time did Wenger dispute that it should be involved in these discussions, state that Plaintiff should be speaking to any other entity, or otherwise indicate that it was not a proper party to this dispute. *Id.*

44.     Defendant, while fully aware that at least its SWISSGEAR branded backpacks infringed one or more of the claims of the '071 Patent, offered for sale, sold, and induced others to buy, use, and sell these infringing products.  Defendant promoted the sale of the infringing

products and directed, supervised, and controlled the use of its trademark on the infringing products. Defendant also enticed consumers to purchase the infringing products through the use of its trademark and associated goodwill for profit.

45.     In violation of 35 U.S.C. § 271(c), Defendant has and continues to infringe (literally and/or under the doctrine of equivalents), at least claim 1 of the '071 Patent indirectly by contributing to the infringement of at least claim 1 of the '071 Patent.

46.     Defendant has contributed to the infringement of at least claim 1 of the '071 Patent because it knew that the SWISSGEAR branded backpacks it offers for sale were infringing and not suitable for substantial non-infringing use. Defendant provides the infringing products that retailers sell and offer for sale, and Defendant provides customers with the products for infringing use.

47.     As a result of Defendant's infringement of the '071 Patent, Plaintiff has suffered monetary losses for which it is entitled to an award of damages that is adequate to compensate Plaintiff for the infringement under 35 U.S.C. § 284, in no event less than a reasonable royalty.

48.     On information and belief, Defendant's infringement of the '071 Patent has been deliberate, willful, and with full knowledge of the '071 Patent and its infringement of its claims.

49.     Plaintiff has suffered damages in an amount to be determined at trial by reason of Defendant's willful infringement of the '071 Patent.

## COUNT TWO
## INFRINGEMENT OF U.S. PATENT NO. 10,931,138

50.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1-49 herein.

51.     Pursuant to 35 U.S.C. § 271(a), (b) and (c), Defendant has directly and indirectly infringed at least claim 23 of the '138 Patent. The infringing SWISSGEAR branded backpacks

meet each and every claim element of at least claim 23 literally or under the doctrine of equivalents. These products are sold and offered for sale in the U.S. at various retailers including Target, Walmart, Home Depot, Best Buy, and online at www.swissgear.com.

52.     The SWISSGEAR branded backpacks meet the preamble "sheath for convenient charging, comprising."  The SWISSGEAR branded backpacks are bags for convenient charging, as they include an "integrated USB socket."  The www.swissgear.com website directs customers to the "USB Power Ready Collection" and directs purchasers to "re-energize your devices on-the-go and plug into its USB port anytime, anywhere."

53.     The SWISSGEAR branded backpacks meet the claim element "a sheath having a raised portion that extends above an outer surface of a body, wherein the raised portion has a USB opening, and a surrounding bottom portion surrounding at least a portion of the raised portion."

54.     The SWISSGEAR branded backpacks meet the claim element "wherein the body has an inner surface, an outer surface and a body opening between the inner surface and the outer surface."

55.     The SWISSGEAR branded backpacks meet the claim element "wherein the sheath is at the body opening with the raised portion above the outer surface and at least a portion of the surrounding bottom portion is in communication with a portion of the body."

56.     The SWISSGEAR branded backpacks meet the claim element "wherein the sheath has a female end of a USB cable in the USB opening, wherein the female end of the USB cable has four sides, an operative end and a cord end and the operative end of the female end of the USB cable is retained in the USB opening to provide the female end of the UBS cable in a flat position with the operative end of the female connector being uncovered and above the outer surface of the body."  The SWISSGEAR branded backpacks include a USB extension cable with a male

connector and a female connector having four sides and an operative end. The www.swissgear.com website lists "USB port and internal cord to connect to power bank" as a product feature.

57.     In violation of 35 U.S.C. § 271(a), Defendant has and continues to infringe (literally and/or under the doctrine of equivalents) claim 23 of the '138 Patent directly through its sales in the United States.  The infringing SWISSGEAR products are sold by Defendant at least through its SWISSGEAR website, and Defendant profits from the sale of the infringing products. Further, Defendant controls, supervises, and directs the bona fide use of its trademark in commerce in the United States. Without quality control by Defendant, Defendant would be engaging in naked licensing by failing to control the use of its trademark. Arguing Defendant has no part in the sale, design, or manufacturing of the infringing products would invite the suggestion that Defendant does not use its trademark in commerce in the United States. Moreover, the infringing products are marked as SWISSGEAR by Wenger, and the SWISSGEAR website treats Wenger and SWISSGEAR as one and the same by emphasizing Wenger's authentic and genuine Swiss roots, commitment to Swiss principles of design, and highest standards of quality.  Additionally, under a stream of commerce theory, Defendant uses established distribution channels with the expectation that its products, including the infringing products, will be sold in the United States, as shown by, for example, the use of the American flag icon on Defendant's United States website page.

58.     In violation of 35 U.S.C. § 271(b), Defendant has and continues to infringe (literally and/or under the doctrine of equivalents) at least claim 23 of the '138 Patent indirectly by inducing the infringement of the '138 claim by third parties, including its direct and indirect customers. Defendant has induced, caused, urged, encouraged, aided, and abetted its customers to infringe at

least claim 23 of the '138 Patent.  Defendant knew the products infringed at least claim 23 of the '138 Patent. Defendant intended customers would use the products to infringe and that retailers would sell and offer the infringing products for sale. Finally, Defendant took active steps to encourage infringement through its website marketing and sales and through the goodwill associated with the Wenger brand.

