# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| SWISSDIGITAL USA CO., LTD.,<br><br>*Plaintiff*,<br><br>v.<br><br>WENGER S.A.,<br><br>*Defendant*. | Civil Action No. 6:21-cv-453<br><br>Jury Trial Demanded |

## WENGER S.A.'S ANSWER AND DEFENSES TO SWISSDIGITAL USA CO., LTD.'S AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendant Wenger S.A. ("Wenger") hereby responds to Plaintiff SwissDigital USA Co., Ltd.'s ("SwissDigital") Amended Complaint (Dkt. No. 20) as follows. Each of the paragraphs below corresponds to the same numbered paragraph in the Amended Complaint. Unless specifically admitted below, Wenger denies each and every allegation in the Amended Complaint.

## RESPONSE TO "NATURE OF THE ACTION"

1. Wenger admits that SwissDigital purports to bring an action for patent infringement against Wenger. Wenger denies the allegations of infringement.

## RESPONSE TO "PARTIES"

2. Wenger is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Amended Complaint. Accordingly, Wenger denies Paragraph 2.

3. Wenger admits that it is a corporation organized and existing under the laws of Switzerland. Wenger admits that it has offices as Route de Bale 63, Delemont, Switzerland,

CH-2800. To the extent a further response is required, Wenger denies the remaining allegations of Paragraph 3 of the Amended Complaint.

## RESPONSE TO "FACTUAL BACKGROUND"

4. Wenger admits that a copy of the '071 Patent is attached as Exhibit A. Wenger admits that a copy of the '138 Patent is attached as Exhibit B. Wenger is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 4 of the Amended Complaint, and therefore denies the same.

5. Wenger admits that U.S. Patent No. 10,574,071 (the "'071 Patent") states on its face that it is titled "Bag or Luggage with USB Charging Connector," and purports to have issued on February 25, 2020. Wenger denies any characterizations inconsistent with the '071 Patent. Wenger lacks sufficient knowledge or information to admit or deny the remaining allegations set forth in Paragraph 5 of the Amended Complaint, and therefore denies the same.

6. Wenger admits that U.S. Patent No. 10,931,138 (the "'138 Patent") states on its face that it is titled "Sheath for USB Charger," and purports to have issued on February 23, 2021. Wenger denies any characterizations inconsistent with the '138 Patent. Wenger lacks sufficient knowledge or information to admit or deny the remaining allegations set forth in Paragraph 6 of the Amended Complaint, and therefore denies the same.

7. Wenger denies the allegations in Paragraph 7 of the Amended Complaint.

8. Wenger admits that Victorinox is its corporate parent. Wenger admits that it sells watches under the Wenger brand. Wenger denies the remaining allegations in Paragraph 8 of the Amended Complaint.

9. Wenger admits that it has registered the SWISSSGEAR trademark under registration number 3769824. Wenger admits that attached as Exhibit C is a copy of the trademark

registration for the SWISSGEAR trademark. Wenger admits that the trademark registration states that the SWISSGEAR mark is used in connection with:

> All-purpose dry carrying bags, luggage, backpacks, daypacks, duffel bags; utility bags, namely, carry-all bags; shoulder bags; casual carry-all bags, and casual tote bags; briefcases; non-motorized wheeled packs, namely back packs and sport packs; travel bags, small personal leather goods, namely wallets, and shaving bags sold empty, umbrellas and name and calling card cases, cosmetic cases sold empty, toiletry cases sold empty, luggage tags, waistpacks; bags worn on the body, namely fanny packs; business cases, all-purpose personal care toiletry bags sold empty, small personal leather goods, namely billfolds, credit card cases, neck and necklace wallets, in class 18.

Wenger admits that it complies with the trademark laws of the United States. Wenger denies the remaining allegations in Paragraph 9 of the Amended Complaint.

10. Wenger admits that the website https://www.wenger.ch/global/en states "A Swiss Company since 1893" and "Wenger widened its product range, which is popular across the world, to include watches from 1997 and later luggage." Wenger denies the remaining allegations in Paragraph 10 of the Amended Complaint.

11. Wenger admits that https://www.wenger.ch/global/en states "Sorry, We've Moved" and "For all Wenger Travel Gear & Business Gear needs, please visit us at SWISSGEAR®." Wenger denies the remaining allegations in Paragraph 11 of the Amended Complaint.

