IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| SWISSDIGITAL USA CO., LTD. | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 6:21-cv-453-ADA |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| WENGER S.A. | § | |
| | § | |
| Defendant. | § | |

**SWISSDIGITAL USA CO., LTD.'S RESPONSE IN OPPOSITION TO WENGER S.A.'S
<u>MOTION TO TRANSFER PURSUANT TO U.S.C. § 1404(A)</u>**

**TABLE OF CONTENTS**

**Page**

I. BACKGROUND………..………………………………………………………………… 1

II. LEGAL STANDARD……………………………………………………………………. 2

III. ARGUMENT……...………………………………………………………………………3

    A. Defendant presents a flawed analysis that inflates the convenience of the Southern District of Florida.…………………………………………………………………….4

    B. The difference in convenience is negligible between the two venues, failing to meet the "clearly more convenient" standard.…………………………………………… 5

        i. Ease of Access to Sources of Proof…...………..………….…..……………... 5

        ii. Availability of Compulsory Service...………………………………………. 7

        iii. Cost of Attendance for Willing Witnesses.……………………………….. 8

        iv. Other Practical Problems.……………………………………………….... 9

        v. Administrative Difficulties Flowing from Court Congestion……..………9

        vi. Local Interest.……………………………………………………………..... 10

        vii. Remaining Public Interest Factors.……………………………………….11

IV. CONCLUSION……………………………………………………………………… 11

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Action Indus. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337 (5th Cir. 2004) ………………………….3

*ATEN Int'l Co. Ltd. v. Emine Tech. Co., Ltd.*, 261 F.R.D. 112 (E.D. Tex. 2009) ………………10

*Ethicon Endo-Surgery, Inc. v. Coviden LP*, 826 F.3d 1366 (Fed. Cir. 2016) …………………….9

*Kahn v. General Motors Corp.*, 889 F.2d 1078 (Fed. Cir. 1989) ………………………………9

*Kajeet, Inc. v. Trend Micro, Inc.*, No. 6:21-CV-389-ADA, 2022 WL 126490 (W.D. Tex. Jan. 12, 2022) ………………………………………………………………………………8, 10

*In re Apple Inc.*, 979 F.3d 1332 (Fed. Cir. 2020) ………………………………………6, 11

*In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009)……………………………………6, 8

*In re Hoffman-La Roche Inc.*, 587 F.3d 1333 (Fed. Cir. 2009) ……………………………..10

*In re TS Tech USA Corp.*, 551 F.3d 1315(Fed. Cir. 2008)…………………………………2, 10

*In re Volkswagen AG*, 371 F.3d 201 (5th Cir. 2004) ……………………………………………3

*In re Volkswagen of Am., Inc.*, 545 F.3d 304 (5th Cir. 2008) ………………………….2, 3, 9, 10

*Monterey Rsch., LLC v. Broadcom Corp.*, No. W-21-CV-00541-ADA, 2022 WL 526240 (W.D. Tex. Feb. 21, 2022) ………………………………………………………………2, 9, 11

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1982) ………………………………………………3

*Quest NetTech Corp. v. Apple, Inc.*, No: 2:19-CV-00118-JRG, 2019 WL 6344267 (E.D. Tex. Nov. 27, 2019) …………………………………………………………………………2

*Storage Tech. Corp. v. Cisco Sys., Inc.*, 329 F.3d 82 (Fed. Cir. 2003) ………………………2

*WSOU Invs. LLC v. Arista Networks, Inc.*, No. W-20-CV-01083-ADA, 2021 WL 6015526 (W.D. Tex. Nov. 5, 2021) ……………………………………………………………………4, 10

## Statutes

28 U.S.C. § 1404(a) …………………………………………………………………………2

Plaintiff Swissdigital USA Co., Ltd. ("Swissdigital" or "Plaintiff") files this Response in opposition to Wenger S.A. ("Wenger" or "Defendant")'s Motion to Transfer. As set forth below, Swissdigital respectfully requests that the Court deny Defendant's Motion to Transfer.

## I.    BACKGROUND

Swissdigital is a Delaware limited liability company headquartered in New York. Compl. (Dkt. 20) ¶ 2. Swissdigital sells high-tech intelligent backpacks and other innovative consumer goods throughout the United States, including within this District. Compl. (Dkt. 20) ¶ 4.

Wenger is a Swiss corporation headquartered in Switzerland. Def.'s Mot. (Dkt. 27) 1. Wenger "has marketed and sold high-quality goods, including . . . travel gear, backpacks, luggage and computer cases in the United States," including within this District, "either directly or through its authorized licensees." Wenger Compl. (Ex. A) ¶ 8. *But see* Bussard Decl. (Dkt. 14-1) ¶¶ 4, 14.

