**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| SWISSDIGITAL USA CO., LTD., | |
| *Plaintiff*, | Civil Action No. 6:21-cv-453 |
| v. | |
| WENGER S.A., | Jury Trial Demanded |
| *Defendant*. | |

**WENGER S.A.'S 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS**

# **TABLE OF CONTENTS**

**Page(s)**

I.  INTRODUCTION ................................................................................................. 1

II.  BACKGROUND ................................................................................................. 1

III.  LEGAL STANDARD ......................................................................................... 3

IV.  ARGUMENT ...................................................................................................... 4

    A.  No Direct Infringement ............................................................................ 4

        i.  As a trademark licensor, Wenger does not make, use, sell, or offer for sale the accused products. ................................................................... 4

        ii.  Merely directing customers to the Group III Website does not constitute sales or offers for sale. ................................................................. 6

    B.  No Induced Infringement .......................................................................... 9

        i.  SwissDigital has failed to sufficiently plead that Wenger committed a specific act to induce infringement. ........................................................ 10

        ii.  SwissDigital has failed to sufficiently plead that Wenger had specific intent to induce infringement. ................................................................ 11

    C.  No Contributory Infringement ................................................................. 13

V.  CONCLUSION ................................................................................................. 14

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)..................................................................................................7, 10

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007).......................................................................................................7

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.,*
    681 F.3d 1323 (Fed. Cir. 2012)....................................................................................3

*Boynton v. Headwaters, Inc.,*
    243 F. App'x. 610 (Fed. Cir. 2007) .............................................................................3

*Commit USA, LLC v. Cisco Sys., Inc.,*
    135 S. Ct. 1920 (2015)..................................................................................................9

*Data Engine Techs. LLC v. Google LLC,*
    906 F.3d 999 (Fed. Cir. 2018)......................................................................................3

*Doe v. MySpace, Inc.,*
    528 F.3d 413 (5th Cir. 2008) .......................................................................................3

*DSU Med. Corp. v. JMS Co.,*
    471 F.3d 1293 (Fed. Cir. 2006).................................................................9, 10, 11, 13

*Eagle Pharm. Inc. v. Slayback Pharma LLC,*
    958 F.3d 1171 (Fed. Cir. 2020)................................................................................3, 4

*Evolutionality Intelligence v. Facebook,*
    No. c 13-4202, 2014 WL 261837 (N.D. Cal. Jan 23, 2014) ........................................4

*Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,*
    313 F.3d 305 (5th Cir. 2002) .......................................................................................8

*Hale v. King,*
    642 F.3d 492 (5th Cir. 20 11) ...................................................................................2, 5

*Hewlett-Packard Co. v. Bausch & Lomb Inc.,*
    909 F.2d 1464 (Fed. Cir. 1990)..................................................................................12

*Illinois Tool Works Inc. v. Termax LLC,*
    2021 WL 1239215 (N.D. Ill. Apr. 2, 2021) ................................................................8

*Intellectual Ventures I LLLC v. Motorola Mobility LLC,*
   870 F.3d 1320 (Fed. Cir. 2017)..................................................................6, 9

*L.A. Gear, Inc. v. E.S. Originals, Inc.,*
   859 F.Supp. 1294 (C.D. Cal. 1994) ........................................................4, 5, 12

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.,*
   545 U.S. 915 (2005).....................................................................................10

*Monolithic Pwr. Sys., Inc. v. Meraki Integrated Circuit (Shenzhen) Tech., Ltd.,*
   2021 WL 3931910 (W.D. Tex. Sept. 1, 2021)...........................................9, 13

*Netgear, Inc. v. Ruckus Wireless, Inc.,*
   852 F. Supp. 2d 470 (D. Del. 2012)..............................................................13

*Rotec Indus. v. Mitsubishi Corp.,*
   215 F.3d 1246 (Fed. Cir. 2000)........................................................................7

