**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| SWISSDIGITAL USA CO., LTD., *Plaintiff*, v. WENGER S.A., *Defendant*. | Civil Action No. 6:21-cv-453<br><br>Jury Trial Demanded |

**WENGER S.A.'S REPLY IN SUPPORT OF ITS MOTION TO TRANSFER
PURSUANT TO 28 U.S.C. § 1404(a)**

For the reasons in Defendant Wenger S.A.'s ("Wenger") Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) (Dkt. 27) as well as the reasons below, Wenger respectfully requests that the Court transfer the present case to the Southern District of Florida.

I.  **Any Nationwide Contacts Stemming From Wenger's SWISSGEAR Trademark Do Not Alter the Present Transfer Analysis.**

In its Response, SwissDigital dizzyingly notes that Wenger has adopted, used, and maintained goodwill in its "SWISSGEAR" trademark, which is used under license on the accused products. *See* Resp. (Dkt. 29) at 1.[1] In support of these contentions, SwissDigital points to statements made by Wenger in an unrelated case about trademark claims in the Southern District of New York, *Wenger S.A. v. Galaxy Brands LLC et al.*, No. 1:20-cv-01107 (S.D.N.Y. 2020). *See id.* These statements, while true, are inapposite to the present transfer analysis.

SwissDigital seems to contend that Wenger's SWISSGEAR trademark and its maintenance thereof somehow create contacts to this District. But SwissDigital does not present any argument or contention that the SWISSGEAR mark leads to any sources of proof, witnesses, or other connections to this District. Further, Wenger has presented sworn declarations noting that Wenger does not have any contacts to the Western District of Texas, even in light of Wenger's ownership and maintenance of the SWISSGEAR mark. *See* Decl. of Jean-Daniel Bussard (CFO of Wenger S.A.) (Dkt. 14-1) ¶¶ 4-14. And any nationwide contacts stemming from the trademark do not show otherwise; as SwissDigital itself notes, "having 'general contacts with a forum,' such as a 'general presence,' does not weigh heavily in favor of transfer when these contacts 'are untethered from the lawsuit.'" Resp. (Dkt. 29) at 11 (citing *Monterey Rsch., LLC v. Broadcom Corp.*, 2022 WL 526240, at *14 (W.D. Tex. Feb. 21, 2022)). Even taking into account Wenger's SWISSGEAR

---

[1] A fuller explanation of Wenger's ownership of the "SWISSGEAR" trademark and its use on the accused products in this case can be found in Wenger's Motion for Judgment on the Pleadings (Dkt. 31) at 1-3.

trademark, in light of each of the Fifth Circuit factors favoring transfer as explained in Wenger's Motion (Dkt. 27) and *infra*, the Southern District of Florida is clearly more convenient than the present forum, and this case should be transferred. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (hereinafter, "*Volkswagen II*") ("When the movant demonstrates that the transferee venue is clearly more convenient, however, it has shown good cause and the district court should therefore grant the transfer."); *see also In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020) (noting that the movant's "burden of demonstrating that the transferee venue is clearly more convenient" is not be be "confuse[d] . . . with the showing needed for a conclusion that a particular private or public interest factor factors transfer," and that "a factor can favor transfer even if that factor is, standing alone, insufficient to warrant transfer.") (citations omitted).

**II.     The Witnesses and Sources of Proof of Group III Necessarily Inform the Transfer Analysis, and Favor Transfer to the Southern District of Florida.**

Group III is the entity responsible for the design, coordination of manufacture, offers for sale, and sale of the accused products. *See* Mot. (Dkt. 27) at 7 (citing Pulichino Decl. (Dkt. 27-2)). As such, Group III has *critical* information to this lawsuit unattainable from either party in this case. Accordingly, the location of Group III, its sources of proof, and its witnesses necessarily inform the present transfer analysis, SwissDigital's categorical denial notwithstanding.

Although it may be too early at the present stage to tell with absolute certainty *how* Group III's involvement will inform this case, regardless of how Group III is treated in the transfer analysis, the outcome is that the private interest factors favor transfer.

**A. The Ease of Access to Sources of Proof Favors Transfer.**

The ease of access to sources of proof factor favors transfer. SwissDigital does not dispute that Wenger's documents and other sources of proof are outside of this District, in Switzerland. *See* Resp. (Dkt. 29) at 6. Neither party alleges that SwissDigital has any documents in this District.

*See, e.g.,* Mot. (Dkt. 27) at 6; Resp. (Dkt. 29) at 5-7.  But the sources of proof factor looks to *all* sources of proof relevant to the case, and Group III undeniably has many sources of proof important to this case, all in the Southern District of Florida.  *See* Mot. (Dkt. 27) at 4-5.

The factor of ease of access to sources of proof looks to non-witness evidence and can of course consider sources of proof from non-parties.  *See, e.g., In re Apple Inc.*, 979 F.3d at 1339-40 ("This factor relates to the ease of access to non-witness evidence, such as documents and other physical evidence" and including analysis of relevant documents from parties and third-parties).  Accordingly, although any sources of proof from Wenger may be across seas and therefore on their own neutral, considering all sources of proof relevant to this case, the bulk of relevant evidence is in the Southern District of Florida, and therefore this factor favors transfer.

