**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **SWISSDIGITAL USA CO., LTD.** | § | |
| | § | |
| **Plaintiff,** | § | **Civil Action No.  6:21-cv-453-ADA** |
| | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **WENGER S.A.** | § | |
| | § | |
| **Defendant.** | § | |

**SWISSDIGITAL USA CO., LTD.'S RESPONSIVE CLAIM CONSTRUCTION BRIEF**

## TABLE OF CONTENTS

**Page**

I.     BACKGROUND……...………………………………………………………… 1

II.    CLAIM CONSTRUCTION LEGAL STANDARDS ……………………........…… 1

    A.    Claim Construction...............…………………….................……………………1

    B.    Departing from the Ordinary Meaning of a Claim Term...........……………….....4

    C.    Indefiniteness............…………………...................…………………….......5

III.    TERMS DISPUTED BY WENGER………….................……………………......6

    A.    "Retained Outside"……………………………………………………………6

    B.    "Adjacent To"……………………………………………………………… 8

    C.    "In Communication With"…..……..…………....……………......…………… 9

    D.    "Covers"………………………………………………………….............11

    E.    "Exposed"…………………………………………………….............12

    F.    "Fixedly Attached"………………………………………………………13

    G.    "At the Body Opening"……………………………………………….....14

    H.    "Retained In"………………………………………………….............16

IV.    CONCLUSION…………………………………………………………17

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Apple Inc. v. Motorola, Inc.,* 757 F.3d 1286 (Fed. Cir. 2014) …………………………………2

*Athletic Alts., Inc. v. Prince Mfg.,* 73 F.3d 1573 (Fed. Cir. 1996) ………………………….3

*Alloc, Inc. v. Int'l Trade Comm'n,* 342 F.3d 1361 (Fed. Cir. 2003) ………………………3

*Azure Networks, LLC v. CSR PLC,* 771 F.3d 1336 (Fed. Cir. 2014) ………………………*passim*

*Advanced Media Networks, LLC v. AT&T Mobility LLC,* 748 F. App'x 308
(Fed. Cir. 2018) ………………………………..…………………………………10, 14

*Ariad Pharm., Inc. v. Eli Lilly & Co.,* 598 F.3d 1336 (Fed. Cir. 2010) ……………………..14, 16

*Baker Hughes Oilfield Operations, Inc. v. Prod. Tool Sol., Inc.,* No. 1-17-CV-291-LY, 2020
WL 1916691 (W.D. Tex. Apr. 17, 2020) ……………………………………………………....3

*BASF Corp. v. Johnson Matthey Inc.,* 875 F.3d 1360 (Fed. Cir. 2017) ………………….7, 8, 11

*Comark Commc'ns, Inc. v. Harris Corp.,* 156 F.3d 1182 (Fed. Cir. 1998) …………………...2

*Constant v. Advanced Micro-Devices, Inc.,* 848 F.2d 1560 (Fed. Cir. 1988) ………………......2

*Cordis Corp. v. Bos. Sci. Corp.,* 561 F.3d 1319 (Fed. Cir. 2009) ………………..…4, 8, 10, 12

*CCS Fitness, Inc. v. Brunswick Corp.,* 288 F.3d 1359 (Fed. Cir. 2002) ……………………10, 14

*Dow Chem. Co. v. Nova Chem. Corp. (Canada),* 809 F.3d 1223 (Fed. Cir. 2015) …………....5, 7

*Eon Corp. IP Holdings v. Silver Spring Networks,* 815 F.3d 1314 (Fed. Cir. 2016) …………..…4

*Eibel Process Co. v. Minnesota & Ontario Paper Co.,* 261 U.S. 45 (1923) …………………......6

*Engineered Arresting Sys. Corp. v. Runway Safe LLC,* No. 1:15-CV-546-LY, 2016 WL 5107083
(W.D. Tex. Sept. 19, 2016) …………………………………………………………………......6

*Flash-Control, LLC v. Intel Corp.,* No. 1:19-CV-01107-ADA, 2020 WL 4561591 (W.D. Tex.
July 21, 2020) ……………………………………………………………………………..15, 16

*GE Lighting Sols., LLC v. AgiLight, Inc.,* 750 F.3d 1304 (Fed. Cir. 2014) ……………..…4, 14

*Golden Bridge Tech., Inc. v. Apple Inc.,* 758 F.3d 1362 (Fed. Cir. 2014) …………..4, 10, 14, 16

*Hand Held Prod., Inc. v. Amazon.com, Inc.,* No. CV 12-768-RGA-MPT, 2014 WL 2873902 (D. Del. June 24, 2014) ……………………………………………………………………………5

*Hill-Rom Servs., Inc. v. Stryker Corp.,* 755 F.3d 1367 (Fed. Cir. 2014) …………………………3

*Hearing Components, Inc. v. Shure Inc.,* 600 F.3d 1357 (Fed. Cir. 2010) ………………….....6

*In re Hiniker Co.,* 150 F.3d 1362 (Fed. Cir. 1998) ………………………………………………2

*Innova/Pure Water Inc. v. Safari Water Filtration Sys., Inc.,* 381 F.3d 1111 (Fed. Cir. 2004)......1

