IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| SWISSDIGITAL USA CO., LTD. | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 6:21-cv-453-ADA |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| WENGER S.A. | § | |
| | § | |
| Defendant. | § | |

**SWISSDIGITAL USA CO., LTD.'S RESPONSE IN OPPOSITION TO WENGER S.A.'S
<u>12(C) MOTION FOR JUDGMENT ON THE PLEADINGS</u>**

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

II. BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

III. LEGAL STANDARD. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

IV. ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    A. Swissdigital's Complaint pleads direct infringement by Wenger for its design, manufacture, offer for sale, and sale of the accused products. . . . . . . . . . . . . . . . .4

        i. The Complaint alleges that Wenger makes the accused products by overseeing the design and maintaining control over the accused products. .4

        ii. The Complaint alleges that Wenger offers to sell and sells the accused products at least through its SWISSGEAR website. . . . . . . . . . . . . . . . . . .6

    B. Swissdigital's Complaint pleads indirect infringement by Wenger for inducing and encouraging retailers and customers to infringe. . . . . . . . . . . . . . . . . . . . . . . . . .8

    C. Swissdigital's Complaint pleads contributory infringement by Wenger for selling products not suitable for substantial non-infringing use. . . . . . . . . . . . . . . . . . . . .11

V. CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
　　556 U.S. 662 (2009).............................................................3

*Bell Atl. Corp. v. Twombly*,
　　550 U.S. 544 (2007).............................................................3

*In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*,
　　681 F.3d 1323 (Fed. Cir. 2012)............................................2, 9

*Celotex Corp. v. Catrett*,
　　477 U.S. 317 (1986).............................................................5

*Commil USA, LLC v. Cisco Sys., Inc.*,
　　575 U.S. 632 (2015).............................................................9

*Data Engine Techs. LLC v. Google LLC*,
　　906 F.3d 999 (Fed. Cir. 2018)..............................................3

*Doe v. MySpace, Inc.*,
　　528 F.3d 413 (5th Cir. 2008)................................................2

*DSU Med. Corp. v. JMS Co.*,
　　471 F.3d 1293 (Fed. Cir. 2006)............................................9

*L.A. Gear, Inc. v. E.S. Originals, Inc.*,
　　859 F. Supp. 1294 (C.D. Cal. 1994).....................................5

*Monolithic Power Sys. v. Meraki Integrated Cir. (Shenzhen) Tech., Ltd.*,
　　2021 WL 3931910 (W.D. Tex. Sept. 1, 2021)....................9, 12

*Moore Business Forms, Inc. v. Ryu*,
　　960 F.2d 486 (5th Cir. 1992)................................................5

*Nalco Co. v. Chem-Mod, LLC*,
　　883 F.3d 1337 (Fed. Cir. 2018)............................................9

*Netgear, Inc. v. Ruckus Wireless, Inc.*,
 852 F. Supp. 2d 470 (D. Del. 2012)..................................................12

*SEC v. Cuban*,
 620 F.3d 551 (5th Cir. 2010)......................................................3

*United States ex rel. Vavra v. Kellogg Brown & Root, Inc.*,
 727 F.3d 343 (5th Cir. 2013)......................................................3

**Statutes**

35 U.S.C. §§ 271(a), 271(b), 271(c)..........................................4, 8, 11

**Rules**

Fed. R. Civ. P. 8(a)..............................................................3

Fed. R. Civ. P. 12(b)(6).........................................................2, 3

Fed. R. Civ. P. 12(c)..........................................................1, 2, 3

**Treatises**

2 Anne Glison Lalonde & Jerome Glison, *Glison on Trademarks* (2021)..................5

Plaintiff Swissdigital USA Co., Ltd. ("Swissdigital" or "Plaintiff") files this Response in Opposition to Wenger S.A. ("Wenger" or "Defendant")'s 12(c) Motion for Judgment on the Pleadings (Dkt. 31). As set forth below, Swissdigital respectfully requests that this Court deny Defendant's Motion for Judgment on the Pleadings.

## I. INTRODUCTION

Swissdigital's Amended Complaint ("Complaint"), Dkt. 20, pleads legally cognizable claims for direct, induced, and contributory infringement against Defendant. First, the Complaint claims that Defendant directly infringed the patents-in-suit by designing, manufacturing, offering to sell, and selling the accused products. Second, the Complaint claims that Defendant indirectly infringed the patents-in-suit by inducing and encouraging retailers and customers to infringe. Lastly, the Complaint claims that Defendant contributorily infringed the patents-in-suit by selling products not suitable for substantial non-infringing use.

