# WIPO Arbitration and Mediation Center

**ADMINISTRATIVE PANEL DECISION**

**Wenger S.A. v. Phaphimon Surasang, Blisstwenties Co. Ltd.**

**Case No. D2019-3173**

## 1. The Parties

Complainant is Wenger S.A., Switzerland, represented by Isler & Pedrazzini AG, Switzerland.

Respondent is Phaphimon Surasang, Blisstwenties Co. Ltd., Thailand.

## 2. The Domain Name and Registrar

The disputed domain name <swissgearthailand.com> is registered with PDR Ltd. d/b/a PublicDomainRegistry.com (the "Registrar").

## 3. Procedural History

The Complaint was filed with the WIPO Arbitration and Mediation Center (the "Center") on December 23, 2019. On December 24, 2019, the Center transmitted by email to the Registrar a request for registrar verification in connection with the disputed domain name. On December 25, 2019, the Registrar transmitted by email to the Center its verification response confirming that Respondent is listed as the registrant and providing the contact details. On December 27, 2019, the Center requested Complainant to submit a confirmation regarding the selection of mutual jurisdiction. Complainant provided the Center with the latter confirmation on December 29, 2019

The Center verified that the Complaint satisfied the formal requirements of the Uniform Domain Name Dispute Resolution Policy (the "Policy" or "UDRP"), the Rules for Uniform Domain Name Dispute Resolution Policy (the "Rules"), and the WIPO Supplemental Rules for Uniform Domain Name Dispute Resolution Policy (the "Supplemental Rules").

In accordance with the Rules, paragraphs 2 and 4, the Center formally notified Respondent of the Complaint, and the proceedings commenced on January 7, 2020. In accordance with the Rules, paragraph 5, the due date for Response was January 27, 2020. Respondent did not submit any response. Accordingly, the Center notified Respondent's default on January 28, 2020.

The Center appointed Brian J. Winterfeldt as the sole panelist in this matter on February 11, 2020. The Panel finds that it was properly constituted. The Panel has submitted the Statement of Acceptance and Declaration of Impartiality and Independence, as required by the Center to ensure compliance with the Rules, paragraph 7.

## 4. Factual Background

Complainant is a Swiss private joint stock company founded in 1893 and forms part of the Victorinox Group which distributes and sells "Swiss Army" knives, watches and travel gear on a global scale. It sells its products worldwide through the website "www.swissgear.com". It is the owner of numerous registrations for the SWISSGEAR BY WENGER trademark, including Swiss registration 602460, which was registered on June 29, 2010. It is also the owner of various international registrations, including International Registration numbers 978731, 1321437, and 1241212 for the mark SWISSGEAR, registered on August 20, 2008, August 9, 2016, and October 29, 2014, respectively.

Respondent registered the disputed domain name on October 20, 2016. According to the Complaint, the disputed domain name resolved to a website offering counterfeits of the Complainant's products as well as products of third parties. As of the drafting of this Decision, the disputed domain name resolves to a web page displaying a server error message. Respondent has also three registered trademarks in Thailand containing the term SWISSGEAR, Thai registrations 265996, 256942, and 259319.

The record also shows that Complainant sent an email to Respondent on December 17, 2019, regarding the disputed domain name. Respondent subsequently stated on December 18, 2019, that Pornlada Bags, the alleged client for which it registered the disputed domain name, had agreed to transfer the disputed domain name. However, Respondent then told Complainant around December 23, 2019, that it received further instructions from the alleged client to not transfer the disputed domain name. Respondent stated that it could not transfer the disputed domain name due to contractual obligations it had with this alleged client.

## 5. Parties' Contentions

### A. Complainant

Complainant contends that the disputed domain name is confusingly similar to its SWISSGEAR trademark because it reproduces identically and entirely the SWISSGEAR mark. It also alleges that it never authorized Respondent to use any of Complainant's trademarks or to register any domain name containing the trademark SWISSGEAR, and therefore that Respondent has no rights or legitimate interest in the disputed domain name. Complainant also contends that Respondent's registration of Thai trademarks containing SWISSGEAR and its use and registration of the disputed domain name are all part of an illegal scheme seeking to exploit Complainant's reputation and trademark rights by holding itself out as a licensed distributor in order to sell counterfeited products bearing the SWISSGEAR and related marks. Complainant asserts that the disputed domain name was previously being used to sell counterfeit products bearing the SWISSGEAR and related marks. Complainant further asserts that its SWISSGEAR trademarks famous worldwide and therefore that Respondent was aware of Complainant's rights in these marks when it registered and used the disputed domain name. Accordingly, Complainant contends that Respondent has registered and used the disputed domain name in bad faith.

### B. Respondent

Respondent did not reply to Complainant's contentions.

