IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SWISSDIGITAL USA CO., LTD.,<br><br>*Plaintiff*,<br><br>v.<br><br>WENGER S.A.,<br><br>*Defendant*. | Civil Action No. 6:21-cv-453<br><br><br><br>Jury Trial Demanded |

**DEFENDANT'S REPLY IN SUPPORT OF**
**<u>OPENING CLAIM CONSTRUCTION BRIEF</u>**

1

## **TABLE OF CONTENTS**

**Page(s)**

I. LEGAL STANDARDS ON § 112 CHALLENGES. ................................................................ 1

    A. Extrinsic Evidence and Expert Testimony Are Not Required to Show a Claim is Indefinite. ................................................................ 1

    B. Terms of Degree Are Indefinite Where They Do Not Provide Sufficient Certainty. ................................................................ 2

    C. A Patent Without Any Disclosure of a Particular Element or Limitation Cannot Satisfy the Written Description Requirement. ................................................................ 3

II. WENGER PROPOSED THE PROPER CONSTRUCTIONS OF THE DISPUTED TERMS. ................................................................ 3

    A. "Retained Outside" ................................................................ 3

    B. "Adjacent To" ................................................................ 4

    C. "In Communication With" ................................................................ 6

    D. "Covers" ................................................................ 6

    E. "Exposed" ................................................................ 7

    F. "Fixedly Attached" ................................................................ 8

    G. "At The Body Opening" ................................................................ 8

    H. "Retained In" ................................................................ 9

III. CONCLUSION ................................................................ 10

## TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*AK Steel, AK Steel Corp. v. Sollac*,
   344 F.3d 1234 (Fed. Cir. 2003) ................................................................................6, 7, 11, 13

*Ariad Pharm., Inc. v. Eli Lilly and Co.*,
   598 F.3d 1336 (Fed. Cir. 2010) ..............................................................................................4, 6

*BCS Software, LLC v. Open Text, Inc.*,
   No. 6:21-cv-00050-ADA (W.D. Tex. Oct. 20, 2021) .................................................................5

*CCS Fitness, Inc. v. Brunswick Corp.*,
   288 F.3d 1359 (Fed. Cir. 2002) .................................................................................................8

*Contentguard Holdings, Inc. v. Amazon.com, Inc.*,
   2015 WL 8073722 (E.D. Tex. Dec. 4, 2015) .............................................................................9

*Dow Chem. Co. v. Nova Chem. Corp. (Canada)*,
   809 F.3d 1223 (Fed. Cir. 2015) .................................................................................................4

*Exxon Research and Eng'g Co. v. U.S.*,
   265 F.3d 1371 (Fed. Cir. 2001) .................................................................................................4

*Ferring B.V. v. Serenity Pharm., LLC*,
   2020 WL 1164700 (S.D.N.Y. Mar. 11, 2020) ...........................................................................5

*Halliburton Energy Servs., Inc. v. M-I LLC*,
   514 F.3d 1244 (Fed. Cir. 2008) ...................................................................................4, 5, 8, 10

*Int'l Rectifier Corp. v. IXYS Corp.*,
   361 F.3d 1363 (Fed. Cir. 2004) .................................................................................................9

*Interval Lic'g LLC v. AOL, Inc.*,
   766 F.3d 1364 (Fed. Cir. 2014) .................................................................................................5

*Markman v. Westview Instruments, Inc.*,
   517 U.S. 370 (1996) ...................................................................................................................5

*Phillips v. AWH Corp.*,
   415 F.3d 1303 (Fed. Cir. 2005) (*en banc*) ............................................................................5, 7

*Teva Pharm. USA, Inc. v. Sandoz, Inc.*,
   574 U.S. 318 (2015) ...................................................................................................................5

*In re Tropp*,
   748 Fed. Appx. 1022 (Fed. Cir. Dec. 12, 2018) ..........................................................................6

*Vasudevan Software v. MicroStrategy, Inc.*,
   782 F.3d 671 (Fed. Cir. 2015)....................................................................................................6

*VDP Patent, LLC v. Welch Allyn Holdings, Inc.*,
   623 F. Supp. 2d 414 (S.D.N.Y.)............................................................................................4, 5

**Federal Statutes**

35 U.S.C. §§ 112, 112(b) ................................................................................................... *passim*

Defendant Wenger S.A. ("Wenger") hereby submits this Reply in Support of its Opening Claim Construction Brief.  (Dkt. 26).

