**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

SWISSDIGITAL USA CO., LTD.,

          *Plaintiff*,

    v.

WENGER S.A.,

          *Defendant*.

Civil Action No. 6:21-cv-453

Jury Trial Demanded

**WENGER S.A.'S REPLY IN SUPPORT OF
<u>12(C) MOTION FOR JUDGMENT ON THE PLEADINGS</u>**

**TABLE OF CONTENTS**

I.   SWISSDIGITAL'S TRADEMARK LICENSE THEORY OF DIRECT INFRINGEMENT FAILS AS A MATTER OF LAW. ...................................................................................... 1

    A.   Any use or maintenance of the SWISSGEAR trademark by Wenger is insufficient to establish patent infringement by Wenger. ........................................................................ 1

    B.   SwissDigital fails to point to anything "more" that would constitute patent infringement. 2

    C.   The pleadings SwissDigital points to are inapposite here. .................................................. 4

II.  DESPITE SWISSDIGITAL'S ATTEMPTS TO OBFUSCATE, THE COURT NEED NOT CREDIT UNSUPPORTED FACTS SPECIFICALLY DENIED BY WENGER. ................. 6

III. SWISSDIGITAL FAILS TO STATE CLAIMS FOR INDIRECT INFRINGEMENT. ......... 7

    A.   SwissDigital fails to state claims for induced infringement. ............................................. 7

    B.   SwissDigital fails to state claims for contributory infringement. ...................................... 9

    C.   SwissDigital fails to state claims for indirect infringement of the '071 Patent before January 11, 2021. ............................................................................................................. 9

IV.  CONCLUSION ...................................................................................................................... 10

## TABLE OF AUTHORITIES

*Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) ................................................................... 2, 3, 5, 7, 8

*Bartlett v. Nationwide Mut. Fire Ins. Co.*, 2013 WL 623497, at *4 (W.D.N.Y. Feb. 19, 2013) .... 2

*Bass v. Hoagland*, 172 F.2d 205, 207 (5th Cir. 1949). ............................................................... 3, 6

*Data Engine Techs. LLC v. Google LLC*, 906 F.3d 999, 1008 n.2 (Fed. Cir. 2018) ...................... 5

*Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) .............................................................. 6

*FarFromBoring Promotions.Com, LLC v. Brookline, LLC*, 2021 WL 7186825, at *1 (S.D. Fl. Dec. 16, 2021) .................................................................................................................. 2

*Fioretti v. New South Indus., Inc.*, 2010 WL 11651277, at *4 (M.D. Fl. May 5, 2010) ................ 2

*Hockerson-Halberstadt, Inc. v. JSP Footwear, Inc.*, 104 Fed. Appx. 721, 724 (Fed. Cir. 2004) .. 4

*Mandujano v. City of Pharr, Tex.*, 786 Fed. Appx. 434, 437 (5th Cir. Sept. 4, 2019) ................... 5

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936 (2005) ......................... 8

*Monolithic Pwr. Sys., Inc. v. Meraki Integrated Circuit (Shenzhen) Tech., Ltd.*, 2021 WL 3931910, at *5 (W.D. Tex. Sept. 1, 2021) ............................................................................. 7, 9

*S.E.C. v. Cuban*, 620 F.3d 551, 553 (5th Cir. 2010) ...................................................................... 6

*Vanco v. Mancini*, 495 F. Supp. 3d 712, 720 (N.D. Ill. Oct. 19, 2020) ......................................... 2

Pursuant to Rule CV-7(f), Defendant Wenger S.A. ("Wenger") hereby files this Reply in Support of its Motion for Judgement on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c) (Dkt. 31) (the "Motion").

**I.    SWISSDIGITAL'S TRADEMARK LICENSE THEORY OF DIRECT INFRINGEMENT FAILS AS A MATTER OF LAW.**

### A. Any use or maintenance of the SWISSGEAR trademark by Wenger is insufficient to establish patent infringement by Wenger.