59.     Defendant has done so by affirmative acts, including but not limited to selling infringing products, marketing the infringing capabilities of such products, and providing instructions, technical support, and other encouragement for the use of such products.  Defendant controls, directs, and supervises the use of its trademark in commerce in the United States, and, as a result, Defendant is involved in the manufacture and design of the infringing products in order to supervise the use of its mark.

60.     Defendant knowingly and specifically intended third parties to infringe at least claim 23 of the '138 Patent.  Defendant knew of the '138 Patent, performed affirmative acts that constitute induced infringement, and knew that those acts would induce actual infringement of one or more of the '138 Patent's claims by third parties.

61.     Defendant had actual knowledge of Swissdigital's 16/838,059 patent application (which issued as the '138 Patent) and that its products, including the SWISSGEAR branded backpacks, infringe claims of the '138 Patent since at least as early as January 11, 2021.  Further, Swissdigital provided Wenger a claim element by claim element analysis of infringement of exemplary claim 23 of the '138 Patent on March 30, 2021 by email and over a Zoom conference call.  Since obtaining knowledge of its infringing activities, Defendant has failed to cease its infringing activities.

62.     Defendant, while fully aware that at least its SWISSGEAR branded backpacks

infringed one or more of the claims of the '138 Patent, offered for sale, sold, and induced others to buy, use, and sell these infringing products.  Defendant promoted the sale of the infringing products and directed, supervised, and controlled the use of its trademark on the infringing products.  Defendant also enticed consumers to purchase the infringing products through the use of its trademark and associated goodwill for profit.

63.     In violation of 35 U.S.C. § 271(c), Defendant has and continues to infringe (literally and/or under the doctrine of equivalents), at least claim 23 of the '138 Patent indirectly by contributing to the infringement of at least claim 23 of the '138 Patent.

64.     Defendant has contributed to the infringement of at least claim 23 of the '138 Patent because it knew that the SWISSGEAR branded backpacks it offered for sale were infringing and not suitable for substantial non-infringing use.  Defendant provides the infringing products that retailers sell and offer for sale, and Defendant provides customers with the products for infringing use.

65.     As a result of Defendant's infringement of the '138 Patent, Plaintiff has suffered monetary losses for which it is entitled to an award of damages that is adequate to compensate Plaintiff for the infringement under 35 U.S.C. § 284, in no event less than a reasonable royalty.

66.     On information and belief, Defendant's infringement of the '138 Patent has been deliberate, willful, and with full knowledge of the '138 Patent and its infringement of at least claim 23.

67.     Plaintiff has suffered damages in an amount to be determined at trial by reason of Defendant's willful infringement of the '138 Patent.

<u>**PRAYER FOR RELIEF**</u>

Wherefore, Plaintiff prays for relief, as follows:

A.     That Plaintiff is the owner of all right, title, and interest in and to United States

Patent No. 10,574,071, together with all rights of recovery under such patent for past infringement thereof;

B.      That United States Patent No. 10,574,071 is valid and enforceable in law and that Defendant has infringed said patent;

C.      Awarding to Plaintiff its damages caused by Defendant's infringement of United States Patent No. 10,574,071;

D.      That Plaintiff is the owner of all right, title, and interest in and to United States Patent No. 10,931,138, together with all rights of recovery under such patent for past infringement thereof;

E.      That United States Patent No. 10,931,138 is valid and enforceable in law and that Defendant has infringed said patent;

F.      Awarding to Plaintiff its damages caused by Defendant's infringement of United States Patent No. 10,931,138;

G.      Entering a preliminary and permanent injunction against Defendant, its officers, employees, attorneys, all parent and subsidiary corporations and affiliates, their assigns and successors in interest, and those persons in active concert or participation with any of them who receive notice of the injunction, enjoining them from continuing acts of infringement of the patents-in-suit;

H.      That Defendant's infringement of the '071 Patent and '138 Patent has been willful and said damages be trebled pursuant to 35 U.S.C. § 284;

I.      That this is an exceptional case and awarding to Plaintiff its costs, expenses, and reasonable attorney fees pursuant to 35 U.S.C. § 285; and

J.      Awarding to Plaintiff such other and further relief as the Court may deem just and

proper.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury for all issues triable by jury.

Dated: November 24, 2021

Respectfully submitted,

/s/  *Dariush Keyhani*
Dariush Keyhani (*pro hac vice*)
Frances H. Stephenson (*pro hac vice*)
Keyhani LLC
1050 30th Street NW
Washington, DC 20007
T. 202.748.8950
F. 202.318.8958
dkeyhani@keyhanillc.com
fstephenson@keyhanillc.com

Jacqueline P. Altman
State Bar No. 24087010
John P. Palmer
State Bar No. 15430600
John A. "Andy" Powell
State Bar No. 24029775
USPTO Reg. No. 71,533
NAMAN HOWELL SMITH & LEE, PLLC
400 Austin Ave., Suite 800
Waco, Texas 76701
jaltman@namanhowell.com
palmer@namanhowell.com
powell@namanhowell.com

*Attorneys for Plaintiff Swissdigital USA Co., Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of November, 2021, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys or record who have who have consented to accept this Notice as service of this document by electronic means.

/s/  *Dariush Keyhani*
Dariush Keyhani