12. Wenger admits that clicking on "SWISSGEAR®" on https://www.wenger.ch/us/en/Products/Travel-Gear/c/WEN-TRAVEL_GEAR opens a website at www.swissgear.com. Wenger denies the remaining allegations in Paragraph 12 of the Amended Complaint.

13. Wenger admits that the website www.swissgear.com displays a logo "SWISSGEAR by WENGER." Wenger admits that the website www.swissgear.com displays an

image of the U.S. flag. Wenger denies the remaining allegations in Paragraph 13 of the Amended Complaint.

14. Wenger admits that www.swissgear.com contains the quoted text. Wenger denies the remaining allegations in Paragraph 14 of the Amended Complaint.

15. Wenger admits that www.swissgear.com contains the quoted text. Wenger denies the remaining allegations in Paragraph 15 of the Amended Complaint.

16. Wenger denies the allegations in Paragraph 16 of the Amended Complaint.

17. Wenger admits that the www.swissgear.com website includes a link to a "Store Locator." Wenger admits that the www.swissgear.com website lists retail stores Walmart Inc., Target Corp., Best Buy Co., Inc., and the Home Depot, Inc. Wenger denies the remaining allegations in Paragraph 17 of the Amended Complaint.

18. Wenger admits that www.swissgear.com contains a link to "USB Power Ready Collection." Wenger denies the remaining allegations in Paragraph 18 of the Amended Complaint.

19. Wenger denies the allegations in Paragraph 19 of the Amended Complaint.

20. Wenger denies the allegations in Paragraph 20 of the Amended Complaint.

21. Wenger denies the allegations in Paragraph 21 of the Amended Complaint.

22. Wenger denies the allegations in Paragraph 22 of the Amended Complaint.

23. Wenger denies the allegations in Paragraph 23 of the Amended Complaint.

24. Wenger denies the allegations in Paragraph 24 of the Amended Complaint.

25. Wenger admits that counsel for SwissDigital sent a letter on January 11, 2021. Wenger admits that counsel for Wenger, counsel for SwissDigital, and counsel for Group III International met by Zoom on March 30, 2021. Wenger denies the remaining allegations in Paragraph 25 of the Amended Complaint.

**RESPONSE TO "JURISDICTION"**

26. Wenger admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff has alleged infringement of a patent, but Wenger denies that it has committed or is committing acts of infringement and denies that Plaintiff is entitled to any relief. Wenger denies the remaining allegations in Paragraph 26 of the Amended Complaint.

27. Wenger denies that venue is convenient in this District.

28. Wenger denies that personal jurisdiction over it properly lies in this District in this case. Wenger denies it has committed or is committing acts of infringement within the State of Texas or in this District and, on that basis, denies the remaining allegations in Paragraph 28 of the Amended Complaint.

29. Wenger denies personal jurisdiction over it properly lies in this District in this case. Wenger denies the remaining allegations in Paragraph 29 of the Amended Complaint.

**RESPONSE TO "COUNT ONE
INFRINGEMENT OF U.S. PATENT NO. 10,574,071"**

30. Wenger incorporates its admissions, averments, and denials in Paragraphs 1-29 of the Amended Complaint as if fully set forth herein.

31. Wenger admits that SwissGear branded backpacks are sold. Wenger denies the remaining allegations in Paragraph 31 of the Amended Complaint.

32. Wenger admits that the SwissGear website appears to have a link to the "USB Power Ready Collection." Wenger denies the remaining allegations in Paragraph 32 of the Amended Complaint.

33. Wenger denies the allegations in Paragraph 33 of the Amended Complaint.

34. Wenger denies the allegations in Paragraph 34 of the Amended Complaint.

35. Wenger denies the allegations in Paragraph 35 of the Amended Complaint.

36. Wenger denies the allegations in Paragraph 36 of the Amended Complaint.

37. Wenger denies the allegations in Paragraph 37 of the Amended Complaint.

38. Wenger denies the allegations in Paragraph 38 of the Amended Complaint.

39. Wenger denies the allegations in Paragraph 39 of the Amended Complaint.

40. Wenger denies the allegations in Paragraph 40 of the Amended Complaint.

41. Wenger denies the allegations in Paragraph 41 of the Amended Complaint.

42. Wenger admits that counsel for SwissDigital sent counsel for Wenger a letter on January 11, 2021. Wenger denies the remaining allegations in Paragraph 42 of the Amended Complaint.