Wenger adopted its Wenger Emblem and SWISSGEAR trademarks "for use with travel gear, business gear, outdoor gear and other products" and has continuously used these marks in the United States, including within this District. Wenger Compl. (Ex. A) ¶¶ 9–14; *see also* Wenger Mot. for Inj. (Ex. B) 2. As owner of the Wenger Emblem and SWISSGEAR trademarks, Wenger "has expended millions of dollars annually in advertising, promoting and marketing [its trademarks] throughout the United States . . . through such varied media as the Internet and point-of-sale displays." Wenger Compl. (Ex. A) ¶¶ 16, 17. Customers "ha[ve] come to know, rely upon, and recognize Wenger Emblem and SWISSGEAR . . . as indicators of a single source of origin and symbol of quality for the goods sold by [Wenger] and its authorized licensees under these trademarks." Wenger Compl. (Ex. A) ¶ 16; *see also* Wenger Mot. for Inj. (Ex. B) 6. *But see* Bussard Decl. (Dkt. 14-1) ¶¶ 4, 14.

On January 11, 2021, Swissdigital notified counsel for Wenger that its SWISSGEAR branded backpacks infringed two of Swissdigital's patents (the "patents-in-suit"). Compl. (Dkt. 20) ¶ 25. Later, by email and over a Zoom conference call on March 30, 2021, Swissdigital provided Wenger a claim element by claim element analysis of infringement of the patents-in-suit. Compl. (Dkt. 20) ¶ 25. On April 30, 2021, Swissdigital filed this lawsuit. Dkt. 1. Swissdigital alleges that Wenger has and continues to infringe, contributorily infringe, and induce others to infringe the patents-in-suit. Compl. (Dkt. 20) ¶¶ 19–24.

## II. LEGAL STANDARD

In patent cases, the law of the regional circuit governs motions to transfer. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008) (citing *Storage Tech. Corp. v. Cisco Sys., Inc.*, 329 F.3d 823, 836 (Fed. Cir. 2003)). At its discretion, a district court may transfer a civil action to an appropriate alternative venue "[f]or the convenience of parties and witnesses." 28 U.S.C. § 1404(a).

Movants bear the elevated burden of proving that the alternative venue is not just more convenient but rather "clearly more convenient." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314–15 (5th Cir. 2008). To prove that an alternative venue is clearly more convenient, movants "must show materially more than a mere preponderance of convenience, lest the standard have no real or practical meaning." *Quest NetTech Corp. v. Apple, Inc.*, No: 2:19-CV-00118-JRG, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019). If "the evidence and factual determinations end in a 'close call,'" movants have failed to satisfy the "clearly more convenient" standard. *Monterey Rsch., LLC v. Broadcom Corp.*, No. W-21-CV-00541-ADA, 2022 WL 526240, at *17 (W.D. Tex. Feb. 21, 2022) (citing *Quest NetTech Corp.*, 2019 WL 6344267, at *7). When the moving party

fails to satisfy its elevated burden, "the plaintiff's choice [of venue] should be respected." *In re Volkswagen of Am., Inc.*, 545 F.3d at 315.

Showing that a civil action "might have been brought" in an alternative venue is merely a preliminary matter. *Id.* at 312. Movants must establish that the alternative venue is clearly more convenient based on "a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)). The public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.*

**III. ARGUMENT**

Defendant has failed to satisfy its elevated burden of proving that the Southern District of Florida is clearly more convenient than the Western District of Texas. As such, this Court should deny Defendant's Motion to Transfer.

Defendant presents a flawed analysis of the two venues, inflating the convenience of the Southern District of Florida by analyzing Group III—which is not party to this case—as if it were a named defendant, an unwilling witness, and a willing witness. Upon viewing the facts in the proper light, the difference in convenience between the two venues is negligible. Because

3

Defendant fails to show a preponderance of convenience, let alone establish that the alternative venue is clearly more convenient, Defendant's Motion to Transfer should be denied.

A. **Defendant presents a flawed analysis that inflates the convenience of the Southern District of Florida.**

Defendant inflates the convenience of the Southern District of Florida by failing to correctly analyze the private and public interest factors.