*SIPCO, LLC v. Streetline, Inc.,*
   2018 WL 762335 (D. Del. Feb. 7, 2018) ......................................................7, 8

*Taylor v. Books A Million, Inc.,*
   296 F.3d 376 (5th Cir. 2002) ..........................................................................12

*VideoShare v. Google et al.,*
   6:19-cv-00663, 2021 WL 4464182 (W.D. Tex. Oct. 8, 2021) .................................3

**Federal Statutes**

35 U.S.C. §§ 271(a), 271(b), 271(c) ...........................................1, 4, 9, 13, 14

**Rules**

Fed. R. Civ. P. 12(c) ...................................................................1,2,3, 8

Local Rule CV-7(i) ...........................................................................15

Fed. R. Civ. P. 12(b)(6)........................................................................3

Fed. R. Civ. P. 12(b)(6)........................................................................8

Fed. R. Civ. P. 12(h)(2)........................................................................3

Defendant Wenger S.A. ("Wenger") hereby files this Motion for Judgement on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c).

## I.    INTRODUCTION

This action for patent infringement should be dismissed because Plaintiff SwissDigital USA Co., Ltd. ("SwissDigital") fails to state legally cognizable claims for direct, induced, or contributory infringement against Defendant Wenger S.A. ("Wenger").

*First*, judgment of no direct infringement should be entered because SwissDigital has not—and cannot—show that Wenger makes, uses, sells, or offers for sale the accused products, and therefore cannot meet the elements of 35 U.S.C. § 271(a).

*Second*, the claims for induced infringement under 35 U.S.C. § 271(b) should be dismissed because SwissDigital has not pled facts showing that Wenger specifically intended or took actions towards inducing infringement.  Judgment of no induced infringement should also independently be entered because SwissDigital's theory of inducement via a trademark license fails as a matter of law.

*Third*, judgment of no contributory infringement should be entered because SwissDigital has failed to plead that Wenger offers for sale or sells any component of a patented invention, and therefore cannot meet the elements of 35 U.S.C. § 271(c).

Accordingly, Wenger respectfully requests that the Court enter judgment against SwissDigital.

## II.    BACKGROUND

SwissDigital filed the present lawsuit on April 30, 2021, asserting claims of infringement over two patents against Wenger.  Dkt. 1 (the "Complaint").  Wenger subsequently filed a motion

to dismiss for failure to state a claim,[1] asking the Court to dismiss SwissDigital's Complaint because it recited only bare assertions of direct infringement, failed to state a legally cognizable theory of induced infringement, and failed to plead the statutorily required elements of contributory infringement.  Dkt. 14 (the "First Motion to Dismiss").  SwissDigital filed a First Amended Complaint ("FAC"), raising claims of direct, induced, and contributory infringement of the same two patents, and mooting the First Motion to Dismiss (Dkt. 20), and Wenger filed its Answer.  (Dkt. 23).

The products alleged to infringe in the FAC are identified as "SWISSGEAR branded backpacks."  *See, e.g.,* FAC (Dkt. 20) at ¶¶ 19-21.  Wenger has registered the SWISSGEAR trademark under registration number 376824.  FAC (Dkt. 20) ¶ 9; Answer (Dkt. 23) ¶ 9.  The registered trademark is able to be used in connection with, among other things, "luggage, backpacks, daypacks, [and] duffel bags."  FAC (Dkt. 20) ¶ 9; Answer (Dkt. 23) ¶ 9.

Wenger maintains a website, http://www.wenger.ch/global/en (the "Wenger Website"), at which it sells watches.  FAC (Dkt. 20) ¶ 8, 10; Answer (Dkt. 23) ¶ 8, 10.  No bags or luggage are sold on the Wenger Website.  *See* Dkt. 14-2 at 3 (Wenger Website noting that "Travel Gear" sales have "Moved").[2]  Instead, customers desiring such products are told "Sorry, We've Moved," and "For all Wenger Travel Gear & Business Gear needs, please visit us at SWISSGEAR®."  FAC (Dkt. 20) ¶ 11; Answer (Dkt. 23) ¶ 11.  Customers then have the option to click on a link to www.swissgear.com (the "Group III Website"), which directs customers to an external website.