**B. Regardless of the Factor Under Which the Group III Witnesses are Analyzed, the Outcome Favors Transfer.**

Regardless of whether the Group III witnesses are analyzed under the willing witnesses or compulsory process factor, the outcome is that the factors, collectively, favor transfer.

As Wenger noted in its Motion, if witnesses from Group III are analyzed as party witnesses, then the willing witnesses factor favors transfer, and the compulsory process factor may be neutral; if, on the other hand, Group III witnesses are analyzed as unwilling witnesses, then the willing witnesses factor may be neutral, and the compulsory process factor favors transfer.  *See* Mot. (Dkt. 27) at 7 n.9.  Either way, the net result is that, as a whole, the two private interest factors focused on the convenience to witnesses favor transfer.

Group III witnesses should clearly be considered in this Court's transfer analysis.  It is uncontroverted that Group III—not Wenger—designs, coordinates manufacture, and sells the accused products.  *See* Answer (Dkt. 23) ¶ 12; *see also* Pulichino Decl. (Dkt. 27-2) ¶ 5.  Any witnesses from Group III reside and work in Florida.  *See* Mot. (Dkt. 27) at 7 (citing Pulichino

Decl. (Dkt. 27-2) ¶¶ 8, 13). Accordingly, all witnesses with relevant knowledge of the design, coordination of manufacture, and sale of the accused products are in the proposed transferee forum, the Southern District of Florida. Wenger is not asking the Court to guess the identify of relevant witnesses (*see WSOU Inv. LLC v. Arista Networks, Inc.*, 2021 WL 6015526, at *3 (W.D. Tex. Nov. 5, 2021) (("The Court will not guess" at the identity or relevance of witnesses.) (collecting cites))), nor to base its entire analysis on the identification of Mr. Pulichino by name—rather, Wenger is noting that, regardless of the identity of witnesses (which may change, e.g., as trial approaches or as discovery is undertaken), the witnesses are in the Southern District of Florida.

The identification of these witnesses particularly favors transfer because no other witnesses in this District have been identified. *In re Juniper Networks, Inc.*, 14 F. 4th 1313, 1322 (Fed. Cir. 2021) ("In fact, because [movant] identified several non-party potential witnesses in the [transferee forum], and [non-movant] identified none in the Western District of Texas [the transferor forum], it is puzzling why this factor was not treated as weighing at least slightly in favor of transfer.").

And that SwissDigital may or may not call Group III witnesses does not sway this analysis. SwissDigital alleges that the relevant features of the accused products are "visually accessible" and therefore states that Plaintiff does not intend to call any witnesses from Group III. Resp. (Dkt. 29) at 8. But even if SwissDigital may not call fact witnesses from the party that designs, coordinates manufacture, sells, and offers for sale the accused products, Wenger can—and intends to—call fact witnesses on the issues in this case, including infringement, invalidity,[2] and damages. And, as mentioned above, these witnesses necessarily come from Group III, and therefore necessarily hale from the Southern District of Florida.

---

[2] Notably, the prior art asserted in Wenger's Invalidity Contentions includes prior Group III products.

4

### III. The Public Interest Factors Also Favor Transfer.

SwissDigital further mis-analyzes several of the public interest factors that favor transfer.

#### A. Local Interests Favor Transfer.

The localized interested factor pertains to a forum's "connections with the events that gave rise to this suit." *Volkswagen II*, 545 F.3d at 318; *see also In re Apple Inc.*, 979 F.3d at 1345 ("This factor most notably regards not merely the parties' significant connections to each forum writ large, but rather the 'significant connections between a particular venue and *the events that gave rise to a suit.*'") (citing *In re Acer*, 626 F.3d 1252, 1256 (Fed. Cir. 2010) (emphasis in original)). As the Federal Circuit has held, the localized interests factor favors transfer where relevant "third parties researched, designed, and developed most of" the accused products in transferee forum. *In re Samsung Elecs. Co., Ltd.*, 2 F. 4th 1371, 1380 (Fed. Cir. 2021). Accordingly here, where Group III researched, designed, and developed the accused products, local interests favor transfer.

#### B. Court Congestion Cannot on its Own Outweigh the Other Factors.

Under SwissDigital's own analysis, every factor is neutral save court congestion. *See* Resp. (Dkt 29) at 11-12. However, this factor alone cannot outweigh the other factors favoring transfer. *See In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009) (When "relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all those other factors.").

### IV. Conclusion

For the foregoing reasons, Defendant Wenger S.A. respectfully requests that the Court grant its Motion to Transfer to the Southern District of Florida.

Dated: April 11, 2022          */s/ Taylor N. Mauze*
                               Taylor N. Mauze (TX Bar 24102161)
                               tmauze@reichmanjorgensen.com

REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
7500 Rialto Boulevard, Suite 250
Austin, Texas 78735
Tel: (650) 623-1401

Christine E. Lehman (*pro hac vice*)
clehman@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
1909 K Street, NW, Suite 800
Washington, DC 20006
Tel: (202) 894-7311

***Attorneys for Defendant Wenger, S.A.***

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that a copy of the foregoing instrument has been served to all counsel of record by electronic mail on April 11, 2022.

                                                 */s/ Taylor N. Mauze*