*Interval Licensing LLC v. AOL, Inc.,* 766 F.3d 1364 (Fed. Cir. 2014) ……………………6, 8, 10

*Liebel-Flarsheim Co. v. Medrad, Inc.,* 358 F.3d 898 (Fed. Cir. 2004) ………………………….2

*O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.,* 521 F.3d 1351 (Fed. Cir. 2008) …………..3

*3M Innovative Props. Co. v. Tredegar Corp.,* 725 F.3d 1315 (Fed. Cir. 2013) …………………4

*Micropairing Techs. LLC v. Toyota Motor Mfg. Texas Inc.,* No. SA-21-CV-00940-XR, 2022 WL 62540 (W.D. Tex. Jan. 5, 2022) ……………………………………………………………………4

*Nautilus, Inc. v. Biosig Instruments, Inc.,* 572 U.S. 898 (2014) …………………………*passim*

*Panasonic Corp. v. Magna Int'l Inc.,* No. 6-21-CV-319-ADA, 2022 WL 625089 (W.D. Tex. Mar. 3, 2022) …………………………………………………………………………............2

*Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005) ……………….............…..….……..*passim*

*Pisony v. Commando Constr., Inc.*, No. W-17-CV-00055-ADA, 2019 WL 928406 (W.D. Tex. Jan. 23, 2019) …………………………………………………………………………7, 9,12

*Renishaw PLC v. Marposs Societa' per Azioni*, 158 F.3d 1243 (Fed. Cir. 1998) …………...2, 4, 7

*Sonix Tech. Co. v. Publ'ns Int'l, Ltd.,* 844 F.3d 1370 (Fed. Cir. 2017) …………………………..5

*Thorner v. Sony Comput. Entm't Am. LLC,* 669 F.3d 1362 (Fed. Cir. 2012) …………………….4

*Teleflex, Inc. v. Ficosa N. Am. Corp.,* 299 F.3d 1313 (Fed. Cir. 2002) ………………………….2

*USB Bridge Sols., LLC v. Buffalo Inc.*, No. 1-17-CV-001158-LY, 2020 WL 1906898 (W.D. Tex. Apr. 17, 2020) …………………………………………………………………..…14

*U.S. Surgical* Corp. *v. Ethicon, Inc.,* 103 F.3d 1554 (Fed. Cir. 1997) …............………………3

*VDP Patent, LLC v. Welch Allyn Holdings, Inc.*, 623 F. Supp. 2d 414 (S.D.N.Y. 2008) ….*passim*

*Woodrow Woods & Marine Exhaust Sys., Inc. v. Deangelo Marine Exhaust, Inc.*, 692 F.3d 1272 (Fed. Cir. 2012) …………………………….........…………………………...…………10

**Statutes**

35 U.S.C. § 112, ¶ 2…………………………………….……………………...…………..5

Plaintiff Swissdigital USA Co., Ltd. ("Swissdigital" or "Plaintiff") files this Responsive Claim Construction Brief in response to Wenger S.A. ("Wenger" or "Defendant")'s Opening Claim Construction Brief.  As set forth below, Swissdigital respectfully requests that the claim terms identified by Wenger be construed as having their ordinary and customary meaning.

## I.      BACKGROUND

U.S. Patent Number 10,574,071 ("the '071 Patent") issued on February 25, 2020 on an application filed on August 26, 2015.  Plaintiff has asserted claims 1, 6, 9, 10 and 17 of the '071 Patent against Wenger.  U.S. Patent Number 10,931,138 ("the '138 Patent") is a continuation-in-part of a continuation of the application that led to the '071 Patent and issued on February 23, 2021.  Plaintiff has asserted claim 23 of the '138 Patent against Wenger.

Wenger initially proposed 33 claim terms for construction and eventually narrowed its list down to the eight terms it presents in its Opening Claim Construction Brief.  *See* Dkt. No. 26. Despite arguing that five of these claim terms are indefinite, Wenger provides no expert evidence as to the understanding (or lack thereof) of these claim terms by one of ordinary skill in the art at the time of the invention.  Wenger has not met its burden of proving indefiniteness by clear and convincing evidence and none of the terms raised by Wenger require construction and should thus be given their ordinary and customary meaning.

## II.     CLAIM CONSTRUCTION LEGAL STANDARDS

### A.      Claim Construction

"It is a 'bedrock principle' of patent law that 'the claims of a patent define the invention to which the patentee is entitled the right to exclude.'" *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (en banc) (quoting *Innova/Pure Water Inc. v. Safari Water Filtration Sys., Inc.*, 381 F.3d 1111, 1115 (Fed. Cir. 2004)).  "The claim construction inquiry ... begins and ends in all