These claims are supported by well-pleaded factual allegations that establish the plausibility of Defendant's infringement. Moreover, Wenger's own admissions in the public record, made during the normal course of business or before a tribunal, further support Swissdigital's claims for direct, induced, and contributory infringement.

Accordingly, the Court should deny Defendant's Motion for Judgment on the Pleadings.

## II. BACKGROUND

Swissdigital sells high-tech intelligent backpacks and other innovative consumer goods throughout the United States. Compl. (Dkt. 20) ¶ 4. Swissdigital is the owner of all rights, title, and interest in and to United States Patent Nos. 10,574,071, titled "Bag or Luggage with USB Charging Connector," and 10,931,138, titled "Sheath for USB Charger." Compl. (Dkt. 20) ¶¶ 4–6.

Wenger "has marketed and sold high-quality goods, including . . . travel gear, backpacks, luggage and computer cases in the United States," "either directly or through its authorized licensees." Wenger Compl. (Dkt. 29-2) ¶ 8. Wenger adopted its SWISSGEAR trademark "for use with travel gear, business gear, outdoor gear, and recreational and other products" and "has expended millions of dollars annually [to] promot[e] and market[] . . . SWISSGEAR throughout the United States and the world." Wenger Compl. (Dkt. 29-2) ¶¶ 12, 17; *see also* Wenger Mot. for Inj. (Dkt. 29-3) 6. Wenger "operates" the SWISSGEAR website, www.swissgear.com, through which "[i]t sells its products worldwide." Wenger Compl. (Dkt. 29-2) ¶ 17; WIPO Domain Name Decision: D2019-3173 (Ex. A).

On January 11, 2021, Swissdigital notified counsel for Wenger that several SWISSGEAR branded backpacks infringed the patents-in-suit. Compl. (Dkt. 20) ¶ 25. Later, by email and over a Zoom conference call on March 30, 2021, Swissdigital provided Wenger a claim element by claim element analysis of infringement. Compl. (Dkt. 20) ¶ 25. Despite having knowledge of its infringing products, Wenger has failed to cease its infringing activities. Compl. (Dkt. 20) ¶¶ 42, 61.

On April 30, 2021, Swissdigital filed this lawsuit. Dkt. 1. Swissdigital's Complaint pleads legally cognizable claims for direct, induced, and contributory infringement against Wenger. *See* Compl. (Dkt. 20).

## III. LEGAL STANDARD

Rule 12(c) motions are evaluated under the same standard as Rule 12(b)(6) motions. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). Since motions to dismiss are not unique to patent law, courts apply the law of the regional circuit. *See In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012).

Rule 12(b)(6) motions should not be granted if the complaint "state[s] a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To state a claim upon which relief can be granted, plaintiffs need only plead a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Plaintiffs are not required to plead "detailed factual allegations" but must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Factual allegations that "nudge[] . . . claims across the line from conceivable to plausible" should not be dismissed—even if the court believes "that the plaintiff will fail to find evidentiary support for [the] allegations or prove [the] claim to the satisfaction of the factfinder." *Bell Atl. Corp.*, 550 U.S. at 563 n.8, 570.

When considering Rule 12(b)(6) motions, courts must "accept 'all well pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *United States ex rel. Vavra v. Kellogg Brown & Root, Inc.*, 727 F.3d 343, 346 (5th Cir. 2013) (quoting *SEC v. Cuban*, 620 F.3d 551, 553 (5th Cir. 2010)). Additionally, on a motion for judgment on the pleadings, courts may consider public records. *Data Engine Techs. LLC v. Google LLC*, 906 F.3d 999, 1008 n.2 (Fed. Cir. 2018).

## IV.   ARGUMENT

Swissdigital's Complaint states legally cognizable claims for direct, induced, and contributory infringement against Defendant. These claims are supported by well-pleaded factual allegations that, taken as true and viewed in the light most favorable to Swissdigital, establish the plausibility of Defendant's infringement. Moreover, Wenger's own admissions in the public record support the claims and factual allegations contained in Swissdigital's Complaint.