## 6. Discussion and Findings

Under paragraph 4(a) of the Policy, to succeed Complainant must satisfy the Panel that:

(i) the disputed domain name is identical or confusingly similar to a trademark or service mark in which Complainant has rights;

(ii) Respondent has no rights or legitimate interests in respect of the disputed domain name; and

(iii) the disputed domain name was registered and is being used in bad faith.

Furthermore, section 4.3 of the WIPO Overview of WIPO Panel Views on Selected UDRP Questions, Third Edition ("WIPO Overview 3.0") states:

"Does a respondent's default/failure to respond to the complainant's contentions automatically result in the complaint succeeding?

Noting the burden of proof on the complainant, a respondent's default (*i.e.*, failure to submit a formal response) would not by itself mean that the complainant is deemed to have prevailed; a respondent's default is not necessarily an admission that the complainant's claims are true." Thus, even though Respondent has failed to address Complainant's contentions, the burden remains with Complainant to establish the three elements of paragraph 4(a) of the Policy by a preponderance of the evidence. See, *e.g.*, *The Knot, Inc. v. In Knot We Trust LTD*, WIPO Case No. D2006-0340.

### A. Identical or Confusingly Similar

Ownership of a nationally registered trademark constitutes *prima facie* evidence that the complainant has the requisite rights in a mark for purposes of paragraph 4(a)(i) of the Policy. WIPO Overview 3.0, section 1.2.1. Complainant has provided ample evidence that it has rights in the SWISSGEAR trademark through its Swiss and international registrations.

With Complainant's rights in the SWISSGEAR mark established, the remaining question under the first element of the Policy is whether the disputed domain name (typically disregarding the Top-Level Domain ("TLD") in which each domain name is registered) is identical or confusingly similar to Complainant's marks. It is well accepted that the first element functions primarily as a standing requirement and that the threshold test for confusing similarity involves a "reasoned but relatively straightforward comparison between the complainant's trademark and the disputed domain name." WIPO Overview 3.0, section 1.7. Where the relevant trademark is recognizable within the disputed domain name, the addition of other terms (whether descriptive, geographical, pejorative, meaningless, or otherwise) would not prevent a finding of confusing similarity under the first element. WIPO Overview 3.0, section 1.8; see also, *e.g.*, *Stefani Germanotta and Ate My Heart Inc. v. Deborah Allen*, WIPOCase No. D2015-2353 (transferring <ladygagafoundation.com> to the Complainant); *Stefani Germanotta and Ate My Heart Inc. v. Rola Dowens*, WIPO Case No. D2013-1506 (transferring<ladygagadress.com> to the Complainant).

Here, Complainant's SWISSGEAR mark is fully incorporated in the disputed domain name. Furthermore the inclusion of the geographical term "[T]hailand" does nothing to prevent a finding of confusing similarity under the first element. The Panel therefore finds

that Complainant has satisfied the requirements of paragraph 4(a)(i) of the Policy in establishing its trademark rights and showing that the disputed domain name is confusingly similar to Complainant's SWISSGEAR trademark.

## B. Rights or Legitimate Interests

Under paragraph 4(a)(ii) of the Policy, the complainant must make at least a *prima facie* showing that the respondent possesses no rights or legitimate interests in a disputed domain name. See, *e.g.*, *Malayan Banking Berhad v. Beauty, Success & Truth International*, WIPO Case No. D2008-1393. Once the complainant makes such a *prima facie* showing, the burden of production shifts to the respondent, though the burden of proof always remains on the complainant. If the respondent fails to come forward with evidence showing rights or legitimate interests, the complainant will have sustained its burden under the second element of the UDRP.

Paragraph 4(c) of the Policy lists the ways that the respondent may demonstrate rights or legitimate interests in the disputed domain name:

(i) before any notice of the dispute, respondent's use of, or demonstrable preparations to use, the disputed domain name or a name corresponding to the disputed domain name in connection with a *bona fide* offering of goods or services; or

(ii) the respondent (as an individual, business or other organization) has been commonly known by the disputed domain name, even if it has acquired no trade mark or service mark rights; or

(iii) the respondent is making a legitimate noncommercial or fair use of the disputed domain name, without intent for commercial gain to misleadingly divert consumers or to tarnish the trade mark or service mark at issue.

UDRP panels have categorically held that the use of a domain name for illegal activity (*e.g.*, the sale of counterfeit goods or illegal pharmaceuticals, phishing, distributing malware, unauthorized account access/hacking, impersonation/passing off, or other types of fraud) can never confer rights or legitimate interests on a respondent. WIPO Overview 3.0, section 2.13.1. However, UDRP panels are generally not prepared to accept merely conclusory or wholly unsupported allegations of illegal activity, including counterfeiting, even when the respondent is in default. *Id.* UDPR panels have found that circumstantial evidence, such as goods offered disproportionately below market value, can support a complainant's otherwise credible claim of illegal activity. WIPO Overview 3.0, section 2.13.2.