## I. LEGAL STANDARDS ON § 112 CHALLENGES

A showing of indefiniteness "is met where an accused infringer shows by clear and convincing evidence that a skilled artisan could not discern the boundaries of the claim based on the claim language, the specification, and the prosecution history, as well as her knowledge of the relevant art area." *Halliburton Energy Servs., Inc. v. M-I LLC*, 514 F.3d 1244, 1249-50 (Fed. Cir. 2008).  Wenger has met its burden to prove indefiniteness by performing "an objective inquiry into the four corners of the specification from the perspective of a person of ordinary skill in the art." *Ariad Pharm., Inc. v. Eli Lilly and Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010); *see also, e.g., Dow Chem. Co. v. Nova Chem. Corp. (Canada)*, 809 F.3d 1223, 1227 (Fed. Cir. 2015) ("The burden of proving indefiniteness . . . remains at all times on the party challenging the validity of the patent.").

### A. Extrinsic Evidence and Expert Testimony Are Not Required to Show a Claim is Indefinite.

Extrinsic evidence is not required to show a claim term is indefinite.  Throughout its Response, SwissDigital repeats a refrain that *VDP Patent, LLC v. Welch Allyn Holdings, Inc.*, 623 F. Supp. 2d 414, 423 (S.D.N.Y. June 24, 2008) "stat[es] that extrinsic evidence may be necessary to invalidate a claim as indefinite." *See, e.g.,* Response at 5, 6, 8, 11.  But extrinsic evidence is not required to show the indefiniteness of a claim term.  Rather, as the Southern District of New York noted on the very page cited by SwissDigital, "a court **may consider or reject** certain extrinsic evidence in resolving disputes en route to pronouncing the meaning of claim language." *VDP Patent*, 623 F. Supp. 2d at 422-23 (emphasis added) (citing *Exxon Research and Eng'g Co. v. U.S.*, 265 F.3d 1371, 1376 (Fed. Cir. 2001) (overturned by *Nautilus*, 572 U.S. 898)).  That court further

1

cautioned that this permissive consideration of extrinsic evidence only occurs in "some situations" which "**may** require a court to consider extrinsic evidence before invalidating a claim as indefinite." *Id.* at 423 (emphasis added.).

It is equally true that expert testimony is not required to show indefiniteness. "Expert testimony . . . may be helpful" in construing claims. *BCS Software, LLC v. Open Text, Inc.*, No. 6:21-cv-00050-ADA, (Dkt. 38) at 3 (W.D. Tex. Oct. 20, 2021) (citing *Phillips v. AWH Corp.*, 415 F.3d 1303, 1318 (Fed. Cir. 2005) (*en banc*)). However, an expert's testimony does not "'create an indefiniteness argument." *Ferring B.V. v. Serenity Pharm., LLC*, 2020 WL 1164700, at *2 (S.D.N.Y. Mar. 11, 2020) (slip op.) (internal quotations omitted). "[E]xperts may be examined to explain terms of the art, and the state of the art, at any given time, but they cannot be used to prove the proper or legal construction of any instrument of writing." *Teva Pharm. USA, Inc. v. Sandoz, Inc.*, 574 U.S. 318, 332 (2015) (quotations and citations omitted). This is because "in the actual interpretation of the patent the court proceeds upon its own responsibility, as an arbiter of the law, giving to the patent its true and final character and force." *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 388 (1996) (citations omitted).