Plaintiff SwissDigital USA Co., Ltd. ("SwissDigital") alleges that Wenger directly infringes the asserted patents merely because the accused products include the SWISSGEAR mark, which Wenger owns and maintains.  But that theory fails as a matter of law, as the use and maintenance required of a trademark are insufficient to establish patent infringement. *L.A. Gear, Inc. v. E.S. Originals, Inc.*, 859 F.Supp. 1294, 1299 (C.D. Cal. 1994) ("Although undeniably creative, this argument is pure sophistry in that it plays semantic games with the word 'use,' which carries different meanings in patent and trademark law.").  SwissDigital extensively cites authority to support that Wenger owns and controls the SWISSGEAR mark.  *See* Opp. (Dkt. 37) at 5. Wenger does not contest that it owns or maintains the SWISSGEAR mark.  *See, e.g.,* Answer (Dkt. 23) ¶ 9; *see also, e.g.,* Mot. (Dkt. 31) at 6.  But Wenger's ownership and maintenance of that mark does not and cannot constitute "mak[ing], us[ing] or "sell[ing]" the accused products such that Wenger directly infringes asserted patents. *See* 35 U.S.C. § 271(a).  This is not altered by the fact that the SWISSGEAR mark is used on the accused products as, even under SwissDigital's pleading, the affixing and selling of the accused products bearing the SWISSGEAR mark is not done by Wenger, but is instead done by Group III International Inc. ("Group III").  *See, e.g.,* FAC (Dkt. 20) ¶ 12 (accusing "products sold and offered for sale by [Wenger's] licensees"); *see also*

Mot. (Dkt. 31) (at 2-3) (citing Wenger's Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) (Dkt. 27), which explains that Group III is the relevant licensee).

### B. SwissDigital fails to point to anything "more" that would constitute patent infringement.

SwissDigital acknowledges that "a license to use a trademark does not, *without more*, lead to liability." Opp. (Dkt. 37) at 5 (citing Mot. (Dkt. 31) at 4). But the only thing SwissDigital points to as "more," that "Wenger 'oversees the design and quality control of' the accused products," is insufficient and insufficiently pled to rescue SwissDigital's First Amended Complaint ("FAC"). Opp. (Dkt. 37) at 5 (citing FAC (Dkt. 20) ¶ 12).

First, SwissDigital alleges that its FAC "alleges 'more,'" but a quick look at the FAC shows that its allegations are "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). SwissDigital points to its allegation that, "[o]n information and belief, Wenger is the owner of the www.swissgear.com[1] domain name and website and oversees the design and quality control of products sold and offered for sale under its brand, including infringing products sold and offered for sale by its licensees." FAC (Dkt. 20) ¶ 12; *see also* Opp. (Dkt. 37) at 5 (citing the same). But these are "mere conclusory statements," and cannot sustain SwissDigital's First Amended Complaint. *See, e.g., FarFromBoring Promotions.Com, LLC v. Brookline, LLC*, 2021 WL 7186825, at *1 (S.D. Fla. Dec. 16, 2021) (slip op.) (in evaluating a 12(b)(6) motion, noting that paragraph "based 'on information and belief' . . . is not entitled to any evidentiary weight"); *see also Bartlett v. Nationwide Mut. Fire Ins. Co.*, 2013 WL 623497, at *4 (W.D.N.Y. Feb. 19, 2013) ("Assertions based on 'information and belief' are not sufficient" to

---

[1] Consistent with its Motion for Judgment on the Pleadings, Wenger refers to www.swissgear.com as the "Group III Website" in this Reply. *See* Mot. (Dkt. 31) at 2-3.

successfully state a claim) (citation omitted); *Fioretti v. New South Indus., Inc.*, 2010 WL 11651277, at *4 (M.D. Fl. May 5, 2010) (same); *Vanco v. Mancini*, 495 F. Supp. 3d 712, 720 (N.D. Ill. Oct. 19, 2020) (allegations "made on 'information and belief'" only constitute "well-pleaded facts" if "the information would be peculiarly within another party's knowledge") (citations and quotations omitted).[2]