43. Wenger admits that counsel for SwissDigital sent a letter on January 11, 2021. Wenger admits that counsel for Wenger, counsel for SwissDigital, and counsel for Group III International met by Zoom on March 30, 2021. Wenger denies the remaining allegations in Paragraph 25 of the Amended Complaint.

44. Wenger denies the allegations in Paragraph 44 of the Amended Complaint.

45. Wenger denies the allegations in Paragraph 45 of the Amended Complaint.

46. Wenger denies the allegations in Paragraph 46 of the Amended Complaint.

47. Wenger denies the allegations in Paragraph 47 of the Amended Complaint.

48. Wenger denies the allegations in Paragraph 48 of the Amended Complaint.

49. Wenger denies the allegations in Paragraph 49 of the Amended Complaint.

**RESPONSE TO "COUNT TWO
INFRINGEMENT OF U.S. PATENT NO. 10,931,138"**

50. Wenger incorporates its admissions, averments, and denials to Paragraphs 1-49 of the Amended Complaint as if fully set forth herein.

51. Wenger admits that SwissGear branded backpacks are sold. Wenger denies the remaining allegations in Paragraph 51 of the Amended Complaint.

52. Wenger admits that the SwissGear website appears to have a link to the "USB Power Ready Collection." Wenger denies the remaining allegations in Paragraph 52 of the Amended Complaint.

53. Wenger denies the allegations in Paragraph 53 of the Amended Complaint.

54. Wenger denies the allegations in Paragraph 54 of the Amended Complaint.

55. Wenger denies the allegations in Paragraph 55 of the Amended Complaint.

56. Wenger denies the allegations in Paragraph 56 of the Amended Complaint.

57. Wenger admits that SwissGear branded backpacks are sold. Wenger denies the remaining allegations in Paragraph 57 of the Amended Complaint.

58. Wenger denies the allegations in Paragraph 58 of the Amended Complaint.

59. Wenger denies the allegations in Paragraph 59 of the Amended Complaint.

60. Wenger denies the allegations in Paragraph 60 of the Amended Complaint.

61. Wenger admits that counsel for SwissDigital sent a letter on January 11, 2021. Wenger admits that counsel for Wenger, counsel for SwissDigital, and counsel for Group III International met by Zoom on March 30, 2021. Wenger denies the remaining allegations in Paragraph 61 of the Amended Complaint.

62. Wenger denies the allegations in Paragraph 62 of the Amended Complaint.

63. Wenger denies the allegations in Paragraph 63 of the Amended Complaint.

64. Wenger denies the allegations in Paragraph 64 of the Amended Complaint.

65. Wenger denies the allegations in Paragraph 65 of the Amended Complaint.

66. Wenger denies the allegations in Paragraph 66 of the Amended Complaint.

67. Wenger denies the allegations in Paragraph 67 of the Amended Complaint.

## RESPONSE TO "PRAYER FOR RELIEF"

Wenger denies that SwissDigital is entitled to any relief in this action, as requested or otherwise.

## RESPONSE TO "DEMAND FOR JURY TRIAL"

Wenger acknowledges that SwissDigital has demanded a jury trial. Wenger also demands a trial by jury on all issues triable by right.

## WENGER'S DEFENSES

As further answer and as additional defenses, but without assuming any burden that it would not otherwise have or admitting that it bears the burden of proof with respect to any of the following, Wenger asserts the following defenses and alleges as follows. Wenger reserves all rights to allege additional defenses that become known through the course of discovery.

## FIRST DEFENSE
## FAILURE TO STATE A CLAIM

The Amended Complaint fails to state a claim on which relief can be granted. The products identified in the Amended Complaint are not manufactured and sold by Wenger.

## SECOND DEFENSE
## FAILS TO STATE A PROPER BASIS FOR PERSONAL JURISDICTION

The Amended Complaint fails to state a proper basis to establish personal jurisdiction over Wenger, at least for the reasons stated in Wenger's earlier-filed motion to dismiss.

## THIRD DEFENSE
## FAILS TO STATE A PROPSER BASIS FOR VENUE

The Amended Complaint fails to state a proper basis for venue pursuant to at least 28 U.S.C. §§ 1391, 1400, 1406.

## FOURTH DEFENSE
## NON-INFRINGMENT OF U.S. PATENT NO. 10,931,138

Wenger has not infringed and does not infringe, directly or indirectly, any claim of the U.S. Patent No. 10,931,138 ("the '138 Patent"), literally or under the doctrine of equivalents.