When determining convenience, "[e]ach private and public interest factor serves a distinct purpose." *WSOU Invs. LLC v. Arista Networks, Inc.*, No. W-20-CV-01083-ADA, 2021 WL 6015526, at *4 (W.D. Tex. Nov. 5, 2021). Analyzing "the same proposed witness under multiple factors" skews the results, "produc[ing] excessive weight" that may "drastically impact the outcome of a motion to transfer venue." *Id.*

Here, Defendant goes a step further—not just analyzing Group III as both a willing and unwilling witness but as a codefendant as well. Group III is not party to this case. Yet under the first private interest factor, Defendant suggests that the Court should "look to the location of Group III's documents" rather than Defendant's documents. Def.'s Mot. (Dkt. 27) 5 n.7. Under the second private interest factor, Defendant analyzes Group III and its employees as unwilling witnesses requiring compulsory process. *See* Def.'s Mot. (Dkt. 27) 6–8. Defendant again analyzes Group III and its employees under the third private interest factor as willing witnesses. *See* Def.'s Mot. (Dkt. 27) 8. Under the fourth private interest factor, Defendant reiterates the alleged document issue from the first factor before declaring that the fourth factor "favors transfer." Def.'s Mot. (Dkt. 27) 9. Finally, under the second public interest factor, Defendant analyzes Group III's connections to the Southern District of Florida, as if Group III was a party to the case. *See* Def.'s Mot. (Dkt. 27) 10–11.

Because of these flaws in its analysis, Defendant's assessment of the Southern District of Florida's convenience is unreliable and misleading. By accounting for these flaws and reexamining the private and public interest factors, the Court should find that the Western District of Texas is just as convenient as the Southern District of Florida and Defendant has failed to meet its elevated burden.

### B. The difference in convenience is negligible between the two venues, failing to meet the "clearly more convenient" standard.

The difference in convenience is negligible between the Western District of Texas and the Southern District of Florida. An accurate analysis shows that the private and public interest factors are predominantly neutral, which fails to satisfy Defendant's elevated burden of proving that the alternative venue is clearly more convenient.

As a preliminary matter regarding the suitability of the alternative venue, Defendant correctly states that, as a Swiss company, it "may be sued in any judicial district." Def.'s Mot. (Dkt. 27) 4 (quoting 28 U.S.C. § 1391(c)). Swissdigital agrees that this case might have been brought in the Southern District of Florida; this case might have been brought in virtually any district, given Defendant's marketing and selling of the accused products throughout the United States. But Defendant must establish not merely that this case might have been brought in the Southern District of Florida but rather that a number of private and public interest factors prove that the venue is clearly more convenient than the Western District of Texas.

As discussed below, these factors are predominantly neutral, and the difference in convenience is negligible between the two venues.

#### i. Ease of Access to Sources of Proof

Because Defendant's documents are kept outside of the United States, the first private interest factor is neutral.

5

The location of a defendant's documents "weighs in favor of transfer to that location," particularly in patent cases where "the bulk of the relevant evidence comes from the accused infringer." *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020) (citing *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009)).

Here, the accused infringer—the sole defendant in this case—is Wenger. Wenger, as a Swiss corporation headquartered in Switzerland, keeps its documents in Switzerland. Def.'s Mot. (Dkt. 27) 5. Because Defendant keeps its documents outside of the United States, the location of Defendant's documents does not weigh in favor of a particular venue. Therefore, this factor is neutral.

Defendant makes the audacious claim that it has at most "a handful of documents relevant to the issues in this case," and information regarding the infringing products is "not within [its] possession, custody, and control." Def.'s Mot. (Dkt. 27) 4, 9. Surely, as the owner of the Wenger Emblem and SWISSGEAR trademarks, Defendant controls, supervises, and directs the use of its mark. *See* Wenger Compl. (Ex. A) ¶¶ 16–17. This includes overseeing the design and quality of the accused products, which bear Defendant's mark. To suggest otherwise—to claim that the relevant information "is not within the possession, custody, or control" of Defendant—would mean that Defendant is engaging in naked licensing by failing to control the use of its trademark. Def.'s Mot. (Dkt. 27) 9. Swissdigital believes that Defendant's assertion is merely a disingenuous attempt to change venues rather than an admission that Defendant does not use its trademark in commerce in the United States.

Without a doubt, Defendant's financial documents are in Defendant's possession. Defendant must maintain records of sales and inventory of all its licensees, including Group III. Defendant must also oversee the design and quality of the products bearing Defendant's Wenger

6

Emblem and SWISSGEAR marks. As such, Swissdigital intends to rely on Defendant's documents—not those of a third-party—to establish its case. Therefore, Group III's documents are irrelevant to the analysis of this factor, and this factor is neutral.

### ii. Availability of Compulsory Process

Because Defendant fails to identify any unwilling witnesses requiring the use of compulsory process, the second private interest factor is neutral.