---

[1] That motion also requested dismissal under Fed. R. Civ. P. 12(b)(2).

[2] This website is mentioned in the FAC at ¶¶ 10-11.  The FAC includes screenshots of the website, including the quoted text.  The website may be considered in a 12(b)(6) posture, which is akin to the 12(c) posture here, because it is contained in SwissDigital's FAC.  *See Hale v. King*, 642 F.3d 492, 498 (5th Cir. 20 11) ("We generally confine our [12(b)(6)] analysis to the complaint and its proper attachments . . .").

FAC (Dkt. 20) ¶ 12; Answer (Dkt. 23) ¶ 12.  Wenger does not own, control, design, manage, make sales on, or host the Group III Website.  Answer (Dkt. 23) ¶ 12; *see also* Pulichino Decl. (Dkt. 27-2) ¶ 5.  The Group III Website is managed, operated, and hosted by Group III, a trademark licensee of Wenger.  *See* Pulichino Decl. (Dkt. 27-2) ¶ 5.

## III.   LEGAL STANDARD

A court evaluates a Rule 12(c) motion under the same standard as a Rule 12(b)(6) motion.[3] *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008); *VideoShare v. Google et al.*, 6:19-cv-00663, 2021 WL 4464182, at *2 (W.D. Tex. Oct. 8, 2021).  Claims of patent infringement may properly be dismissed on a Motion for Judgment on the Pleadings under Rule 12(c).  *See, e.g., Boynton v. Headwaters, Inc.*, 243 F. App'x. 610, 614-615 (Fed. Cir. 2007) (affirming dismissal of induced infringement claims under 12(c)); *see also, e.g., Eagle Pharm. Inc. v. Slayback Pharma LLC*, 958 F.3d 1171, 1177 (Fed. Cir. 2020) (affirming grant of judgment of non-infringement on the pleadings).  A motion to dismiss is not unique to patent law and is therefore evaluated under the applicable law of the regional circuit. *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012).

In deciding a motion to dismiss, a court may consider public records, including patent prosecution histories. *Data Engine Techs. LLC v. Google LLC*, 906 F.3d 999, 1008 n.2 (Fed. Cir. 2018).  Rule 12(h)(2) allows raising failure to state a claim upon which relief can be granted under 12(c).  Fed. R. Civ. P. 12(h)(2).  Further, "when ruling on a Rule 12(c) motion, district courts have discretion to consider evidence outside the complaint for purposes of deciding whether to accept

---

[3] Accordingly, references to the legal standards of a 12(b)(6) motion and a 12(c) motion will be used interchangeably throughout, while noting which type of motion was at issue in the cited authority.

that evidence and convert the motion into one for summary judgment." *Eagle Pharm*, 958 F.3d at 1177 (citations omitted).

## IV.    ARGUMENT

### A.    No Direct Infringement

#### i.    *As a trademark licensor, Wenger does not make, use, sell, or offer for sale the accused products.*

Direct infringement occurs when someone "without authority makes, uses or sells any patented invention[] within the United States during the patent therefor." 35 U.S.C. § 271(a). A license to use a trademark does not, without more, lead to liability for patent infringement when the trademark is used on an accused product. *L.A. Gear, Inc. v. E.S. Originals, Inc.*, 859 F.Supp. 1294, 1299-1300 (C.D. Cal. 1994); *see also Evolutionality Intelligence v. Facebook*, No. c 13-4202, 2014 WL 261837, at *3 (N.D. Cal. Jan 23, 2014) ("Even assuming a non-party is currently developing a product that embodies the patents, it does not change the fact that plaintiff itself is a mere licensor of the patents and does not practice the claimed inventions.") (in analyzing a stay).