cases with the actual words of the claim." *Renishaw PLC v. Marposs Societa' per Azioni*, 158 F.3d 1243, 1248 (Fed. Cir. 1998). "[I]n all aspects of claim construction, 'the name of the game is the claim.'" *Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1298 (Fed. Cir. 2014) (quoting *In re Hiniker Co.*, 150 F.3d 1362, 1369 (Fed. Cir. 1998)) *overruled on other grounds by Williamson v. Citrix Online, LLC*, 792 F.3d 1339 (Fed. Cir. 2015). "[T]he context in which a term is used in the asserted claim can be highly instructive." *Phillips*, 415 F.3d at 1314. The specification may also resolve ambiguous claim terms "where the ordinary and accustomed meaning of the words used in the claims lack sufficient clarity to permit the scope of the claim to be ascertained from the words alone." *Teleflex, Inc. v. Ficosa N. Am. Corp.,* 299 F.3d 1313, 1325 (Fed. Cir. 2002). But, "'[a]lthough the specification may aid the court in interpreting the meaning of disputed claim language, particular embodiments and examples appearing in the specification will not generally be read into the claims.'" *Comark Commc'ns, Inc. v. Harris Corp.*, 156 F.3d 1182, 1187 (Fed. Cir. 1998) (quoting *Constant v. Advanced Micro-Devices, Inc.*, 848 F.2d 1560, 1571 (Fed. Cir. 1988)); *see also Phillips*, 415 F.3d at 1323. "[I]t is improper to read limitations from a preferred embodiment described in the specification—even if it is the only embodiment—into the claims absent a clear indication in the intrinsic record that the patentee intended the claims to be so limited." *Liebel-Flarsheim Co. v. Medrad, Inc.*, 358 F.3d 898, 913 (Fed. Cir. 2004); *Panasonic Corp. v. Magna Int'l Inc.*, No. 6-21-CV-319-ADA, 2022 WL 625089, at *5 (W.D. Tex. Mar. 3, 2022).

The prosecution history is another tool to supply the proper context for claim construction because, like the specification, the prosecution history provides evidence of how the U.S. Patent and Trademark Office ("PTO") and the inventor understood the patent. *Phillips*, 415 F.3d at 1317. However, "because the prosecution history represents an ongoing negotiation between the PTO

and the applicant, rather than the final product of that negotiation, it often lacks the clarity of the specification and thus is less useful for claim construction purposes." *Id.* at 1318; *see also Athletic Alts., Inc. v. Prince Mfg.*, 73 F.3d 1573, 1580 (Fed. Cir. 1996) (ambiguous prosecution history may be "unhelpful as an interpretive resource").

The general rule—subject to certain specific exceptions discussed *infra*—is that each claim term is construed according to its ordinary and accustomed meaning as understood by one of ordinary skill in the art at the time of the invention in the context of the patent. *Phillips*, 415 F.3d at 1312-13; *Alloc, Inc. v. Int'l Trade Comm'n*, 342 F.3d 1361, 1368 (Fed. Cir. 2003); *Azure Networks, LLC v. CSR PLC*, 771 F.3d 1336, 1347 (Fed. Cir. 2014) ("There is a heavy presumption that claim terms carry their accustomed meaning in the relevant community at the relevant time.") *cert. granted, judgment vacated*, 135 S. Ct. 1846 (2015).  No construction of a claim term is necessary when a person of ordinary skill in the art could readily ascertain the meaning of the term. *Hill-Rom Servs., Inc. v. Stryker Corp.*, 755 F.3d 1367, 1371 (Fed. Cir. 2014); *Baker Hughes Oilfield Operations, Inc. v. Prod. Tool Sol., Inc.*, No. 1-17-CV-291-LY, 2020 WL 1916691, at *9 (W.D. Tex. Apr. 17, 2020).

"Claim construction is a matter of resolution of disputed meanings and technical scope, not an obligatory exercise in redundancy." *See U.S. Surgical* Corp. *v. Ethicon, Inc.,* 103 F.3d 1554, 1568 (Fed. Cir. 1997); *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008) ("[D]istrict courts are not (and should not be) required to construe *every* limitation present in a patent's asserted claims.");  *Baker Hughes Oilfield Operations, Inc*, 2020 WL 1916691 (holding that the defendant "ha[d] identified no dispute over claim scope that necessitates construction of the term..."). At the claim construction stage, "courts should not resolve questions that do not go to claim scope, but instead go to infringement, or improper attorney argument." *See*

*Eon Corp. IP Holdings v. Silver Spring Networks*, 815 F.3d 1314, 1319 (Fed. Cir. 2016); *Micropairing Techs. LLC v. Toyota Motor Mfg. Texas Inc.*, No. SA-21-CV-00940-XR, 2022 WL 62540, at *14 (W.D. Tex. Jan. 5, 2022).

### B.   Departing from the Ordinary Meaning of a Claim Term

There are "only two exceptions to [the] general rule" that claim terms are construed according to their plain and ordinary meaning: "1) when a patentee sets out a definition and acts as his own lexicographer, or 2) when the patentee disavows the full scope of the claim term either in the specification or during prosecution." *Golden Bridge Tech., Inc. v. Apple Inc.*, 758 F.3d 1362, 1365 (Fed. Cir. 2014) (quoting *Thorner v. Sony Comput. Entm't Am. LLC*, 669 F.3d 1362, 1365 (Fed. Cir. 2012)); *see also GE Lighting Sols., LLC v. AgiLight, Inc.*, 750 F.3d 1304, 1309 (Fed. Cir. 2014) ("[T]he specification and prosecution history only compel departure from the plain meaning in two instances: lexicography and disavowal."). The standards for finding lexicography or disavowal are "exacting." *GE Lighting Sols.*, 750 F.3d at 1309.