First, the Complaint pleads direct infringement by Defendant for its design, manufacture, offer for sale, and sale of the accused products. Second, the Complaint pleads indirect infringement by Defendant for inducing retailers and customers to infringe and encouraging their infringement through its marketing. Lastly, the Complaint pleads contributory infringement by Defendant for selling products not suitable for substantial non-infringing use.

### A. Swissdigital's Complaint pleads direct infringement by Wenger for its design, manufacture, offer for sale, and sale of the accused products.

Swissdigital's Complaint pleads direct infringement by Wenger for its design, manufacture, offer for sale, and sale of the accused products. Compl. (Dkt. 20) ¶¶ 38, 57. "[W]hoever without authority makes, uses, offers to sell or sells any patented invention, within the United States . . . during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). Defendant argues that Swissdigital cannot show "that Wenger controls, supervises, or directs decisions about the use or sale of the accused products." Def.'s Mot. (Dkt. 31) 5. But Swissdigital's Complaint offers factual allegations—supported by Wenger's own admissions in the public record—showing just that. Specifically, the Complaint alleges that Wenger makes the accused products by overseeing the design and maintaining control over the accused products. The Complaint also alleges that Wenger offers to sell and sells the accused products at least through its SWISSGEAR website. Compl. (Dkt. 20) ¶¶ 38, 57.

#### i. The Complaint alleges that Wenger makes the accused products by overseeing the design and maintaining control over the accused products.

Swissdigital's Complaint alleges that Wenger makes the accused products by overseeing the design and maintaining control over the accused products. Compl. (Dkt. 20) ¶¶ 38, 57 ("Arguing Defendant has no part in the . . . design[] or manufactur[e] of the infringing products would invite the suggestion that Defendant does not use its trademark in commerce in the United

4

States."). Defendant argues that "[a] license to use a trademark does not, *without more*, lead to liability." Def.'s Mot. (Dkt. 31) 4 (emphasis added). But Swissdigital's Complaint alleges "more": that Wenger "oversees the design and quality control of" the accused products. Compl. (Dkt. 20) ¶¶ 12.

A trademark licensor must maintain some degree of control over the quality of the licensed goods that bear its mark. *See Moore Business Forms, Inc. v. Ryu*, 960 F.2d 486, 489 (5th Cir. 1992) ("Without adequate control of the licensee, a court may find that the trademark owner has abandoned the trademark."). Methods of a licensor's control may include: detailed product specifications and standards; license provisions with remedies for licensee failure to meet standards; approval rights before, during, and after manufacturing and sale; supplying licensee with models or samples to emulate in its goods; periodic sampling and required approval of products; and periodic inspections of facilities. 2 Anne Glison Lalonde & Jerome Glison, *Glison on Trademarks* § 6.04 (2021).

Although Defendant contends that licensing its SWISSGEAR trademark "demonstrates that Wenger has distanced itself from all aspects of the products that bear the SWISSGEAR mark," Defendant *must* maintain some degree of control over the design and quality of the accused products. Def.'s Mot. (Dkt. 31) 6. Here, the case relied upon by Defendant, *L.A. Gear, Inc. v. E.S. Originals, Inc.*, although outside of the present jurisdiction, is instructive. *See* 859 F. Supp. 1294 (C.D. Cal. 1994). Notably, that case presents a different procedural posture, with the court considering the defendant's motion for summary judgment only "after adequate time for discovery." *Id.* at 1297 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). In granting the defendant's motion, the court noted that the defendant "never received any samples of the accused [products]," did not develop or pay for "advertising and marketing plans," and merely

5

"observ[ed] and handl[ed] the accused [products] in retail stores." *Id*. at 1297–98. But the court reached this conclusion only after sufficient discovery had been conducted to establish that the defendant's involvement was truly "passive." *See id.* at 1297.

In this case, Swissdigital has not yet had the benefit of discovery and does not have access to Defendant's licensing agreement. But Swissdigital's Complaint alleges—and Wenger's own admissions in the public record support—that Defendant is actively involved in the design and quality control of the accused products. Compl. (Dkt. 20) ¶¶ 9, 12. Wenger asserts that it "embrace[s] innovation, uphold[s] Swiss principles of design, and **tirelessly** enforce[s] the highest standards of quality." Compl. (Dkt. 20) ¶ 15 (emphasis added). Likewise, Wenger presumably receives and processes customer complaints and warranty claims regarding the accused products. *See* Wenger Mot. for Inj. (Dkt. 29-3) 7. And unlike the defendant in *L.A. Gear, Inc.*, "[Wenger] has expended considerable effort and expense in promoting . . . its SWISSGEAR marks," spending "millions of dollars annually [to] promot[e] and market[] . . . SWISSGEAR throughout the United States and the world." Wenger Compl. (Dkt. 29-2) ¶ 16–17; *see also* Wenger Mot. for Inj. (Dkt. 29-3) 6. Self-serving declarations to the contrary do not negate Defendant's admissions made during the normal course of business or before a tribunal.