Furthermore, the existence of a trademark registration owned by a respondent does not automatically confer rights or legitimate interests on the respondent. WIPO Overview 3.0, section 2.12.2; see also *Madonna Ciccone, p/k/a Madonna v. Dan Parisi and "Madonna.com"*, WIPO Case No. D2000-0847 ("[I]t would be a mistake to conclude that mere registration of a trademark creates a legitimate interest under the Policy. To establish cognizable rights, the overall circumstances should demonstrate that the registration was obtained in good faith for the purpose of making *bona fide* use of the mark in the jurisdiction where the mark is registered […]").

Here, Complainant has alleged that it has never authorized Respondent to use any of Complainant's trademarks or to register any domain name containing the trademark SWISSGEAR. Complainant has also established rights to its SWISSGEAR trademarks prior to the registration of the disputed domain name. Complainant also asserts that its SWISSGEAR brand is famous, meaning that Respondent should have been aware of it at the time it registered the disputed domain name. Lastly, it also alleged that Respondent's registration of the Thai trademarks containing "swissgear" are part of a counterfeiting scheme, of which the disputed domain name was also a part. There is, therefore, a *prima facie* case that Respondent has no rights or legitimate interests in the disputed domain name, and the burden is thus on Respondent to produce evidence to rebut this presumption. *Pierre Fabre Dermo-Cosmetique v. Simon Chen/personal/jinpingguo*, WIPO Case No. D2011-0769, citing *Do The Hustle, LLC v. Tropic Web*, WIPO Case No. D2000-0624; *Croatia Airlines d.d. v. Modern Empire Internet Ltd.*, WIPO Case No. D2003-0455); see also *Hermes International, SCA v. cui zhenhu*, WIPO Case No. D2010-1743.

Respondent failed to respond to these allegations or produce any evidence to refute them. The Panel therefore finds that the Complaint fulfills the second element of paragraph 4(a) of the Policy.

## C. Registered and Used in Bad Faith

In this case, the Panel finds that the disputed domain name has been registered and used in bad faith.

The Policy indicates in paragraph 4(b)(iv) that bad faith registration and use of a domain name can be found when, by using the domain name, a respondent has intentionally attempted to attract, for commercial gain, Internet users to its website or other online location, by creating a likelihood of confusion with a complainant's mark as to the source, sponsorship, affiliation, or endorsement of the website or location or of a product or service on the website or location.

UDRP panels have consistently found that the mere registration of a domain name that is identical or confusingly similar to a famous or widely-known trademark by an unaffiliated entity can by itself create a presumption of bad faith. WIPO Overview 3.0, section 3.1.4. Furthermore, given that the use of a domain name for *per se* illegitimate activity can never confer rights or legitimate interests on a respondent, such behavior is manifestly considered evidence of bad faith. WIPO Overview 3.0, section 3.1.4.

Here, Complainant presented evidence that the goods previously sold through Respondent's website located at the disputed domain name were counterfeit. The website and goods offered for sale thereon bore Complainant's SWISSGEAR marks as used by Complainant and were being offered at substantially reduced prices. Based on these factors, the Panel is inclined to agree with Complainant that Respondent's Thai registrations were obtained fraudulently or are otherwise illegitimate and were obtained in furtherance of a counterfeiting scheme targeting Complainant. Given the notoriety of Complainant's SWISSGEAR marks, Respondent was likely aware of these marks when it registered the disputed domain name, or knew or should have known that they were identical

or confusingly similar to Complainant's marks. See WIPO Overview 3.0, section 3.2.1; see also *TTT Moneycorp Limited v. Privacy Gods / Privacy Gods Limited*, WIPO Case No. D2016-1973.

Thus, Respondent has likely registered and used the disputed domain name for commercial gain by creating a likelihood of confusion with Complainant's SWISSGEAR marks within the meaning of Policy, paragraph 4(b)(iv). The Panel also finds credible Complainant's claim that Respondent has registered and used the disputed domain name to conduct a counterfeiting operation, and such *per se* illegal activity is manifestly evidence of bad faith.

There is simply no evidence or credible good faith explanation of any rationale behind Respondent's registration and use of the disputed domain name apart from an attempt to profit from or exploit Complainant's SWISSGEAR mark without Complainant's authorization. See, *e.g., Royal Bank of Canada v. Namegiant.com*, WIPO Case No. D2004-0642.

## 7. Decision

For the foregoing reasons, in accordance with paragraphs 4(i) of the Policy and 15 of the Rules, the Panel orders that the disputed domain name <swissgearthailand.com> be transferred to Complainant.

Brian J. Winterfeldt
Sole Panelist
Date: February 27, 2020