### B. Terms of Degree Are Indefinite Where They Do Not Provide Sufficient Certainty.

SwissDigital argues that terms of degree "have long been found definite." *See* Resp. (Dkt. 36) at 5, 8, 11. But this ignores that "it is not enough . . . to identify *some standard* for measuring the scope of the [claim] phrase" to satisfy the definiteness requirements of § 112. *Interval Lic'g LLC v. AOL, Inc.*, 766 F.3d 1364, 1370-71 (Fed. Cir. 2014) (emphasis in original) (quotation marks and citation omitted).

"The fact that [the patentee] can articulate a definition supported by the specification . . . does not end the inquiry. Even if a claim term's definition can be reduced to words, the claim is

still indefinite if a person of ordinary skill in the art cannot translate the definition into meaningfully precise claim scope." *Halliburton*, 514 F.3d at 1251.

    **C.  A Patent Without Any Disclosure of a Particular Element or Limitation Cannot Satisfy the Written Description Requirement.**

"The test for the sufficiency of the written description is whether the disclosure of the application relied upon reasonably conveys to those skilled in the art that the inventor had possession of the claimed subject matter **as of the filing date**." *Vasudevan Software v. MicroStrategy, Inc.*, 782 F.3d 671, 682 (Fed. Cir. 2015) (emphasis added) (citation and quotation marks omitted). New matter introduced in a continuation-in-part can be "relevant to assessing compliance with the written description requirement." *See, e.g., In re Tropp*, 748 Fed. Appx. 1022, 1024 (Fed. Cir. 2018) (citation omitted).

**II.  WENGER PROPOSED THE PROPER CONSTRUCTIONS OF THE DISPUTED TERMS.**

    **A.  "Retained Outside"**

| Claim Term, Clause, or Phrase | U.S. 10,572,071 Claim(s) | U.S. 10,931,138 Claim(s) | Wenger's Proposed Construction | SwissDigital's Proposed Construction |
|---|---|---|---|---|
| "retained outside" | 1, 10 |  | § 112(b) <br> Alternatively, retained entirely outside of. | No construction necessary; plain and ordinary meaning |

As Wenger explained in its Opening Brief, "retained outside" is indefinite for failing to inform a person of skill in the art the parameters of the retention outside the power cable outlet. In the alternative, "retained entirely outside of" is the proper construction because it gives light to the applicant's "stated purposes" of the invention. *See AK Steel Corp. v. Sollac*, 344 F.3d 1234, 1239-40 (Fed. Cir. 2003) (claims should be interpreted consistent with stated purposes and goals of the invention). The specification of the '071 Patent confirms that "advantages" of the invention include "a bag or luggage for convenient charging, which enables a user to charge a product

3

needing to be charged conveniently at any time or any place during travelling, without necessarily opening the bag or luggage, nor taking out the power source for charging." '071 Patent at 2:25-31. Thus, Wenger's proposal does not include "additional" or "unnecessary" "verbiage", despite SwissDigital's contentions (Resp. (Dkt. 36) at 7); rather, Wenger's proposal gives effect to the stated purposes and goals of the invention.

The prosecution history reinforces this intention. There, Applicant amended the claim to replace the limitation that "the female connector is retained in the power cable outlet or exposed outside" to "the female connector is retained outside." *See* Dkt. 26-1 ('071 Patent File History) at 04/08/2019 Response at 3 (File History at 221). Accordingly, Wenger's proposal is both in line with the intentions of the invention, as well as the prosecution history—both of which necessarily inform claim construction. *See AK Steel*, 344 F.3d at 1239-40; *Phillips*, 415 F.3d at 1317.

**B.    "Adjacent To"**

| Claim Term, Clause, or Phrase | U.S. 10,572,071 Claim(s) | U.S. 10,931,138 Claim(s) | Wenger's Proposed Construction | SwissDigital's Proposed Construction |
|---|---|---|---|---|
| "adjacent to" | 1, 10 |  | § 112(b) <br> Alternatively, adjoining. | No construction necessary; plain and ordinary meaning |

"Adjacent to" is indefinite for failing to provide reasonable certainty as to the scope of the invention. As a term of degree, a person of skill in the art simply would not be informed about what constituted sufficient "adjacen[cy] to the power cable outlet." *See* '071 Patent at Claims 1, 10. For example, a person of ordinary skill in the art reading the patent would be left without sufficient clarity as to what distances between the female connector and the power cable outlet were sufficient to be "adjacent;" how to measure that proximity (e.g., where on the power cable outlet to where on the female connector is one to measure?); or whether adjacency permitted

4

intervening fabrics or materials.[1]  "Adjacent to" thus does not "particularly point[] out and distinctly claim[]" the invention (*see* 35 U.S.C. § 112(b)), nor does it "inform those skilled in the art about the scope of the invention with reasonable certainty." *Nautilus*, 572 U.S. at 910.