Even if the subsequent paragraphs can be interpreted to support these conclusory statements, they fail to allege facts sufficient to plausibly allege a cause of action.  Paragraphs 13-18 of the FAC discuss the Group III Website, none of which constitute "well-pleaded facts" supporting SwissDigital's allegation that Wenger "oversees the design and quality control" of the accused products.  Rather, these paragraphs merely show that Group III, whose name is on the bottom of the website (as shown below), uses the Group III Website to sell and offer for sale the accused products.[3]

© COPYRIGHT 2022 SWISSGEAR.COM. ALL RIGHTS RESERVED. SWISSGEAR® IS A REGISTERED TRADEMARK
AND USED UNDER LICENSE BY GROUP III INTERNATIONAL INC, POMPANO BEACH, FL 33069

Dkt. 31-1 (complete screenshot of the Group III Website) at 9.

Additionally, even if these allegations were supported by well-pleaded facts, they cannot constitute the "more" that is required to plausibly state a claim for relief.  A sufficiently-pled claim

---

[2] SwissDigital's First Amended Complaint does not even meet this more lenient standard followed by the Northern District of Illinois, as Wenger's oversight of design and quality control is not peculiarly within SwissDigital's knowledge.  Further, because these allegations are mere conclusory statements specifically denied by Wenger, they need not be accepted as true.  *See* Answer (Dkt. 23) ¶ 12; *Iqbal*, 556 U.S. at 663 ("[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements.") (citing *Twombly*, 550 U.S. at 556); *see also Bass v. Hoagland*, 172 F.2d 205, 207 (5th Cir. 1949).

[3] Once again, SwissDigital fails to address or explain the fact that the Group III Website, on its face, purports the SWISSGEAR mark to be "used under license by Group III International Inc."

3

to relief for direct infringement shows that the defendant practices the claimed invention. But

"oversee[ing] the design and quality control" of the accused products does not constitute practice.

Only particular actions—"mak[ing], us[ing] or "sell[ing] any patented invention[]"—constitute

practice sufficient to state a claim for relief. *See* 35 U.S.C. § 271(a). Overseeing or controlling

the accused products, even if well-pled, cannot constitute direct infringement. *Hockerson-*

*Halberstadt, Inc. v. JSP Footwear, Inc.*, 104 Fed. Appx. 721, 724 (Fed. Cir. 2004) ("Direct

infringement, however, requires more than mere control; direct infringement requires making,

using, offering to sell, or selling a patented invention. Accordingly, [a company]'s authority to

control [another company] cannot support a claim of direct infringement.").

Accordingly, even accepting the facts as true, SwissDigital cannot state a legally

cognizable claim to relief. Despite SwissDigital's contention otherwise, time for discovery will

not change the core issue that SwissDigital's theory of infringement—i.e., that Wenger can be

liable for making, using, or selling the accused products—fails as a matter of law. *See* Opp.

(Dkt. 37) at 6 (arguing that "SwissDigital has not yet had the benefit of discovery").[4]

### C.  The pleadings SwissDigital points to are inapposite here.

Despite SwissDigital's repeated points at Wenger's pleadings in other actions,

SwissDigital has not pled any well-pleaded facts that Wenger controls the accused products in the

way SwissDigital now alleges. As a threshold issue, the pleadings SwissDigital points to and the

facts in them are not in SwissDigital's First Amended Complaint ("FAC"), and therefore are

---

[4] Notably, SwissDigital alleges in opposing Wenger's 12(c) Motion that it is entitled to discovery
to save its claims from judgment on the pleadings (*see* Opp. (Dkt. 37) at 6), but maintains in
opposing Wenger's Motion to Transfer that it needs minimal discovery in this case. *See, e.g.,*
Dkt. 29 at 8 ("SwissDigital has no plan—and no need—to call any witness from Group III to
testify."). Wenger respectfully submits that SwissDigital's use of discovery as a sword and a
shield, dependent on its needs, indicates that such arguments are opportunistic and entitled to little
weight.

insufficient to save it from Judgement on the Pleadings.  Further, even these pleadings do not establish what SwissDigital purports they do.  The pleadings are from scattered cases all around the world that do not directly speak to the SWISSGEAR mark *on the accused products*.