## FIFTH DEFENSE
## INVALIDITY OF U.S. PATENT NO. 10,574,071

One or more of the claims of the '071 Patent are invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 101, 102, 103, and/or 112.

# SIXTH DEFENSE
# INVALIDITY OF U.S. PATENT NO. 10,931,138

One or more of the claims of the '138 Patent are invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 101, 102, 103, and/or 112.

# SEVENTH DEFENSE
# PROSECUTION HISTORY ESTOPPEL AND DISCLAIMER
# OF THE '071 PATENT

Based on proceedings before the United States Patent and Trademark Office ("PTO") during the prosecution of the applications that issued as the '071 Patent and/or the application(s) to which the '071 Patent claims priority, SwissDigital is precluded or otherwise estopped from asserting that any claim of the '071 Patent covers, either literally or under the doctrine of equivalents, any product or method made, performed, used, sold, offered for sale, or imported by Wenger. For example, in an Amendment made on April 8, 2019, the patent applicant stated that "[t]he female connector being in a flat position allows for ease of attachment." The patent applicant further provided that "the female connector is retained outside and adjacent to the power cable outlet" and that "[n]one of the prior art teaches the female connector retained adjacent to the power cable outlet in the manner as claimed (providing the female connector in a flat position on the outside of the bag and covered by the sheath leaving the operative end uncovered)."

As other examples, in an Amendment made on April 20, 2017, the patent applicant made an amendment removing the requirement "wherein the power cable outlet is provided on the surface of the luggage body and the female connector is exposed outside the power cable outlet;" and in another amendment made on November 11, 2017, the patent applicant made an amendment removing the requirement "wherein the power cable outlet is provided on the surface of the luggage body and the female connector is exposed outside the power cable outlet." In the course

of the November 11, 2017 Amendment, the patent applicant stated "[t]he claims, as amended, would provide, by way of example, something that may look as in the below" and that "[t]he purpose of the sheath as in the present invention is to cover the female connector in the power cable outlet, but not render it inoperable by sealing it shut."

As yet another example, in an amendment dated September 7, 2018, the applicant added the limitation that the "sheath is wrapped only on the outer surface of the female connecter."

## EIGHTH DEFENSE
## PROSECUTION HISTORY ESTOPPEL AND DISCLAIMER
## OF THE '138 PATENT

Based on proceedings before the United States Patent and Trademark Office ("PTO") during the prosecution of the applications that issued as the '138 Patent and/or the application(s) to which the '138 Patent claims priority, SwissDigital is precluded or otherwise estopped from asserting that any claim of the '138 Patent covers, either literally or under the doctrine of equivalents, any product or method made, performed, used, sold, offered for sale, or imported by Wenger. For example, in an Amendment made in co-pending Application No. 16/388,994 on July 6, 2020, the patent applicant stated that the female connector must be removably contained in the sheath.

## NINTH DEFENSE
## WAIVER, UNCLEAN HANDS, ESTOPPEL

SwissDigital's claims for relief are barred, in whole or in part, under the doctrines of waiver, unclean hands, estoppel, and/or other applicable equitable doctrines.

## TENTH DEFENSE
## LIMITATION OF DAMAGES

SwissDigital's claims and prayer for relief are barred in whole or in part by 35 U.S.C. §§ 286, 287, and/or 288.

## RESERVATION OF ALL DEFENSES

Wenger alleges that it may have other separate and additional defenses of which it is not presently aware and hereby reserves the right to raise such defenses by amendment of this Answer, including to conform to proof at trial. Wenger therefore reserves all defenses under the Federal Rules of Civil Procedure, including Rule 8(c), the Patent Laws of the United States and any other and additional defenses, at law or in equity, that are now or may become available or appear during, or as a result of, discovery proceedings in this action or otherwise.

Dated: December 13, 2021

Respectfully submitted,

_____/s  Taylor N. Mauze_____

Taylor N. Mauze (TX Bar No. 24102161)
tmauze@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Telephone: (650) 623-1401
Facsimile: (650) 623-1449

Christine E. Lehman (*pro hac vice* pending)
clehman@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
1710 Rhode Island Ave, NW, 12th Floor
Telephone: (202) 894-7310
Facsimile: (650) 623-1449

**ATTORNEYS FOR DEFENDANT
WENGER, S.A.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th Day of December, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys or record who have who have consented to accept this Notice as service of this document by electronic means.

                                                        */s Taylor N. Mauze*
                                                       Taylor N. Mauze