Although Defendant analyzes Group III and its employees under this factor,[1] there is nothing to suggest that these third-parties are unwilling witnesses requiring the use of compulsory process. Group III is Defendant's licensee, and its Executive Chairman John Pulichino has been willing to provide a Declaration in support of Defendant's Motion to Transfer. Pulichino Decl. (Dkt. 27-2) ¶¶ 2, 5. He also participated in a conference with the parties to this case, prior to this case being filed. Pulichino Decl. (Dkt. 27-2) ¶ 18. Because Defendant analyzes the inconvenience and expense of travel for Group III's employees, these third parties are more appropriately weighed under the third private interest factor.

Aside from Group III and its employees, Defendant fails to identify any unwilling witnesses requiring the use of compulsory process. In fact, Defendant identifies only Zhijian "Hunter" Li—Swissdigital's owner—and Jennifer Meredith—an attorney of counsel with the law firm representing Swissdigital. *See* Def.'s Mot. (Dkt 27) 7. These are not unwilling third-party witnesses.

Having failed to identify any unwilling witnesses, this factor is neutral.

---

[1] There is no evidence that any employee of Group III would need to be called at trial or would have any material information that would be not otherwise available from Wenger and/or documentary evidence.

### iii.      Cost of Attendance for Willing Witnesses

Because Defendant, as a Swiss company, will be equally inconvenienced by its attendance no matter the venue, the third private interest factor is neutral.

Indeed, when Defendant limits its analysis to the actual parties to this case, Defendant concedes that this factor is neutral. *See* Def.'s Mot. (Dkt 27) 8 ("[N]either party has any contacts to this forum . . . . Therefore, the convenience of party witnesses is, at best, neutral."). When a foreign witness "will be required to travel a significant distance no matter where they testify," the difference between venues is negligible. *In re Genentech*, 566 F.3d at 1344. Defendant, traveling from Switzerland, will be equally inconvenienced whether traveling to the Western District of Texas or the Southern District of Florida. Swissdigital agrees with Defendant that "the cost of attendance for willing witnesses is neutral for party witnesses." Def.'s Mot. (Dkt 27) 8.

To the extent that Group III should be analyzed, Swissdigital suggests that it should be considered here—and only here. But, given the nature of Plaintiff's patent infringement strict liability claim, Swissdigital is skeptical that any Group III employees would actually be called on to testify at trial. The testimony of any Group III employees would be duplicative of the information already in the defendant licensor's possession. Moreover, any testimony regarding the characteristics and features relevant to infringement will be addressed by the parties' experts. In this case, unlike in some patent infringement cases, the claim elements are **visually accessible** on the accused products. Swissdigital has no plan—and no need—to call any witness from Group III to testify.

Nor has Defendant named in its motion any witnesses from Group III it intends to call. *See* Def.'s Mot. (Dkt. 27) 8. Analyzing this factor proves challenging "when neither party identifies any witnesses by name or job title" who they intend to call. *See Kajeet, Inc. v. Trend Micro, Inc.*,

8

No. 6:21-CV-389-ADA, 2022 WL 126490, at *5 (W.D. Tex. Jan. 12, 2022). As such, the Court should weigh primarily the known party witnesses' cost of attendance, which, as discussed above, is neutral.

### iv. Other Practical Problems

Because Defendant fails to identify any other practical problems, the fourth private interest factor is neutral.

Under the final private interest factor, courts will consider "all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen of Am., Inc.*, 545 F.3d at 314–15. Here, Defendant has not identified any practical problems affecting the ease, expeditiousness, or expense of the case, besides reiterating the dubious claim that it does not maintain information regarding the accused products. *See* Def.'s Mot. (Dkt. 27) 9.

Because Defendant fails to identify any other practical problems, this factor is neutral.

### v. Administrative Difficulties Flowing from Court Congestion

Because public policy strongly favors the expeditious resolution of patent litigation, the first public interest factor weighs against transfer.

Public policy strongly favors the "expeditious resolution of litigation," and "[t]he Federal Circuit has even acknowledged Congress's interest in the 'quick' resolution of patent disputes." *Monterey Rsch., LLC*, 2022 WL 526240 at *14 (quoting *Kahn v. General Motors Corp.*, 889 F.2d 1078, 1080 (Fed. Cir. 1989)) (citing *Ethicon Endo-Surgery, Inc. v. Coviden LP*, 826 F.3d 1366, 1367 (Fed. Cir. 2016)).