SwissDigital pleads that Wenger "sells" the accused products because the accused products bear Wenger's SWISSGEAR trademark. FAC ¶¶ 38, 57. SwissDigital pleads that the products bearing this trademark are "sold and offered for sale by [Wenger's] licensees." FAC ¶ 12. But sale by a trademark licensee does not establish sale *by Wenger*.

The Group III Website itself notes "SWISSGEAR® IS A REGISTERED TRADEMARK AND USED UNDER LICENSE BY GROUP III INTERNATIONAL INC." *See* Exh. A (www.swissgear.com).[4]   Accordingly, even taken in the light most favorable to the plaintiff as

---

[4] This website is mentioned in the FAC at ¶¶ 12-18, 20, 28, 31-34, 51-52, 56. The FAC includes screenshots of the website throughout, although none of the screenshots include the bottom of the website where the quoted text is located. As explained above in footnote 2, the website and the

pled, it is clear that *Group III International Inc.* has a license to use the SWISSGEAR trademark on its products, including the products accused in this case. But the defendant in this case, Wenger, does not directly affix its trademark to the accused products (*see* Bussard Decl. (Dkt. 14-1) ¶ 14), and therefore **the defendant Wenger does not sell or offer for sale those products**. Wenger's involvement starts and stops at the license of its trademark to be used on products sold or offered for sale by a different company, Group III. And this trademark license is an insufficient basis to establish sale *by Wenger*.

SwissDigital also alleges that Wenger "controls, supervises, and directs the bona fide use of its trademark." FAC ¶¶ 38, 57. However, Wenger's actions with respect to the trademark are inapposite. *L.A. Gear*, 859 F. Supp. at 1299-1300 ("[T]rademark license agreements do not in and of themselves create an agency relationship;" the patentee must show that the accused infringer exercised control over the licensee's activities to sustain a claim of direct infringement.) (citations omitted). To show that Wenger is responsible for the infringement of the accused products, SwissDigital would need to show that Wenger controls, supervises, or directs decisions about the use or sale *of the accused products*. SwissDigital has not—and cannot—do so.

Instead, at best, SwissDigital has pled that Wenger licenses the SWISSGEAR trademark for use by Group III. But use of a trademark does not establish liability for direct patent infringement. *See, e.g., L.A. Gear*, 859 F. Supp. at 1299 ("Although undeniably creative, this argument is pure sophistry in that it plays semantic games with the word 'use,' which carries different meanings in patent and trademark law."). That Group III may use the SWISSGEAR

---

text at the bottom of the page may be considered in a 12(b)(6) posture (akin to the 12(c) posture here) because it is contained in SwissDigital's FAC. *See Hale v. King*, 642 F.3d 492, 498 (5th Cir. 2011) ("We generally confine our [12(b)(6)] analysis to the complaint and its proper attachments . . .").

mark on the accused products does not implicate any action by Wenger sufficient to establish liability for direct patent infringement; rather, the contractual license of the SWISSGEAR trademark demonstrates that Wenger has distanced itself from all aspects of the products that bear the SWISSGEAR mark beyond the mark itself.

Accordingly, judgment should be entered against SwissDigital's claims for direct infringement and indirect infringement, at least because "a finding of direct infringement is predicate to any finding of indirect infringement." *Intellectual Ventures I LLLC v. Motorola Mobility LLC*, 870 F.3d 1320, 1322, 1331 (Fed. Cir. 2017).  Accordingly, if the Court finds that SwissDigital's direct infringement claims fail to state a claim upon which relief can be granted, SwissDigital's indirect infringement claims necessarily fail as well.

> ### ii.    Merely directing customers to the Group III Website does not constitute sales or offers for sale.