To act as his own lexicographer, the patentee must "clearly set forth a definition of the disputed claim term," and "clearly express an intent to define the term." *Id.* (quoting *Thorner*, 669 F.3d at 1365); *see also Renishaw*, 158 F.3d at 1249. The patentee's lexicography must appear "with reasonable clarity, deliberateness, and precision." *Renishaw*, 158 F.3d at 1249.

To disavow or disclaim the full scope of a claim term, the patentee's statements in the specification or prosecution history must amount to a "clear and unmistakable" surrender. *Cordis Corp. v. Bos. Sci. Corp.*, 561 F.3d 1319, 1329 (Fed. Cir. 2009); *see also Thorner*, 669 F.3d at 1366 ("The patentee may demonstrate intent to deviate from the ordinary and accustomed meaning of a claim term by including in the specification expressions of manifest exclusion or restriction, representing a clear disavowal of claim scope."). "Where an applicant's statements are amenable

to multiple reasonable interpretations, they cannot be deemed clear and unmistakable." *3M Innovative Props. Co. v. Tredegar Corp.*, 725 F.3d 1315, 1326 (Fed. Cir. 2013).

### C.    Indefiniteness

Patent claims must particularly point out and distinctly claim the subject matter regarded as the invention. 35 U.S.C. § 112, ¶ 2.  "[A] patent is invalid for indefiniteness if its claims, read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention." *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 901 (2014).  Whether a claim is indefinite is determined from the perspective of one of ordinary skill in the art as of the time the application for the patent was filed.  *Id.* at 911.  "Indefiniteness must be proven by clear and convincing evidence." *Sonix Tech. Co. v. Publ'ns Int'l, Ltd.*, 844 F.3d 1370, 1377 (Fed. Cir. 2017).  "The burden of proving indefiniteness ... remains at all times on the party challenging the validity of the patent."  *Dow Chem. Co. v. Nova Chem. Corp. (Canada)*, 809 F.3d 1223, 1227 (Fed. Cir. 2015).

Extrinsic evidence may play a significant role in the indefiniteness analysis, as definiteness is evaluated from the perspective of a person of skill and requires a determination of whether such a skilled person would understand the scope of the claim when it is read in light of the specification. *Nautilus,* 572 U.S. 908; *Dow Chem.*, 809 F.3d at 1225; *Hand Held Prod., Inc. v. Amazon.com, Inc.*, No. CV 12-768-RGA-MPT, 2014 WL 2873902, at *5, *16, *27 (D. Del. June 24, 2014) (pointing to Amazon's lack of expert testimony in ultimately rejecting its indefiniteness arguments); *VDP Patent, LLC v. Welch Allyn Holdings, Inc.*, 623 F. Supp. 2d 414, 423 (S.D.N.Y. 2008) (stating that extrinsic evidence may be necessary to invalidate a claim as indefinite).

 "Claim language employing terms of degree has long been found definite where it provided enough certainty to one of skill in the art when read in the context of the invention."

*Interval Licensing LLC v. AOL, Inc.*, 766 F.3d 1364, 1370 (Fed. Cir. 2014) (citing *Eibel Process Co. v. Minnesota & Ontario Paper Co.*, 261 U.S. 45, 65-66 (1923) (finding "substantial pitch" sufficiently definite because one skilled in the art "had no difficulty ... in determining what was the substantial pitch needed" to practice the invention)). Thus, when a term of degree is used in the claim, the examiner should determine whether the specification provides some standard for measuring that degree. *Hearing Components, Inc. v. Shure Inc.*, 600 F.3d 1357, 1367 (Fed. Cir. 2010). A term of degree is not indefinite if the specification provides examples or teachings that can be used to measure a degree even without a precise numerical measurement. *See Interval Licensing LLC.*, 766 F.3d at 1371-72; *Engineered Arresting Sys. Corp. v. Runway Safe LLC*, No. 1:15-CV-546-LY, 2016 WL 5107083, at *7 (W.D. Tex. Sept. 19, 2016).

## III.   TERMS DISPUTED BY WENGER

### A.   "Retained Outside"

| Claim Term, Clause, or Phrase | U.S. Pat. No. 10,574,071 Claims | Plaintiff's Proposal | Defendant's Proposal |
|---|---|---|---|
| "retained outside" | 1, 10 | No construction necessary; plain and ordinary meaning | § 112 –Indefinite Alternatively, retained entirely outside of. |