Based on the factual allegations in Swissdigital's Complaint and Wenger's own admissions in the public record, the Court should deny Defendant's motion and allow Swissdigital to conduct discovery to corroborate its plausible claims.

   ii. **The Complaint alleges that Wenger offers to sell and sells the accused products at least through its SWISSGEAR website.**

Swissdigital's Complaint also alleges that Wenger offers to sell and sells the accused products at least through its SWISSGEAR website. Compl. (Dkt. 20) ¶¶ 38, 57 ("Arguing Defendant has no part in the sale . . . of the infringing products would invite the suggestion that

6

Defendant does not use its trademark in commerce in the United States."). And although Defendant argues that "Wenger's involvement starts and stops at the license of its trademark," evidence in the Complaint and public record suggests otherwise. Def.'s Mot. (Dkt. 31) 5.

First, the Complaint alleges that "Wenger is the owner of the www.swissgear.com domain name and website" and "the SWISSGEAR website treats Wenger and SWISSGEAR as one and the same." Compl. (Dkt. 20) ¶¶ 12, 38, 57. Then, offering facts to support the plausibility of this allegation, the Complaint notes the following regarding the SWISSGEAR website: the logo "SWISSGEAR by WENGER" displayed prominently in the upper left-hand corner of each page; the "SWISSGEAR by WENGER" mark appearing on the accused products; the emphasis on Wenger's authentic and genuine Swiss roots; the emphasis on Wenger's commitment to Swiss principles of design; and the emphasis on Wenger's highest standards of quality. Compl. (Dkt. 20) ¶¶ 13–15, 38, 57. Contrary to Defendant's assertion, the Wenger and SWISSGEAR websites deliberately communicate to the public and customers that they are transacting with Wenger—not Group III. *See* Def. Mot. (Dkt. 31) 8.

Furthermore, the Complaint alleges that Defendant uses its "global hub" website, https://www.wenger.ch/global/en, to direct U.S. customers to the SWISSGEAR website[1] and the accused products. Compl. (Dkt. 20) ¶¶ 10–18. To support the plausibility of this allegation, the Complaint then details the following: the website states that "Wenger widened its product range . . . to include . . . luggage"; the website links to the U.S. Wenger website located at https://www.wenger.ch/us/en; an American flag icon appears on the U.S. Wenger website; the U.S. Wenger website directs customers seeking "Wenger Travel Gear" to "visit us at SWISSGEAR®";

---

[1] Wenger admits to "operat[ing]" the SWISSGEAR website, through which "[i]t sells its products worldwide." Wenger Compl. (Dkt. 29-2) ¶ 17; WIPO Domain Name Decision: D2019-3173 (Ex. A).

7

and the U.S. Wenger website links to the SWISSGEAR website. Compl. (Dkt. 20) ¶¶ 10–12, 38, 57.

Lastly, Wenger's own admissions in the public record contradict Defendant's assertion that "Wenger does not sell or offer to sell" the accused products. Def. Mot. (Dkt. 31) 5. Wenger states that it "has marketed and sold high-quality goods, including . . . travel gear, backpacks, luggage and computer cases in the United States," "either directly or through its authorized licensees." Wenger Compl. (Dkt. 29-2) ¶ 8. And Wenger also states that "Wenger operates websites at <wengerna.com> and <http://eu.wenger.ch/en>a nd **www.swissgear.com** [sic]." Wenger Compl. (Dkt. 29-2) ¶ 17 (emphasis added). Likewise, in December 2019, Wenger filed a complaint with the World Intellectual Property Organization Arbitration and Mediation Center, disputing the use of the domain name **swissgear**thailand.com. WIPO Domain Name Decision: D2019-3173 (Ex. A). The Administrative Panel Decision, issued in February 2020, states in its findings of fact that "[Wenger] is a Swiss private joint stock company . . . which distributes and sells . . . travel gear on a global scale" and "[Wenger] sells [Wenger's] products worldwide through the website '**www.swissgear.com**'." WIPO Domain Name Decision: D2019-3173 (Ex. A) (emphasis added).