SwissDigital alleges that the term "is a well understood claim term that when read in light of the specification delineating the patent, and the prosecution history, informs with reasonable certainty, those skilled in the art about the scope of the invention at the time of the invention." Resp. (Dkt. 36) at 8.  But SwissDigital fails to explain how the term is well understood, what it would be read to mean in light of the specification and the prosecution history, or what the scope of "adjacent to" properly was at the time of the invention.  Further, SwissDigital does not even attempt to "articulate a definition supported by the specification," and thus the Court—like the person of skill in the art—is left without "meaningfully precise claim scope" to evaluate.  *See Halliburton*, 514 F.3d at 1251.

In the alternative, "adjacent to" should be construed according to Applicant's statement and distinction in the prosecution history.  *See* Dkt. 26-1 ('071 Patent File History) at 06/25/2019 Amendment at 6 (File History at 134).  An Applicant's statement in prosecution history is quintessential patentee acting as lexicographer.  *See CCS Fitness, Inc. v. Brunswick Corp.*, 288 F.3d 1359, 1366 (Fed. Cir. 2002) (patentee may "act[] as his own lexicographer and clearly set forth a definition of the disputed claim term in either the specification or prosecution history") (citation omitted).  Accordingly, because the Applicant defined "adjacent to" utilizing the Dictionary.com definition "lying near, close, or contiguous: adjoining; neighboring," the proper

---

[1] For the same reasons, because "adjacent to" is not only a term of degree, but also a relative term, and is independently indefinite as being vague for its relative nature.  The independent claims of the '071 Patent recite that "the female connector is . . . adjacent to the power cable outlet." *See* '071 Patent at Claims 1, 10.  But the only positioning known of the "power cable outlet" is that it is "on the outer surface of the bag or luggage."

construction of that term includes Applicant's lexicography.[2]

C. **"In Communication With"**

| Claim Term, Clause, or Phrase | U.S. 10,572,071 Claim(s) | U.S. 10,931,138 Claim(s) | Wenger's Proposed Construction | SwissDigital's Proposed Construction |
|---|---|---|---|---|
| "in communication with" | 1, 10 | 23 | Attached to. | No construction necessary; plain and ordinary meaning |

The patents describe that various portions of the bag or luggage are in communication with one another. But neither patent's specification describes this "communication;" rather, a person of ordinary skill in the art is left to glean from the descriptions of the embodiments and the figures that, in every instance, "in communication with" means "attached to." Accordingly, the patentee served as his own lexicographer through the images and embodiments described in the patent. *See Int'l Rectifier Corp. v. IXYS Corp.*, 361 F.3d 1363, 1373 (Fed. Cir. 2004) (finding that an inventor had acted as his own lexicographer based on figures and accompanying text in the specification).

D. **"Covers"**

| Claim Term, Clause, or Phrase | U.S. 10,572,071 Claim(s) | U.S. 10,931,138 Claim(s) | Wenger's Proposed Construction | SwissDigital's Proposed Construction |
|---|---|---|---|---|
| "covers" | 1, 10 | | § 112(b) Alternatively, overlapping; on top of. | No construction necessary; plain and ordinary meaning |

"Covers" is indefinite. It is unclear what it means to "cover[] the power cable outlet," or to what degree the power cable outlet must be "cover[ed]" to satisfy the claim element.