First, the pleadings to which SwissDigital should be disregarded because they are not a part of SwissDigital's pleadings.  Although in deciding a motion to dismiss a court may consider public records, *Data Engine Techs. LLC v. Google LLC*, 906 F.3d 999, 1008 n.2 (Fed. Cir. 2018), "[t]o survive a 12(c) motion, '**a complaint** must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Mandujano v. City of Pharr, Tex.*, 786 Fed. Appx. 434, 437 (5th Cir. Sept. 4, 2019) (emphasis added) (quoting *Iqbal*, 556 U.S. at 678).  Accordingly, the focus in a 12(c) motion is the Complaint, and SwissDigital's attempts to include as fodder factual support from materials outside the Complaint are unavailing.

Second, the pleadings SwissDigital points to are inapposite here, and cannot constitute well-pleaded facts with regard to the accused products.  For example, the Wenger pleadings SwissDigital points to are from other cases around the world concerning the defense (not the affirmative use) of the SWISSGEAR mark.  *See* Dkt. 37-2 (WIPO filing in defense of "SwissGear Thailand"); Dkt. 29-2 (Complaint in S.D.N.Y, alleging trademark claims); Dkt. 29-3 (request for preliminary injunction against use of similar mark).  One of the cited pleadings concerns the defense of the mark "SwissGear *Thailand*" as used *oversees in a completely different country*.

This is important because, as Wenger has explained in its Motion, the trademark license with Group III governs the use of the SWISSGEAR mark <u>on the accused products.</u>  None of the Wenger pleadings cited by SwissDigital show anything other than that Wenger actively defends against infringement of the SWISSGEAR mark.  Wenger does maintain the SWISSGEAR mark (*see supra* at § I.A), but Wenger itself does not use the SWISSGEAR mark on any of the accused

products—it licenses Group III to do so.  This is clear from the Wenger Website on "Travel Gear," which states "Sorry, We've Moved," and instructs consumers that, "[f]or all Wenger Travel Gear & Business Gear needs, please visit us at SWISSGEAR®."  *See* FAC (Dkt. 20) ¶ 11.  Although SwissDigital is eager to use the Wenger Website to support its claims, it continuously fails to acknowledge the distinction between the advertisements and statements on the Wenger Website and those on the Group III Website, and the Court need not credit its unsupported allegations otherwise.

## II.    DESPITE SWISSDIGITAL'S ATTEMPTS TO OBFUSCATE, THE COURT NEED NOT CREDIT UNSUPPORTED FACTS SPECIFICALLY DENIED BY WENGER.

SwissDigital frequently obfuscates its pleadings with facts in an apparent attempt to hide under cover of the 12(c) standard.  It is true that in evaluating Rule 12(c) motions, which apply the same standard as Rule 12(b)(6) motions, courts must "accept 'all well pleaded facts as true, viewing them in the light most favorable to the plaintiff."  *S.E.C. v. Cuban*, 620 F.3d 551, 553 (5th Cir. 2010) (citation omitted); *see also* Opp. (Dkt. 37) at 3; *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (noting a court evaluates a Rule 12(c) motion under the same standard as a Rule 12(b)(6) motion).  However, while "[o]n a motion for judgement on the pleadings the old rule obtains that the fact allegations of the answer are to be taken as true," the factual allegations "of the complaint are taken as true ***only where and to the extent that they do not conflict with those of the answer***."  *Bass*, 172 F.2d at 207 (emphasis added).