Defendant concedes that the average time to trial for patent cases in the Southern District of Florida is longer than the average time in the Western District of Texas. *See* Def.'s Mot. (Dkt. 27) 9. This Court has a "proven track record in expeditiously resolving patent cases specifically,"

9

being "able to bring patent cases to trial in approximately two years after the filing of the complaint." *Kajeet, Inc.*, 2022 WL 126490, at *7 (collecting cases). Public policy dictates that this factor weighs against transfer.

Moreover, "late-filed motions to transfer are looked upon with extreme disfavor." *WSOU Invs. LLC*, 2021 WL 6015526, at *4 (quoting *ATEN Int'l Co. Ltd. v. Emine Tech. Co., Ltd.*, 261 F.R.D. 112, 126 n.4 (E.D. Tex. 2009)). Swissdigital filed this lawsuit on April 30, 2021—almost a year ago. *See* Dkt. 1. Both parties agreed to a Scheduling Order, filed last December. *See* Dkt. 22. And now, with a little over a month before the *Markman* hearing, *see id.*, a change in venue would cause needless expense and delay.

Because a change of venue would cause needless expense and delay contrary to public policy, this factor weighs against transfer.

### vi. Local Interest

Because Defendant's products "are sold nationwide" and Defendant itself is a Swiss corporation, the second public interest factor is neutral.

As Defendant quoted in its Motion to Transfer, "the sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue." Def.'s Mot. (Dkt. 27) 11 n.14 (quoting *In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009)). Because Defendant's infringing products are sold throughout the United States, including in this District, the citizens of the Western District of Texas "have no more or less of a meaningful connection to this case than any other venue." *In re TS Tech USA Corp.*, 551 F.3d at 1321 (citing *In re Volkswagen of Am., Inc.*, 545 F.3d at 318. Having an interest equal to that of any other venue, this factor is neutral.

Despite Defendant's contrary claim, having "general contacts with a forum," such as a "general presence," does not weigh heavily in favor of transfer when these contacts "are untethered from the lawsuit." *Monterey Rsch., LLC*, 2022 WL 526240 at *14 (citing *In re Apple Inc.*, 979 F.3d at 1344). Defendant has only a general presence in the Southern District of Florida, as it does throughout the United States, stemming from the sale of its products. Besides this, Defendant's only other connection to the alternative venue is the presence of its licensee. And while Group III's contacts with the Southern District of Florida are more extensive, they should not be conflated with Defendant's contacts.

As such, this factor is neutral.

### vii. Remaining Public Interest Factors

Swissdigital agrees with Defendant that the remaining public interest factors (the familiarity of the forum with the governing law and the avoidance of conflict of laws) are neutral. *See* Def.'s Mot. (Dkt. 27) 11.

### IV. CONCLUSION

The accurate conclusions for each of the private and public interest factors are summarized in the table below.

| Factor | Weight |
| --- | --- |
| Private: Relative ease of access to sources of proof | Neutral |
| Private: Availability of compulsory process to secure the attendance of witnesses | Neutral |
| Private: Cost of attendance for willing witnesses | Neutral |
| Private: All other practical problems that make trial of a case easy, expeditious, and inexpensive | Neutral |
| Public: Administrative difficulties flowing from court congestion | Weighs against transfer |
| Public: Local interest | Neutral |

| | |
|---|---|
| Public: Familiarity of the forum with law that will govern the case | Neutral |
| Public: Conflict of laws | Neutral |

Defendant has failed to satisfy its elevated burden of proving that the Southern District of Florida is clearly more convenient than the Western District of Texas. As such, Swissdigital respectfully requests that this Court deny Defendant's Motion to Transfer.

Dated: March 28, 2022

                                                       Respectfully submitted,

/s/ *Dariush Keyhani* _____
Dariush Keyhani (*pro hac vice*)
Frances H. Stephenson (*pro hac vice*)
Keyhani LLC
1050 30th Street NW
Washington, DC 20007
T. 202.748.8950
F. 202.318.8958
dkeyhani@keyhanillc.com
fstephenson@keyhanillc.com

Jacqueline P. Altman
State Bar No. 24087010
John P. Palmer
State Bar No. 15430600
John A. "Andy" Powell
State Bar No. 24029775
USPTO Reg. No. 71,533
NAMAN HOWELL SMITH & LEE, PLLC
400 Austin Ave., Suite 800
Waco, Texas 76701
jaltman@namanhowell.com
palmer@namanhowell.com
apowell@namanhowell.com

*Attorneys for Plaintiff Swissdigital USA Co., Ltd.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of March, 2022, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys or record who have who have consented to accept this Notice as service of this document by electronic means.

*/s/ Dariush Keyhani*
Dariush Keyhani