Wenger's website directs customers seeking "Wenger Travel Gear" to "visit us at SWISSGEAR®."  FAC (Dkt. 20) ¶ 11; Answer (Dkt. 23) ¶ 10-11.  When a customer clicks on the links, they are taken to the external "SWISSGEAR by WENGER" website at www.swissgear.com. FAC (Dkt. 20) ¶ 12; Answer (Dkt. 23) ¶ 12.  These allegations are supported by screenshots of the Wenger Website and the Group III Website.  FAC (Dkt. 20) ¶¶ 10-12; Answer (Dkt. 23) ¶¶ 10-12; *see also* Dkt. 14-2 (full Wenger Website, as attached to First Motion to Dismiss, portions of which are cited in the FAC).

But Wenger does not own or operate the www.swissgear.com website.  *See* Answer (Dkt. 23) ¶¶ 12-13; FAC (Dkt. 20) ¶ 12;[5] Pulichino Decl. (Dkt. 27-2) ¶ 3.  SwissDigital has thus

---

[5] SwissDigital pleads that Wenger owns and operates the www.swissgear.com website, but SwissDigital does not plead any facts in support of this allegation and Wenger specifically denies this allegation.  *See* Answer (Dkt. 23) ¶ 12; FAC (Dkt. 20) ¶ 12.  Indeed, SwissDigital cannot plead facts showing that Wenger owns the Group III Website, as that allegation is not true.  Accordingly,

plausibly pled that (1) the Wenger Website invites customers to "visit us at SWISSGEAR®," including a hyperlink; (2) the hyperlink redirects to the Group III Website; and (3) the customer may purchase the accused products on the Group III Website.  But even under these facts, "[n]othing on the [Wenger W]ebsite suggests one could purchase any of the [SwissGear products] from [Wenger]."  *SIPCO, LLC v. Streetline, Inc.*, 2018 WL 762335, at *1 (D. Del. Feb. 7, 2018) (granting a 12(b)(6) motion where the defendant's website explained that the defendant had acquired the brand of the products).

The court in *SIPCO, LLC v. Streetline, Inc.* recognized that a website advertising such a corporate relationship is insufficient to state a claim for direct infringement, and dismissed claims of direct infringement where the only factual support that defendant offered for sale or sold the accused products was the defendant's website "which state[d], 'Our offerings include . . .'" the accused products, where the website included "a short paragraph related to [defendant]'s acquisition of" the brand under which the products were produced.  2018 WL 762335, at *1. There, the court found that the website did not "support[] an inference that [defendant was] manifesting a willingness to enter into a bargain with a prospective customer."  *Id.* (citing *Rotec Indus. v. Mitsubishi Corp.*, 215 F.3d 1246, 1254-55 (Fed. Cir. 2000)).  Further, "[n]othing on the website provided in the [complaint] suggest[ed] one could purchase any of the listed parking solutions from [defendant]."  *Id.*  The court noted that there were no additional facts pled

---

this bare assertion need not be given weight in the Court's analysis.  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) ("[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements.") (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

supporting an inference that defendant sold the accused products.  *Id.*  Accordingly, the court granted the 12(b)(6)[6] motion against the direct infringement claims.  *Id.*

SwissDigital's allegations of direct infringement fail for similar reasons.  SwissDigital's only factual support that Wenger sold or offered for sale the accused products is the website https://www.wenger.ch/global/en, which "directs customers seeking 'Wenger Travel Gear' to 'visit us at SWISSGEAR®.'"  FAC (Dkt. 20) ¶¶ 10-11.  The accused products are not available for sale anywhere on the Wenger website.  Nothing on the Wenger website suggests that consumers may purchase the accused products through Wenger.  Instead, the Wenger Website tells customers looking for "Travel Gear" that "Sorry, We've Moved."  FAC (Dkt. 20) ¶ 11.  It invites customers looking "[f]or all Wenger Travel Gear & Business Gear needs" to "please visit us at SWISSGEAR®."  *Id.*  Then, the Wenger Website redirects the customer to an entirely new website to explore the accused products, if they so choose.  FAC (Dkt. 20) ¶ 12.  The Wenger Website thus "makes clear that [the accused product] is [Group III]'s product," not Wenger's.  *See SIPCO*, 2018 WL 762335, at *1.