Plaintiff contends that "retained outside" is a well understood claim term that when read in light of the specification delineating the patent, and the prosecution history, informs, with reasonable certainty, those skilled in the art about the scope of the invention at the time of the invention. *Nautilus, Inc.*, 572 U.S. at 901. Defendant's assertion that the term "retained outside" is "unclear" is conclusory attorney argument without any reasoning or support from a person of ordinary skill in the art at the time of the invention, and should be rejected. *VDP Patent, LLC v. Welch Allyn Holdings, Inc.*, 623 F. Supp. 2d 414, 423 (S.D.N.Y. 2008) (stating that extrinsic evidence may be necessary to invalidate a claim as indefinite). Accordingly, Defendant has not

met its burden of proving by clear and convincing evidence that the term is indefinite. *Dow Chem. Co. v. Nova Chem. Corp. (Canada)*, 809 F.3d 1223, 1227 (Fed. Cir. 2015) ("The burden of proving indefiniteness ... remains at all times on the party challenging the validity of the patent"); *BASF Corp. v. Johnson Matthey Inc.,* 875 F.3d 1360, 1365 (Fed. Cir. 2017) (holding that the "failure of any claim in suit to comply with § 112 must be shown by clear and convincing evidence").

With respect to Wenger's alternative construction, the prosecution history identified by Wenger does not support its conclusion. The examiner allowed the language as recited, and there is no reason to deviate from that language, which would be well understood by a skilled artisan. *Renishaw,* 158 F.3d at 1248 ("The claim construction inquiry ... begins and ends in all cases with the actual words of the claim"). Additionally, Defendant's attorney argument—without any evidence of an artisan's knowledge at the time of the invention—that the advantage of "a bag or luggage for convenient charging, which enables a user to charge a product needing to be charged conveniently at any time or any place during travelling, without necessarily opening the bag or luggage, nor taking out the power source for charging" requires the USB cable to be "entirely outside of the power cable outlet" is unavailing. Wenger fails to explain why, absent its proposed additional verbiage, a user would need to open the bag or luggage or take the power source out of the bag or luggage for charging. *Pisony v. Commando Constr., Inc.*, No. W-17-CV-00055-ADA, 2019 WL 928406, at *6 (W.D. Tex. Jan. 23, 2019) (rejecting the proposed construction for "to telescope" and finding additional verbiage "unnecessary ...for any reason other than to create a non-infringing argument"). Accordingly, no construction is necessary and the ordinary and customary meaning of this claim term should be applied.

B.      "Adjacent To"

| Claim Term, Clause, or Phrase | U.S. Pat. No. 10,574,071 Claims | Plaintiff's Proposal | Defendant's Proposal |
|---|---|---|---|
| "adjacent to" | 1, 10 | No construction necessary; plain and ordinary meaning | § 112 –Indefinite Alternatively, adjoining. |

Plaintiff contends that "adjacent to" is a well understood claim term that when read in light of the specification delineating the patent, and the prosecution history, informs, with reasonable certainty, those skilled in the art about the scope of the invention at the time of the invention. *Nautilus, Inc.,* 572 U.S. at 901.  Claims of degree have long been found definite.  *Interval Licensing LLC,* 766 F.3d at 1370.  Furthermore, Wenger's contention that the term "adjacent to" is "unclear" is conclusory attorney argument without any reasoning or support from a person of ordinary skill in the art at the time of the invention, and should be rejected.  *VDP Patent, LLC*, 623 F. Supp. 2d at 423 (stating that extrinsic evidence may be necessary to invalidate a claim as indefinite). Accordingly, Wenger has not met its burden of proving by clear and convincing evidence that the term is indefinite.  *Dow Chem. Co*, 809 F.3d at 1227 ("The burden of proving indefiniteness ... remains at all times on the party challenging the validity of the patent"); *BASF Corp.,* 875 F.3d at 1365 (holding that the "failure of any claim in suit to comply with § 112 must be shown by clear and convincing evidence").

With respect to Wenger's alternative construction, the prosecution history identified by Wenger does not support its conclusion and fails to establish that either of the two exceptions for deviating from the plain and ordinary meaning apply.  *GE Lighting,* 750 F.3d at 1309 ("[T]he specification and prosecution history only compel departure from the plain meaning in two instances: lexicography and disavowal").  Wenger has not established that Plaintiff relinquished the full scope of the term "adjacent to."  *Cordis Corp.,* 561 F.3d at 1329 (explaining that to disavow

or disclaim the full scope of a claim term, the patentee's statements in the specification or prosecution history must amount to a "clear and unmistakable" surrender).  During prosecution, the Applicant merely distinguished a prior art reference (Ferber) that disclosed an aperture "remotely located" from the connector, correctly characterizing the reference as "the opposite of adjacent" and further stating that "no reasonable reading of Ferber could find the female connector retained adjacent to the power cable outlet."  *See* Dkt. No. 26-2 at 135.  The Applicant also provided a dictionary definition to further support this distinction that included several exemplary terms ("lying near, close, or contiguous; adjoining; neighboring").  Wenger provides no support for selecting the narrowest exemplary dictionary definition (adjoining) as its proposed construction and the Court should reject Wenger's attempt to create a non-infringement argument under the guise of a proposed claim construction.  *Pisony*, 2019 WL 928406, at *6.