Again, in light of the factual allegations in Swissdigital's Complaint, and in conjunction with Wenger's own admissions in the public record, Swissdigital states a plausible claim for direct infringement against Wenger.

**B.  Swissdigital's Complaint pleads indirect infringement by Wenger for inducing and encouraging retailers and customers to infringe.**

Swissdigital's Complaint pleads indirect infringement by Wenger for inducing retailers and customers to infringe and encouraging infringement through its website marketing and the use of its trademark. Compl. (Dkt. 20) ¶¶ 39–44, 58–62. "Whoever actively induces infringement of a patent shall be liable as an infringer," 35 U.S.C. § 271(b), but "there can be no inducement or

8

contributory infringement without an underlying act of direct infringement," *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d at 1333. To adequately plead induced infringement, plaintiffs must demonstrate that (1) "the defendant knew of the patent"; (2) "the induced acts constitute patent infringement"; and (3) the defendant possessed "a specific intent to induce infringement." *Monolithic Power Sys. v. Meraki Integrated Cir. (Shenzhen) Tech., Ltd.*, No. 6:20-CV-008876-ADA, 2021 WL 3931910, at *5 (W.D. Tex. Sept. 1, 2021) (quoting *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015)). Specific intent to induce infringement is defined as "evidence of culpable conduct, directed to encouraging another's infringement." *Id.* (quoting *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006)).

As a preliminary matter, the Court should disregard Defendant's argument that Swissdigital's indirect infringement claim fails for lack of direct infringement; as discussed above, Swissdigital's Complaint pleads direct infringement by Wenger for its sale, design, and manufacture of the accused products. Indeed, the Complaint provides a claim element by claim element analysis of infringement. Compl. (Dkt. 20) ¶¶ 32–37, 52–56. But even if, *arguendo*, a third party was the sole direct infringer, Plaintiff could still successfully plead a claim of indirect infringement against Defendant. *See, e.g.*, *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1356 (Fed. Cir. 2018) (holding that the plaintiff was not required to plead that a named defendant committed the underlying direct infringement to sufficiently state a claim for indirect infringement).

Turning to induced infringement, Swissdigital's Complaint pleads all three elements, claiming that Defendant knew of the patents-in-suit, induced retailers and consumers to commit infringing acts, and encouraged their infringement through its website marketing and the use of its trademark. Compl. (Dkt. 20) ¶¶ 39–44, 58–62.

First, the Complaint alleges that Defendant knew that the accused products infringed the patents-in-suit and has failed to cease its infringing activities since acquiring this knowledge. Compl. (Dkt. 20) ¶¶ 39, 42, 58, 61. To support the plausibility of these allegations, the Complaint states that Defendant had actual knowledge of the patents-in-suit at least as early as January 11, 2021, when Swissdigital notified Defendant's counsel that the accused products infringed the patents-in-suit. Compl. (Dkt. 20) ¶¶ 25, 42–43, 61. And subsequently, by email and over a March 30, 2021, Zoom conference call, Swissdigital provided Defendant and Defendant's counsel with a claim element by claim element analysis of infringement. Compl. (Dkt. 20) ¶ 25, 43, 61.

Second, the Complaint alleges that Defendant induced retailers and customers to commit infringing acts, including offering for sale and selling the accused products and utilizing the infringing features. Compl. (Dkt. 20) ¶¶ 39, 58. To support the plausibility of this allegation, the Complaint notes that the accused products are sold at retail locations throughout the United States, including Walmart Inc., Target Corp., Best Buy Co., Inc., and The Home Depot, Inc. Compl. (Dkt. 20) ¶¶ 17, 28. Also, the Complaint shows that Defendant's SWISSGEAR website instructs customers how to use the infringing features of the accused products, directing them to "re-energize [their] devices on-the-go and plug into its USB port anytime, anywhere." Compl. (Dkt. 20) ¶¶ 20, 24.