---

[2] SwissDigital argues that Wenger selectively chose one of the terms in the Dictionary.com definition cited by Applicant, and there is no reason to adopt merely one of the term in the dictionary definition. Wenger contends that "adjoining" is the most consistent with the purposes of the invention, as explained above, and that a construction of the entire definition would be more complicated than necessary. *See, e.g., Contentguard Holdings, Inc. v. Amazon.com, Inc.*, 2015 WL 8073722, at *75 (E.D. Tex. Dec. 4, 2015) (noting that claim constructions need not be "verbose") (citations omitted).

6

Accordingly, "covers" does not "particularly point[] out and distinctly claim[] the subject matter" of the invention (*see* 35 U.S.C. § 112(b)), nor does it "inform those skilled in the art about the scope of the invention with reasonable certainty." *Nautilus*, 572 U.S. at 910.

Once again, SwissDigital alleges that the term "is a well understood claim term that when read in light of the specification delineating the patent, and the prosecution history, informs with reasonable certainty, those skilled in the art about the scope of the invention at the time of the invention." Resp. (Dkt. 36) at 11. But SwissDigital's conclusory allegation fails to explain how the term is well understood, what it would be read to mean in light of the specification and the prosecution history, or what the scope of "covers" properly was at the time of the invention. Further, SwissDigital does not even attempt to "articulate a definition supported by the specification," and thus the Court—like the person of skill in the art—is left without "meaningfully precise claim scope" to evaluate. *See Halliburton*, 514 F.3d at 1251.

### E.     "Exposed"

| Claim Term, Clause, or Phrase | U.S. 10,572,071 Claim(s) | U.S. 10,931,138 Claim(s) | Wenger's Proposed Construction | SwissDigital's Proposed Construction |
|---|---|---|---|---|
| "exposed" | 1, 10 |  | not fully covered | No construction necessary; plain and ordinary meaning |

The purpose of the invention—to provide convenient charging of a product without necessarily opening the bag or luggage, nor taking out the power source for charging—clearly would be frustrated if the female connector was anything less than not fully covered. For example, if the female connector was <u>not</u> "not fully covered," it would be impossible for "a user to charge a product needing to be charged . . . without necessarily opening the bag or luggage, nor taking out the power source for charging." *See* '071 Patent at 2:25-31. Accordingly, any construction more or less than "not fully covered" would frustrate the purpose of the invention and thus be the

improper construction. *See, e.g., AK Steel*, 344 F.3d at 1239-40.

F.     **"Fixedly Attached"**

| Claim Term, Clause, or Phrase | U.S. 10,572,071 Claim(s) | U.S. 10,931,138 Claim(s) | Wenger's Proposed Construction | SwissDigital's Proposed Construction |
|---|---|---|---|---|
| "fixedly attached" | 1, 10 | | Alternatively, connected to the bag or luggage permanently. | No construction necessary; plain and ordinary meaning |

The Applicant disavowed "fixedly attached" being anything other than "connected to the bag or luggage permanently" when this claim term was added during prosecution in order to overcome a rejection over prior art. There, Applicant noted that the connectors were "to be easily located" and that "the connector 40 fits inside the pocket 42 and may be placed there when it is not connected to a mobile device". *See* Dkt. 26-1 ('071 Patent File History) at 06/25/2019 Amendment & Response at 7-8 (File History at 136). The "cord . . . may be pulled in and out," insinuating that the connector never moves—since clearly the bag cannot move, and the cord is the component providing attachment/detachment. *Id.* Accordingly, in order to accomplish the "very problems sou[ght] to be addressed by the current invention," the recited sheath must be connected to the bag or luggage permanently. *See AK Steel*, 344 F.3d at 1239-40.