In the present case, quite a few of SwissDigital's core allegations conflict with Wenger's answer and therefore need not be taken as true.  For example, SwissDigital heavily relies on the following assertions, despite their specific denial by Wenger in its Answer:

- Wenger owns, operates, and sells products through the website www.swissgear.com.  *See, e.g.,* FAC (Dkt. 20) ¶ 12 ("On information and belief,

Wenger is the owner of the www.swissgear.com domain name and website . . ."),

Answer (Dkt. 23) ¶ 12 (denying the same); *see also, e.g.,* FAC (Dkt. 20) ¶ 38 ("The

infringing SWISSGEAR products are sold by Defendant at least through its

SWISSGEAR website . . . "), Answer (Dkt. 23) ¶ 38 (denying the same).

- Wenger "oversees the design and quality control" of the accused products. *See, e.g.,* FAC (Dkt. 20) ¶¶ 12 ("On information and belief, Wenger . . . oversees the design and quality control of products sold and offered for sale under its brand . . ."); Answer (Dkt. 23) ¶ 12 (denying the same).

- Wenger places the SWISSGEAR mark on the accused products. *See, e.g.,* FAC (Dkt. 20) ¶ 38 ("[T]he infringing products are marked as SWISSGEAR by Wenger . . ."); Answer (Dkt. 23) ¶ 38 (denying the same).

What's more, many of these allegations are nothing more than "mere conclusory statements,"

reliant "[o]n information and belief," and are independently undeserving of being taken as true for

that reason. *See Iqbal*, 556 U.S. at 663.

## III.   SWISSDIGITAL   FAILS   TO   STATE   CLAIMS   FOR   INDIRECT INFRINGEMENT.[5]

### A. SwissDigital fails to state claims for induced infringement.

SwissDigital has failed to state claims for induced infringement of either asserted patent

because it has failed to plead facts support its claims of induced infringement.  To adequately plead

a claim of induced infringement, a plaintiff's complaint must "allege a specific intent to induce

infringement." *Monolithic Pwr. Sys., Inc. v. Meraki Integrated Circuit (Shenzhen) Tech., Ltd.*,

2021 WL 3931910, at *5 (W.D. Tex. Sept. 1, 2021) (citing *DSU Med. Corp. v. JMS Co.*, 471 F.3d

---

[5] Wenger uses "indirect infringement" to refer to both induced and contributory infringement. *See* 35 U.S.C. §§ 271(b), (c).

1293, 1306 (Fed. Cir. 2006)).  But SwissDigital fails to plead facts supporting a claim of induced

infringement because it has not presented any "[e]vidence of active steps taken to encourage direct

infringement, such as advertising an infringing use or instructing how to engage in an infringing

use, [which would] show[] an affirmative intent that the product be used to infringe . . .." *Metro-*

*Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936 (2005) (citations omitted).

In its Response, SwissDigital alleges that the Complaint plausibly states a claim for relief

of induced infringement because it "notes that the accused products are sold at retail locations"

and because "Defendant's SWISSGEAR website instructs customers how to use the infringing

features of the accused products."  *See* Opp. (Dkt. 37) at 10.  But the Complaint itself merely

alleges:

> Defendant, while fully aware that at least its SWISSGEAR branded
> backpacks infringed one or more of the claims of the '071 Patent,
> offered for sale, sold, and induced others to buy, use, and sell these
> infringing products.  Defendant promoted the sale of the infringing
> products and directed, supervised, and controlled the use of its
> trademark on the infringing products.   Defendant also enticed
> consumers to purchase the infringing products through the use of its
> trademark and associated goodwill for profit.

FAC (Dkt. 20) ¶ 44 (allegations for the '071 Patent); *see also id.* ¶ 62 (same allegations for the

'138 Patent).  But once again, this is nothing more than "[t]hreadbare recitals of the elements of a

cause of action, supported by mere conclusory statements," which "do not suffice."  *Iqbal*, 556

U.S. at 678.  Bare recitation of this element of induced infringement does not survive a motion to

dismiss.  SwissDigital does not plead any facts to support that Wenger "promoted the sale of the

infringing products and directed, supervised, and controlled the use of its trademark on the

infringing products" or "enticed consumers to purchase the infringing products through the use of

its trademark."  At most, SwissDigital pleads that the Group III Website "promote[s] the sale of

the infringing products;" however, SwissDigital does not and cannot provide factual support that

the Group III Website is in any way controlled or managed by Wenger.  *See* Mot. (Dkt. 31) at 9.