At best, the Wenger Website "does little more than establish that [Wenger] advertises the products of [Group III]—not that it makes, uses, sells, offers to sell, or imports the products independent of [Group III]."  *Illinois Tool Works Inc.  v. Termax LLC*, 2021 WL 1239215, at *3 (N.D. Ill. Apr. 2, 2021) (granting a 12(b)(6) motion where defendant's only action was a catalog that advertised the accused products as those of its corporate parent, which was insufficient to

---

[6] Although the present motion is for judgment on the pleadings under Rule 12(c), the same standard applies.  *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002) ("Rule 12(b)(6) decisions appropriately guide the application of Rule 12(c) because the standards for deciding motions under both rules are the same.") (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1368, at 591 (Supp. 2002)) (quotation marks omitted).

establish that the defendant made, used, sold, offered for sale, or imported the products of the corporate parent).  Here, the Wenger Website merely informs potential customers of the location of the SwissGear website if they are interested in SwissGear travel products – it does not sell or offer to sell those products.

Indeed, SwissDigital's allegations show as much.  SwissDigital cannot point to the Wenger Website, so instead it repeatedly points to the Group III-owned www.swissgear.com website that mentions "SWISSGEAR by Wenger;" but all mentions of Wenger on that website are specifically associated with the use of the *trademark* "SWISSGEAR."  *See* Dkt. 20-3 (Trademark Assignment Record for "SWISSGEAR" mark).  Accordingly, judgment should be entered against SwissDigital's claims of direct infringement, and because "a finding of direct infringement is predicate to any finding of indirect infringement," if the Court finds that SwissDigital's direct infringement claims fail to state a claim upon which relief can be granted, SwissDigital's indirect infringement claims necessarily fail as well.  *Intellectual Ventures I*, 870 F.3d at 1331.

### B.    No Induced Infringement

The patent laws also provide that "[w]hoever actively induces infringement of a patent shall be liable as an infringer."  35 U.S.C. § 271(b).  To adequately plead a claim of induced infringement, a plaintiff's complaint must demonstrate that "the defendant knew of the patent and that the induced acts constitute patent infringement."  *Commit USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1925 (2015) (internal quotation marks omitted).  The complaint must also "allege a specific intent to induce infringement."  *Monolithic Pwr. Sys., Inc. v. Meraki Integrated Circuit (Shenzhen) Tech., Ltd.*, 2021 WL 3931910, at *5 (W.D. Tex. Sept. 1, 2021) (citing *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006)).  But SwissDigital has failed to show that Wenger knew or specifically intended to induce infringement of the asserted patents.

> ### i. *SwissDigital has failed to sufficiently plead that Wenger committed a specific act to induce infringement.*

SwissDigital alleges that Wenger induces infringement because it has "induced, caused, urged, encouraged, aided, and abetted its customers to infringe," "knew the products infringed," "intended the customers would use the products to infringe and that retailers would sell and offer the infringing products for sale," and "took active steps to encourage infringement through its website marketing and sales and through the goodwill associated with the Wenger brand." FAC (Dkt. 20) ¶¶ 39, 58; *see also id.* ¶¶ 40-44, 59-62.

But this is nothing more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," which "do not suffice." *Iqbal*, 556 U.S. at 678. Bare recitation of the elements of induced infringement do not plausibly recite a claim for relief. The only facts SwissDigital alleges are with respect to knowledge. But a proper claim for induced infringement also requires SwissDigital to plead facts regarding specific intent. For this reason alone, judgment should be entered against SwissDigital's induced infringement claims.