Wenger's attempt to deviate from the ordinary and customary meaning of this claim term falls short of the presumption laid out by the Federal Circuit.  *Azure Networks*, 771 F.3d at 1347 ("There is a heavy presumption that claim terms carry their accustomed meaning in the relevant community at the relevant time.").  Accordingly, no construction is necessary and the ordinary and customary meaning of this claim term should be applied.

    C.    "In Communication With"

| Claim Term, Clause, or Phrase | U.S. Pat. No. 10,574,071 Claims | Plaintiff's Proposal | Defendant's Proposal |
|---|---|---|---|
| "in communication with" | 1, 10 | No construction necessary; plain and ordinary meaning | Attached to |

Plaintiffs asserts that no construction of "in communication with" is necessary and one of ordinary skill in the art at the time of the invention would understand the ordinary and customary meaning of this term when read in the context of the claims, specification, and prosecution history

of the '071 Patent. *Phillips*, 415 F.3d at 1314. The two exceptions to the general rule that claims are construed according to their plain and ordinary meaning – when a patentee sets out a definition and acts as his own lexicographer or when a patentee disavows the full scope of the claim term – are not present here. *Golden Bridge Tech., Inc.*, 758 F.3d at 1365.

Wenger fails to demonstrate that the Applicant disclaimed the full scope of "in communication with" and improperly attempts to import limitations from embodiments of the figures and specification of both the '071 Patent and the '138 Patent. Specifically, Wenger identifies Figures 3, 4, and 8 and argues that these figures show the bag or luggage body attached to the sheath or female connector and this supports narrowing the claim language from its plain and ordinary meaning. This is improper. *See*, *Cordis Corp.*, 561 F.3d at 1329 (explaining that to disavow or disclaim the full scope of a claim term, the patentee's statements in the specification or prosecution history must amount to a "clear and unmistakable" surrender); *see also Woodrow Woods & Marine Exhaust Sys., Inc. v. Deangelo Marine Exhaust, Inc.*, 692 F.3d 1272, 1283 (Fed. Cir. 2012) ("claims should not be confined to the disclosed embodiments"). Moreover, the figures are entirely consistent with the language of the claim and indeed show the female connector or sheath "in communication with" the relevant portion of the bag (the body). Wenger's attempt to deviate from the ordinary and customary meaning of these terms and phrases falls short of the presumption laid out by the Federal Circuit. *Advanced Media Networks, LLC v. AT&T Mobility LLC*, 748 F. App'x 308, 311 (Fed. Cir. 2018) ("There is a heavy presumption that claim terms carry their accustomed meaning in the relevant community at the relevant time."); *CCS Fitness, Inc. v. Brunswick Corp.*, 288 F.3d 1359, 1366 (Fed. Cir. 2002). Accordingly, no construction is necessary and the ordinary and customary meaning of this claim term should be applied.

D.    "Covers"

| Claim Term, Clause, or Phrase | U.S. Pat. No. 10,574,071 Claims | Plaintiff's Proposal | Defendant's Proposal |
|---|---|---|---|
| "covers" | 1, 10 | No construction necessary; plain and ordinary meaning | § 112 –Indefinite Alternatively, overlapping; on top of. |

Plaintiff contends that "covers" is a well understood claim term that when read in light of the specification delineating the patent, and the prosecution history, informs, with reasonable certainty, those skilled in the art about the scope of the invention at the time of the invention. *Nautilus, Inc.*, 572 U.S. at 901. Claims of degree have long been found definite. *Interval Licensing LLC,* 766 F.3d at 1370. Furthermore, Wenger's contention that the term "covers" is indefinite is conclusory attorney argument without any reasoning or support from a person of ordinary skill in the art at the time of the invention, and should be rejected. *VDP Patent, LLC,* 623 F. Supp. 2d at 423 (stating that extrinsic evidence may be necessary to invalidate a claim as indefinite). Accordingly, Wenger has not met its burden of proving by clear and convincing evidence that the term is indefinite. *Dow Chem. Co.,* 809 F.3d at 1227 ("The burden of proving indefiniteness ... remains at all times on the party challenging the validity of the patent"); *BASF Corp,* 875 F.3d at 1365 (holding that the "failure of any claim in suit to comply with § 112 must be shown by clear and convincing evidence").

With respect to Wenger's alternative construction, Wenger effectively concedes that the term "covers" is sufficiently understandable to a person of ordinary skill in the art at the time of the invention by including the term within its proposed construction of the term "exposed." *See, infra* at III.E.   Wenger further concedes that this term is well understood and requires no construction by arguing that Figure 10 "show[s] how the 'above and *covers*' configuration is achieved." Dkt. No. 26 at 12 (emphasis added).  As Defendant makes clear by using this term in

11

its own proposed construction, the ordinary meaning of this term would be readily apparent. *Phillips,* 415 F.3d at 1313.  Defendant's attempt to deviate from the ordinary and customary meaning of this claim term falls short of the presumption laid out by the Federal Circuit.  *Azure Networks*, 771 F.3d at 1347 ("There is a heavy presumption that claim terms carry their accustomed meaning in the relevant community at the relevant time.").  Accordingly, no construction is necessary and the ordinary and customary meaning of this claim term should be applied.