Lastly, the Complaint alleges that Defendant exhibited a specific intent to induce infringement by encouraging infringement through its website marketing and use of its trademark. Compl. (Dkt. 20) ¶¶ 39–44, 58–62. To support the plausibility of this allegation, the Complaint states that Defendant, through its SWISSGEAR website, provides customers with a "store locator" feature, directs customers to its "USB Power Ready Collection," which includes the accused products, and advertises the infringing features of the accused products. Compl. (Dkt. 20) ¶¶ 17,

18, 20. Moreover, Defendant places its SWISSGEAR mark on the accused products, enticing retailers to sell and customers to purchase the accused products. Compl. (Dkt. 20) ¶ 24. And again, Wenger's own admissions in the public record support Swissdigital's allegations: "[Wenger] has expended considerable effort and expense in promoting . . . its SWISSGEAR marks," spending "millions of dollars annually [to] promot[e] and market[] . . . SWISSGEAR throughout the United States and the world, through such varied media as the Internet and point-of-sale displays." Wenger Compl. (Dkt. 29-2) ¶ 16–17; *see also* Wenger Mot. for Inj. (Dkt. 29-3) 6.

Because Swissdigital's Complaint pleads all three elements of induced infringement as well as an underlying act of direct infringement, the Court should deny Defendant's Motion for Judgment on the Pleadings.

### C. Swissdigital's Complaint pleads contributory infringement by Wenger for selling products not suitable for substantial non-infringing use.

Finally, Swissdigital's Complaint pleads contributory infringement by Wenger for selling the accused products, which are not suitable for substantial non-infringing use. Compl. (Dkt. 20) ¶ 23. "Whoever offers to sell or sells within the United States . . . a component of a patented . . . manufacture, . . . constituting a material part of the invention, knowing the same to be especially made . . . for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer." 35 U.S.C. § 271(c). To adequately plead contributory infringement, plaintiffs must demonstrate that (1) the "defendant had knowledge of the patent"; (2) the "defendant sold products especially made for infringing use"; (3) the "defendant had knowledge of the infringing use"; (4) "the products had no substantial noninfringing use"; and (5) "there exists an underlying act of direct

infringement." *Monolithic Power Sys.*, 2021 WL 3931910, at *5 (citing *Netgear, Inc. v. Ruckus Wireless, Inc.*, 852 F. Supp. 2d 470, 476-77 (D. Del. 2012)).

As discussed above, the Complaint sufficiently pleads an underlying act of direct infringement and that Defendant knew of the patents-in-suit, sold the accused products at least through its SWISSGEAR website, and knew that retailers and customers would commit infringing acts. The only remaining element of a contributory infringement claim is that the accused products have no substantial non-infringing use.

The Complaint alleges that the accused products are not suitable for substantial non-infringing use. Compl. (Dkt. 20) ¶¶ 46, 64. To support the plausibility of this allegation, the Complaint notes that Defendant markets the accused products as part of its "USB Power Ready Collection" and specifically advertises the infringing features, instructing customers to "re-energize [their] devices on-the-go and plug into its USB port anytime, anywhere." Compl. (Dkt. 20) ¶¶ 18, 20.

Because Swissdigital's Complaint pleads all five elements of contributory infringement, the Court should deny Defendant's Motion for Judgment on the Pleadings.

## V. CONCLUSION

Swissdigital's Complaint pleads legally cognizable claims for direct, induced, and contributory infringement against Wenger. As such, Swissdigital respectfully requests that this Court deny Defendant's Motion for Judgment on the Pleadings.

Dated:  April 22, 2022

>Respectfully submitted,
>
>/s/  *Dariush Keyhani*
>Dariush Keyhani (*pro hac vice*)
>Frances H. Stephenson (*pro hac vice*)
>Keyhani LLC
>1050 30th Street NW
>Washington, DC 20007
>T. 202.748.8950
>F. 202.318.8958
>dkeyhani@keyhanillc.com
>fstephenson@keyhanillc.com
>
>
>Jacqueline P. Altman
>State Bar No. 24087010
>John P. Palmer
>State Bar No. 15430600
>John A. "Andy" Powell
>State Bar No. 24029775
>USPTO Reg. No. 71,533
>NAMAN HOWELL SMITH & LEE, PLLC
>400 Austin Ave., Suite 800
>Waco, Texas 76701
>jaltman@namanhowell.com
>palmer@namanhowell.com
>apowell@namanhowell.com
>
>*Attorneys for Plaintiff Swissdigital USA Co., Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of April, 2022, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys or record who have who have consented to accept this Notice as service of this document by electronic means.

*/s/ Dariush Keyhani*
Dariush Keyhani