G.     **"At The Body Opening"**

| Claim Term, Clause, or Phrase | U.S. 10,572,071 Claim(s) | U.S. 10,931,138 Claim(s) | Wenger's Proposed Construction | SwissDigital's Proposed Construction |
|---|---|---|---|---|
| "at the body opening" | | 23 | § 112(a), (b) Alternatively, adjoining a cutout in the body where the inner surface of the bag or luggage and the outer surface of the bag or luggage meet. | No construction necessary; plain and ordinary meaning |

8

"At the body opening" is indefinite at least because it does not inform a person of skill in the art what constitutes sufficient proximity to satisfy the element. For example, such a person reading the patent would be left without direction or clarity as to what constitutes "at the body opening" or how to make the determination that the sheath is indeed "at the body opening." The term thus does not "particularly point[] out and distinctly claim[] the subject matter" of the invention (*see* 35 U.S.C. § 112(b)), nor does it "inform those skilled in the art about the scope of the invention with reasonable certainty." *Nautilus*, 572 U.S. at 910.

SwissDigital alleges that because, in its view, "at the body opening" is not indefinite, it satisfies the written description requirement. *See* Resp. (Dkt. 36) at 15. But "at the body opening" **separately and independently** fails the requirements of § 112 for failing to meet the written description requirements. The recited "body opening" is not described in the '071 Patent specification at all; instead, the "body opening" was added as new matter in the later application for the '138 Patent. SwissDigital ignores this critical new matter issue. If the '138 Patent is afforded the priority date of its parent application, "at the body opening" is invalid for lack of written description.

### H.    "Retained In"

| Claim Term, Clause, or Phrase | U.S. 10,572,071 Claim(s) | U.S. 10,931,138 Claim(s) | Wenger's Proposed Construction | SwissDigital's Proposed Construction |
|---|---|---|---|---|
| "retained in" | | 23 | § 112(a), (b)<br>Alternatively, held in permanent or semi-permanent attachment. | No construction necessary; plain and ordinary meaning |

Similarly, "retained in" is indefinite at least because it does not inform a person of skill in the art what constitutes sufficient retention to satisfy the element. For example, such a person reading the patent would be left without direction or clarity as to how much of the operative end

9

of the female end of the USB cable must be "retained in" or how to make that determination. The term thus does not "particularly point[] out and distinctly claim[] the subject matter" of the invention (*see* 35 U.S.C. § 112(b)), nor does it "inform those skilled in the art about the scope of the invention with reasonable certainty." *Nautilus*, 572 U.S. at 910.

Once again, SwissDigital alleges that because, in its view, this term is not indefinite, it satisfies the written description requirement. *See* Resp. (Dkt 36) at 16. "Retained in" **separately and independently** fails the requirements of § 112 for failing to meet the written description requirements. The '071 Patent does not ever recite "retained in;" rather, the first description of this term appears in the new matter added to the specification of the '138 Patent. SwissDigital ignores this key issue – trying to avoid the logical conclusion that if the '138 Patent is afforded the priority date of its parent application, "retained in" is invalid for lack of written description.

Alternatively, as Wenger explained in its Opening Brief, Wenger's proposed construction of "retained in" is the proper construction because it gives light to the applicant's stated purposes of the invention. *See AK Steel*, 344 F.3d at 1239-40. Specifically, the purposes of retaining the female end of the USB cable in the USB opening is to "provide[] a sturdy position" in which the USB cable cannot move. '138 Patent at 2:26-28. This purpose can only be accomplished if the female end of the USB cable is held in permanent attachment in the USB opening, such that the cable is and remains in "a sturdy position."

### III.   CONCLUSION

For the foregoing reasons, Wenger respectfully requests that the Court issue its proposed claim constructions for the '071 and '138 Patents.

Dated: April 28, 2022                              */s/ Taylor N. Mauze*

>Taylor N. Mauze (TX Bar No. 24102161)
>tmauze@reichmanjorgensen.com
>REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
>7500 Rialto Boulevard, Suite 250
>Austin, Texas 78735
>Telephone: (650) 623-1401
>Facsimile: (650) 623-1449
>
>Christine E. Lehman (*pro hac vice*)
>clehman@reichmanjorgensen.com
>REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
>1710 Rhode Island Avenue, NW, 12th Floor
>Washington, DC 20036
>Tel: (202) 894-7311
>
>***Attorneys for Defendant Wenger, S.A.***

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing instrument has been served to all counsel of record by electronic mail on April 28, 2022.

/s/ Taylor N. Mauze