Rather, the Group III Website is owned and operated by Group III.  *See id.* at 2-3.  Accordingly,

SwissDigital has failed to plead that *Wenger* has induced infringement of the accused product, and

therefore has failed to state claims for induced infringement.

### B.  SwissDigital fails to state claims for contributory infringement.

SwissDigital has failed to state claims for contributory infringement of either asserted

patent.  "A complaint only satisfies the elements of contributory infringement by alleging that . . .

defendant sold products especially made for infringing use."  *Monolithic Pwr. Sys.*, 2021 WL

3931910, at \*5 (citing *Netgear, Inc. v. Ruckus Wireless, Inc.*, 852 F. Supp. 2d 470, 476-77 (D. Del.

2012)).  SwissDigital alleges that it has pled Wenger "sold the accused products at least through

its SWISSGEAR website."  Opp. (Dkt. 37) at 12; *see also* FAC (Dkt. 20) ¶¶ 46, 64.  But just as

with the claims for induced infringement, SwissDigital does not and cannot provide factual support

that the Group III Website is in any way controlled or managed by Wenger.  *See* Mot. (Dkt. 31) at

9.  Rather, the Group III Website is owned and operated by Group III.  *See id.* at 2-3.  Accordingly,

SwissDigital has failed to sufficiently plead that *Wenger* has sold the accused product, and

therefore has failed to state claims for contributory infringement.

### C.  SwissDigital fails to state claims for indirect infringement of the '071 Patent before January 11, 2021.

At the very least, SwissDigital has failed to state claims against any claims of indirect

infringement of the '071 Patent before January 11, 2021.  To adequately plead indirect

infringement, SwissDigital must demonstrate that Wenger had knowledge of the patent.  *See, e.g.,*

*Monolithic Pwr Sys.*, 2021 WL 3931910, at \*5 (quoting *Commil USA, LLC v. Cisco Sys., Inc.*, 575

U.S. 632, 639 (2015)) (pleading induced infringement requires that "the defendant knew of the

patent"); *id.* (citing *Netgear, Inc. v. Ruckus Wireless, Inc.*, 852 F. Supp. 2d 470, 476-77 (D. Del.

2012)) (pleading contributory infringement requires demonstrating that "defendant had knowledge of the patent"); *see also* Opp. (Dkt. 37) at 9, 11-12.  But SwissDigital does not plead any knowledge before January 11, 2021.  *See* FAC (Dkt. 20) ¶¶ 25, 43, 61.  Accordingly, SwissDigital has failed to state a claim for indirect infringement of the '071 Patent before January 11, 2021.[6]

## IV.    CONCLUSION

SwissDigital has failed to plausibly allege claims for relief on any of its claims. Accordingly, and for the reasons stated in Wenger's Motion as well as those stated herein, Wenger respectfully requests that its Motion for Judgment on the Pleadings be granted, and that judgment be entered against SwissDigital's claims of direct and indirect infringement of U.S. Patent Nos. 10,572,071 and 10,931,138.

Dated: April 29, 2022

/s/ Taylor N. Mauze
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
7500 Rialto Boulevard, Suite 1-250
Austin, Texas 78735
Telephone: (650) 623-1401
Facsimile: (650) 623-1449

Christine E. Lehman (*pro hac vice*)
clehman@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
1909 K Street, NW, Suite 800
Washington, DC 20006
Tel: (202) 894-7311

*Attorneys for Defendant Wenger, S.A*

---

[6] Because the '138 Patent issued on February 23, 2021, after the alleged date of first knowledge, SwissDigital has at least pled knowledge for the '138 Patent's entire lifespan.

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument has been served to all counsel of record by electronic mail on April 29, 2022.

*/s/ Taylor N. Mauze*