Even if SwissDigital's FAC recites more than these threadbare assertions, its claims for induced infringement are inadequate to state a claim for which relief may be granted because SwissDigital has failed to present any "[e]vidence of active steps taken to encourage direct infringement, such as advertising an infringing use or instructing how to engage in an infringing use, [which would] show[] an affirmative intent that the product be used to infringe . . .." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 915, 936 (2005) (citations omitted).

To establish induced infringement, there must be some showing by the Plaintiff that the accused infringer took "affirmative steps [ ] to foster infringement." *DSU Med. Corp.*, 471 F.3d at 1305-06. Nevertheless, the FAC merely states that Wenger "offered for sale, sold, and induced others to buy, use, and sell these infringing products" (FAC (Dkt. 20) ¶¶ 39, 58), "by affirmative

acts, including but not limited to selling . . ., marketing . . . providing instructions, technical support, and other encouragement . . ." about the accused products.  FAC (Dkt. 20) ¶¶ 40, 59.  But SwissDigital has not provided <u>any</u> factual support of these allegations; instead, SwissDigital has only pled factual support that the *Group III* Website "sell[s]" and "market[s]" the accused products.  *See* FAC (Dkt. 20) ¶¶ 13-18; *see also supra* at § 3.A.1.

SwissDigital also pleads that "Defendant controls, directs, and supervises the use of its trademark in commerce in the United States, and, as a result, Defendant is involved in the manufacture and design of the infringing products in order to supervise the use of its mark."  FAC (Dkt. 20) ¶¶ 39, 58.  But mere ownership of a trademark does not show any "affirmative steps [by Wenger] to foster infringement."  *DSU Med. Corp.*, 471 F.3d at 1305-1306.  And SwissDigital provides no other factual support that Wenger "is involved in the manufacture and design of the infringing products." FAC (Dkt. 20) ¶¶ 39, 58.  SwissDigital's conjecture is an insufficient basis to maintain an allegation of inducement of infringement.

### ii. *SwissDigital has failed to sufficiently plead that Wenger had specific intent to induce infringement.*

SwissDigital's claims for induced infringement are additionally and independently inadequate to state a claim for which relief may be granted because SwissDigital does not plausibly plead specific intent.  *DSU Med. Corp.*, 471 F.3d at 1306.

SwissDigital alleges that Wenger "induced others to buy, use, and sell these infringing products" (FAC (Dkt. 20) ¶¶ 44, 62), and specifically intended infringement because it "performed affirmative acts that constitute induced infringement, and knew that those acts would induce actual infringement."  FAC (Dkt. 20) ¶¶ 41, 60.  Specifically, SwissDigital alleges that Wenger specifically intended infringement because Wenger "promoted the sale of the infringing products and directed, supervised, and controlled the use of its trademark on the infringing products," and

11

"enticed consumers to purchase the infringing products through the use of its trademark and associated goodwill for profit."  FAC (Dkt. 20) ¶¶ 44, 62.

But "the mere act of licensing by itself does not evince at intent to induce infringement." *L.A. Gear,* 859 F.Supp. at 1301 (emphasis omitted); *Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1470 (Fed. Cir. 1990) ("The grant of a licensed from [defendant] to [direct infringer] . . . is not probative of any intent to induce infringement.")  In *L.A. Gear*, the Court found a trademark license and a subsequent royalty addendum insufficient to constitute inducement by the trademark licensor.  *L.A. Gear*, 859 F.Supp. at 1300-01.  There, trademark owner Voit licensed used of its mark to defendant ESO, and ESO used the mark on shoes sold in various retail markets. *Id.* at 1296-97.  Voit and ESO entered into a trademark license in 1991 and a subsequent reduced royalty rate agreement in February 1993.  *Id.* at 1300.  Plaintiff subsequently sued Voit and ESO for patent infringement based upon light-up modules contained in the shoes.  *Id.*  The court granted summary judgment against plaintiff, holding that as a matter of law Voit did not induce infringement based upon the Voit-ESO trademark license agreement because "Voit's involvement with the lighted shoe line bearing its mark [wa]s best described as passive" and the agreements between Voit and ESO took place prior to any of Voit's knowledge about the asserted patent and therefore could not evince intent to induce infringement.  *Id.* at 1297, 1303.