E.     "Exposed"

| Claim Term, Clause, or Phrase | U.S. Pat. No. 10,574,071 Claims | Plaintiff's Proposal | Defendant's Proposal |
|---|---|---|---|
| "exposed" | 1, 10 | No construction necessary; plain and ordinary meaning | not fully covered |

Plaintiff asserts that no construction is necessary, and one with ordinary skill in the art would understand the ordinary and customary meaning of this term at the time of the invention when read in the context of the claims, specification, and prosecution history of the '071 Patent. *Phillips,* 415 F.3d at 1313-14. Wenger previously argued that the term "covers" is indefinite yet here proposes a construction containing the same term ("covered").  Wenger improperly attempts to create a non-infringement argument under the guise of a proposed claim construction and this should be rejected.  *Pisony,* 2019 WL 928406, at *6 (finding a party's proposed construction "unnecessary ...for any reason other than to create a non-infringing argument").

Furthermore, to the extent Wenger's proposed construction references the '071 Patent's specification and figures, these references do not support its proposed construction, are inconsistent with the disclosures in the specification, and improperly attempt to narrow the scope of the claims by adding limitations that do not exist in the prosecution history or specification of

the '071 Patent. *Cordis Corp.*, 561 F.3d at 1329 ("To disavow or disclaim the full scope of a claim term, the patentee's statements in the specification or prosecution history must amount to a "clear and unmistakable" surrender.").

Additionally, Wenger provides no reasoning or support from a person of ordinary skill in the art for its argument that the purpose of the invention (*i.e.* to provide convenient charging of a product without necessarily opening the bag or luggage, nor taking out the power source for charging) cannot be accomplished "unless the female connector of the USB was not fully covered" (Dkt. No 26 at 13). Wenger's attempt to deviate from the ordinary and customary meaning of this claim term falls short of the presumption laid out by the Federal Circuit. *Azure Networks*, 771 F.3d at 1347 ("There is a heavy presumption that claim terms carry their accustomed meaning in the relevant community at the relevant time."). Accordingly, no construction is necessary and the ordinary and customary meaning of this claim term should be applied.

F.      "Fixedly Attached"

| Claim Term, Clause, or Phrase | U.S. Pat. No. 10,574,071 Claims | Plaintiff's Proposal | Defendant's Proposal |
|---|---|---|---|
| "fixedly attached" | 1, 10 | No construction necessary; plain and ordinary meaning | connected to the bag or luggage permanently |

Plaintiffs asserts that no construction is necessary and one of ordinary skill in the art at the time of the invention would understand the ordinary and customary meaning of these terms when read in the context of the claims, specification, and prosecution history of the '071 Patent. *Phillips*, 415 F.3d at 1313-14. The two exceptions to the general rule that claims are construed according to their plain and ordinary meaning – when a patentee sets out a definition and acts as his own lexicographer or when a patentee disavows the full scope of the claim term – are not present here. *Golden Bridge Tech., Inc.*, 758 F.3d at 1365.

13

The prosecution history identified by Wenger does not support its position.  Ferber discloses a connector that must be pulled out of a pocket in order to charge a device.  In contrast, the present invention discloses a female connector that is fixedly attached, i.e. does not need to be removed in order to charge a device.  *See* Dkt. No. 26-2 at 137.  Nothing about this distinction mandates a connector that is "connected to the bag or luggage permanently," as Wenger argues.  Moreover, the examiner's statement that the sheath and the USB connector are "rigidly attached" does not demonstrate that patentee "clear[ly] and unmistakabl[y] surrender[ed]" the full scope of the claim term[1] during prosecution and Wenger does not and cannot support its conclusory statement that "to be rigidly attached is to be held permanently."  Thus, Wenger's proposed construction should be rejected.  *GE Lighting Sols.*, 750 F.3d at 1309 (explaining that the standard for finding disavowal is "exacting").  Wenger's attempt to deviate from the ordinary and customary meaning of these terms and phrases falls short of the presumption laid out by the Federal Circuit.  *Advanced Media Networks, LLC,* 748 F. App'x at 311 ("There is a heavy presumption that claim terms carry their accustomed meaning in the relevant community at the relevant time."); *CCS Fitness, Inc.,* 288 F.3d at 1366.  Accordingly, no construction is necessary and the ordinary and customary meaning of this claim term should be applied.

G.    "At the Body Opening"

| Claim Term, Clause, or Phrase | U.S. Pat. No. 10,931,138 Claim | Plaintiff's Proposal | Defendant's Proposal |
|---|---|---|---|
| "at the body opening" | 23 | No construction necessary; plain and ordinary meaning | § 112 –Lack of Written Description; Indefinite |

---

[1] Wenger also fails to demonstrate that "rigidly attached" is substantively different from "fixedly attached."  *USB Bridge Sols., LLC v. Buffalo Inc.*, No. 1-17-CV-001158-LY, 2020 WL 1906898, at *7 (W.D. Tex. Apr. 17, 2020) (explaining there is no need to add additional language where it does not change the claims in any substantive way).