Nevertheless, here, SwissDigital pleads nothing more than bare licensing.  SwissDigital pleads only the conclusory assertions that "Defendant promoted the sale of the infringing products and directed, supervised, and controlled the use of its trademark on the infringing products. Defendant also enticed customers to purchase the infringing products through the use of its trademark and associated goodwill for profit."  FAC ¶¶ 44, 62.  These conclusory allegations, without factual support, are insufficient to state a claim for induced infringement.  *Taylor v. Books*

*A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.") (internal quotation marks omitted).

Similarly, the Wenger Website's redirection to the Group III website is insufficient to establish a specific intent to induce infringement. This redirection does not constitute an "affirmative step[ ] to foster infringement." *DSU Med. Corp.*, 471 F.3d at 1305-06. The Wenger Website, at best, indicates that "travel gear" bearing the SWISSGEAR mark may be purchased through another retail outlet. Nowhere does Wenger affirmatively represent *anything* about the accused products or their features. Instead, the Wenger Website merely notifies users of the website that *another* outlet, the Group III website, provides unidentified "travel gear" with unidentified features.

Accordingly, judgment should be entered against SwissDigital's claims of induced infringement.

### C.    No Contributory Infringement

The patent laws further provide for "liab[ility] as a contributory infringer" for "[w]however offers to sell or sells within the United States or imports into the United States a component" of an infringing product. 35 U.S.C. § 271(c). "A complaint only satisfies the elements of contributory infringement by alleging that: (1) defendant had knowledge of the patent; (2) defendant sold products especially made for infringing use; (3) defendant had knowledge of the infringing use; (4) the products had no substantial noninfringing use; and (5) there exists an underlying act of direct infringement." *Monolithic Pwr. Sys.*, 2021 WL 3931910, at *5 (citing *Netgear, Inc. v. Ruckus Wireless, Inc.*, 852 F. Supp. 2d 470, 476-77 (D. Del. 2012)).

SwissDigital asserts that Wenger has contributorily infringed by "provid[ing] the infringing products that retailers sell and offer for sale" and "provid[ing] customers with the

products for infringing use." FAC (Dkt. 20) ¶¶ 46, 64. But SwissDigital does not even provide conclusory allegations that Wenger "offers to sell or sells within the United States or imports into the United States a component of an infringing product." 35 U.S.C. § 271(c). Rather, SwissDigital's claims of contributory infringement seems to collapse into its claims for direct infringement. Accordingly, judgment should be entered against SwissDigital's claims of contributory infringement,

## V.    CONCLUSION

SwissDigital has failed to plausibly allege claims for relief on any of its claims. Accordingly, and for the reasons stated herein, Wenger respectfully requests that its Motion for Judgment on the Pleadings be granted, and that judgment be entered against SwissDigital's claims of direct, induced, and contributory infringement as pled in its First Amended Complaint.

Dated: April 8, 2022

*/s/ Taylor N. Mauze*
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
7500 Rialto Boulevard, Suite 250
Austin, Texas 78735
Telephone: (650) 623-1401
Facsimile: (650) 623-1449

Christine E. Lehman (*pro hac vice*)
clehman@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
1909 K Street, NW, Suite 800
Washington, DC 20006
Tel: (202) 894-7311

**Attorneys for Defendant Wenger, S.A.**

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument has been served to all counsel of record by electronic mail on April 8, 2022.

*/s/ Taylor N. Mauze*

## CERTIFICATE OF CONFERENCE

I hereby certify that, pursuant to Local Rule CV-7(i), on Monday, March 14, 2022, Mr. Darius Keyhani, counsel for Plaintiff, and myself met and conferred regarding the present Motion.

*/s/ Taylor N. Mauze*