14

Wenger's arguments that "at the body opening" is indefinite for lack of written description is without merit. Wenger provides no testimony from a person of ordinary skill in the art to support its position and fails to meet its burden of proving indefiniteness by clear and convincing evidence. The specification of the '071 Patent extensively recites "body" including references to "backpack body" and "luggage body" in the summary of the invention and description of the drawings. When viewed in this context, a person of ordinary skill in the art would understand the inventor had possession of the claimed subject matter as of the filing date. *Ariad Pharm., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (*en banc*) (explaining that the test for the sufficiency of the written description "is whether the disclosure of the application relied upon reasonably conveys to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date."); *Flash-Control, LLC v. Intel Corp.*, No. 1:19-CV-01107-ADA, 2020 WL 4561591, at *2 (W.D. Tex. July 21, 2020), *aff'd,* No. 2020-2141, 2021 WL 2944592 (Fed. Cir. July 14, 2021).

Additionally, Defendant's assumptions about what a person of ordinary skill in the art would or would not understand this claim term to mean—without any evidence of an artisan's knowledge at the time of the invention—do not constitute clear and convincing evidence that the term "at the body opening" is indefinite under 35 U.S.C. §112(b). "At the body opening" is a well understood claim term that when read in light of the specification delineating the patent, and the prosecution history, informs, with reasonable certainty, those skilled in the art about the scope of the invention at the time of the invention. *Nautilus, Inc,* 572 U.S. at 901 (2014). Accordingly, no construction is necessary and the ordinary and customary meaning of this claim term should be applied.

H.      "Retained In"

| Claim Term, Clause, or Phrase | U.S. Pat. No. 10,931,138 Claim | Plaintiff's Proposal | Defendant's Proposal |
|---|---|---|---|
| "retained in" | 23 | No construction necessary; plain and ordinary meaning | § 112 –§ 112 –Lack of Written Description; Indefinite Alternatively, held in permanent attachment. |

Wenger's arguments that "retained in" is indefinite for lack of written description are without merit. Wenger provides no evidence from a person of ordinary skill in the art to support its position and fails to meet its burden of proving indefiniteness by clear and convincing evidence. "Retained in" is a commonly understood term that requires no construction. *See Phillips* at 1313-14 (explaining that "[i]n some cases, the ordinary meaning of claim language as understood by a person of skill in the art may be readily apparent" and "claim construction in such cases involves little more than the application of the widely accepted meaning of commonly understood words"). Thus, a person of ordinary skill in the art would understand the inventor had possession of the claimed subject matter as of the filing date. *Ariad Pharm., Inc.,*598 F.3d at 1351 (the test for the sufficiency of the written description "is whether the disclosure of the application relied upon reasonably conveys to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date."); *Flash-Control, LLC,* 2020 WL 4561591, at *2.

With respect to Wenger's alternative proposed construction, Wenger fails to establish that either exception to the general rule that claims are construed according to their plain and ordinary meaning should apply. *Golden Bridge Tech., Inc.*, 758 F.3d at 1365. Wenger impermissibly reads additional limitations into this claim term by replacing "retained" with "held" and adding a temporal limitation of permanence that does not appear in the claims, specification, or prosecution

history of either the '138 or '071 patents.  Further, in addition to improperly attempting to import limitations from embodiments of the '138 patent, Wenger's premise based on these embodiments is flawed.  Wenger fails to provide any support for its premise that the female USB cable must be "held in **permanent** attachment" in order for a user to "with one hand attach an external USB cable" or with one hand attach an external USB cable" or to "provide[] a sturdy position for the external USB cable to connect to."

Wenger's attempt to deviate from the ordinary and customary meaning of this claim term falls short of the presumption laid out by the Federal Circuit. *Azure Networks*, 771 F.3d at 1347 ("There is a heavy presumption that claim terms carry their accustomed meaning in the relevant community at the relevant time."). Accordingly, no construction is necessary and the ordinary and customary meaning of this claim term should be applied.

**IV.     CONCLUSION**

For all of the reasons given above, Plaintiff respectfully requests that all of the terms identified by Wenger be given their ordinary and customary meanings.


Dated:  April 14, 2022

                                        Respectfully submitted,

                                        /s/  *Dariush Keyhani*
                                        Dariush Keyhani (*pro hac vice*)
                                        Frances H. Stephenson (*pro hac vice*)
                                        Keyhani LLC
                                        1050 30th Street NW
                                        Washington, DC 20007
                                        T. 202.748.8950
                                        F. 202.318.8958
                                        dkeyhani@keyhanillc.com
                                        fstephenson@keyhanillc.com

Jacqueline P. Altman
State Bar No. 24087010
John P. Palmer
State Bar No. 15430600
John A. "Andy" Powell
State Bar No. 24029775
USPTO Reg. No. 71,533
NAMAN HOWELL SMITH & LEE, PLLC
400 Austin Ave., Suite 800
Waco, Texas 76701
jaltman@namanhowell.com
palmer@namanhowell.com
apowell@namanhowell.com

*Attorneys for Plaintiff Swissdigital USA Co., Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of April, 2022, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys or record who have who have consented to accept this Notice as service of this document by electronic means.

*/s/ Dariush Keyhani*
Dariush Keyhani