IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| SWISSDIGITAL USA CO., LTD. | § | |
| | § | |
| Plaintiff, | § | Civil Action No.  6:21-cv-453-ADA |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| WENGER S.A. | § | |
| | § | |
| Defendant. | § | |

**SWISSDIGITAL USA CO., LTD.'S SURREPLY IN SUPPORT OF ITS RESPONSIVE
CLAIM CONSTRUCTION BRIEF**

## **TABLE OF CONTENTS**

**Page**

I. TERMS DISPUTED BY WENGER……………...................…………………............1

    A. "Retained Outside"……………………………………………………….………1

    B. "Adjacent To"……………………………………………………………………2

    C. "In Communication With"….…………………..……………......…..………… 3

    D. "Covers"…………………………………………………………...........……..4

    E. "Exposed"…………………………………………………...........……..5

    F. "Fixedly Attached"……………………………………………………………..6

    G. "At the Body Opening"……………………………………………...…….7

    H. "Retained In"……………………………………………………………..............9

II. CONCLUSION……………………………………………………………………10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Abbvie Deutschland GmbH & Co. v. Janssen Biotech, Inc.*, 759 F.3d 1285 (Fed. Cir. 2014)....7, 9

*Azure Networks, LLC v. CSR PLC,* 771 F.3d 1336 (Fed. Cir. 2014) ……………………….5, 6, 10

*Advanced Media Networks, LLC v. AT&T Mobility LLC*, 748 F. App'x 308
(Fed. Cir. 2018) …………………………………..…………………………………………….......7

*Biogen Int'l GMBH v. Mylan Pharms. Inc.*, 18 F.4th 1333 (Fed. Cir. 2021) ……………..............8

*Bradford Co. v. Conteyor N. Am., Inc.,* 603 F.3d 1262 (Fed. Cir. 2010) …………………...........7

*CCS Fitness, Inc. v. Brunswick Corp.,* 288 F.3d 1359 (Fed. Cir. 2002) ……………………....3, 7

*Climb Tech, LLC v. Verble*, No. 1:05-CV-864-LY, 2008 WL 11334955 (W.D. Tex. Mar. 27, 2008) ……………………………………….…………………………...............………........8

*Collaborative Agreements, LLC v. Adobe Sys. Inc.,* No. A-14-CV-356-LY, 2015 WL 2250391(W.D. Tex. May 12, 2015) ……………………………………………………...7, 8, 9

*Dow Chem. Co. v. Nova Chem. Corp. (Canada),* 809 F.3d 1223 (Fed. Cir. 2015) …………........5

*Fujikawa v. Wattanasin,* 93 F.3d 1559 (Fed. Cir. 1996) …………………..................................8

*GE Lighting Sols., LLC v. AgiLight, Inc.,* 750 F.3d 1304 (Fed. Cir. 2014) ……………..….…....6

*Golden Bridge Tech., Inc. v. Apple Inc.,* 758 F.3d 1362 (Fed. Cir. 2014) …………….............6, 10

*Nautilus, Inc. v. Biosig Instruments, Inc.,* 572 U.S. 898 (2014) ……………………………*passim*

*Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005) ……………….........…..……............10

*Pisony v. Commando Constr., Inc.*, No. W-17-CV-00055-ADA, 2019 WL 928406 (W.D. Tex. Jan. 23, 2019) ……………………………………………………………………………....2, 5

*Quake v. Lo*, 928 F.3d 1365 (Fed. Cir. 2019) ……….....................……………………..8, 9

*Thorner v. Sony Comput. Entm't Am. LLC,* 669 F.3d 1362 (Fed. Cir. 2012) ………………3, 4, 6

*Vas-Cath Inc. v. Mahurkar*, 935 F.2d 1555 (Fed. Cir. 1991) ……………………………........8

*VDP Patent, LLC v. Welch Allyn Holdings, Inc.*, 623 F. Supp. 2d 414 (S.D.N.Y. 2008) …..........4

Plaintiff Swissdigital USA Co., Ltd. ("Swissdigital" or "Plaintiff") files this sur-reply in response to Wenger S.A. ("Wenger" or "Defendant")'s Reply in Support of Opening Claim Construction Brief. As set forth below and in Swissdigital's Responsive Claim Construction Brief ("Responsive Brief"), Swissdigital respectfully requests that the claim terms identified by Wenger be construed as having their ordinary and customary meaning.

## I. TERMS DISPUTED BY WENGER

### A. "Retained Outside"

| Claim Term, Clause, or Phrase | U.S. Pat. No. 10,574,071 Claims | Plaintiff's Proposal | Defendant's Proposal |
|---|---|---|---|
| "retained outside" | 1, 10 | No construction necessary; plain and ordinary meaning | § 112 –Indefinite Alternatively, retained entirely outside of. |

The words "retained outside" are words that are commonly used in the English language and as addressed in Plaintiff's Responsive Brief, "retained outside" is a well understood claim term that when read in light of the specification delineating the patent, and the prosecution history, informs, with reasonable certainty, those skilled in the art about the scope of the invention at the time of the invention. *Nautilus, Inc. v. Biosig Instruments, Inc.,* 572 U.S. 898, 901 (2014). The prosecution history identified by Wenger does not support its conclusion. The examiner allowed the language "retained outside" as recited and consequently the examiner found that it was not indefinite under §112 and there is no reason to deviate from that language, which would be well understood by a skilled artisan. *Renishaw,* 158 F.3d at 1248 ("The claim construction inquiry ... begins and ends in all cases with the actual words of the claim").

With respect to Wenger's alternative proposed construction, Wenger's attorney argument relating to the purpose of the invention is unavailing and devoid of any reasoning or support from a person of ordinary skill in the art at the time of the invention. Wenger fails to explain how the

1

claim term as drafted by the patentee and allowed by the USPTO conflicts with the stated purpose/advantages of the invention ("a bag or luggage for convenient charging, which enables a user to charge a product needing to be charged conveniently at any time or place during travelling, without necessarily opening the bag or luggage, nor taking out the power source for charging"). Whether or not the female connector is "retained outside" or "retained entirely outside of," as Wenger argues, the advantage and purpose of the invention is met. Wenger's attempt to create a non-infringement argument under the guise of a proposed claim construction should be rejected. *Pisony v. Commando Constr., Inc*., No. W-17-CV-00055-ADA, 2019 WL 928406, at *6 (W.D. Tex. Jan. 23, 2019). Accordingly, no construction is necessary and the ordinary and customary meaning of this claim term should be applied.

    B.    "Adjacent To"

| **Claim Term, Clause, or Phrase** | **U.S. Pat. No. 10,574,071 Claims** | **Plaintiff's Proposal** | **Defendant's Proposal** |
|---|---|---|---|
| "adjacent to" | 1, 10 | No construction necessary; plain and ordinary meaning | § 112 –Indefinite Alternatively, adjoining. |

The words "adjacent to" are words that are commonly used in the English language and as set out in its Responsive claim construction brief, "adjacent to" is a well understood claim term that when read in light of the specification delineating the patent, and the prosecution history, informs, with reasonable certainty, those skilled in the art about the scope of the invention at the time of the invention. *Nautilus, Inc*.,572 U.S. at 901. Wenger's conclusory argument that this term is indefinite and alternative narrowing construction is a clear attempt to create a non-infringement argument under the guise of a proposed claim construction and should be rejected. The claim language as allowed was reviewed by a patent examiner and found to be definite.

Wenger's argument relating to the dictionary definition of "adjacent" is without merit. Swissdigital did not redefine the term during prosecution. *CCS Fitness, Inc. v. Brunswick Corp.*, 288 F.3d 1359, 1366 (Fed. Cir. 2002) ("To act as its own lexicographer, a patentee must "clearly set forth a definition of the disputed claim term" other than its plain and ordinary meaning"). Even if, *arguendo*, Swissdigital had defined "adjacent" as "lying near, close, or contiguous; adjoining; neighboring," Wenger provides no support for selecting the narrowest term (adjoining) — without any support of a POSITA — as its proposed construction.

Wenger's cherry-picked dictionary definition term "adjoining" is no more precise or clarifying than what was allowed by the patent examiner and narrowing this term without any support from a POSITA would deny the patentee the full scope of the plain and ordinary meaning of "adjacent to" it is entitled to. *Thorner v. Sony Computer Ent. Am. LLC*, 669 F.3d 1362, 1367 (Fed. Cir. 2012) ("[A] patentee is free to choose a broad term and expect to obtain the full scope of its plain and ordinary meaning unless the patentee explicitly redefines the term or disavows its full scope"). Wenger's attempt to deviate from the ordinary and customary meaning of this claim term runs afoul of Federal Circuit precedent. *Thorner*, 669 F.3d at 1367 ("Our case law is clear, claim terms must be given their plain and ordinary meaning to one of skill in the art").

C.   "In Communication With"

| Claim Term, Clause, or Phrase | U.S. Pat. No. 10,574,071 Claims | Plaintiff's Proposal | Defendant's Proposal |
|---|---|---|---|
| "in communication with" | 1, 10 | No construction necessary; plain and ordinary meaning | Attached to |

As set out in Swissdigital's Responsive Brief, "in communication with" is a well understood claim term that requires no construction. The specification does not redefine "in communication with" nor is there any disavowal. *Thorner*, 669 F.3d at 1367–68 (rejecting

3

defendant's argument that the patentee redefined the term "attached" to exclude interior attachments where the specification only referenced exterior attachments and holding that patentees drafting "does not rise to the level of either lexicography or disavowal" and that "both exceptions require a clear and explicit statement by the patentee"). The embodiments and figures referenced by Wenger are entirely consistent with the language of the claim and indeed show the female connector or sheath "in communication with" the relevant portion of the bag (the body). Wenger fails to demonstrate any "clear and explicit statement by the patentee" necessary to establish lexicography or disavowal. *Thorner*, 669 F.3d at 1367–68. No construction is necessary and the ordinary and customary meaning of this claim term should be applied.

  D.  "Covers"

| Claim Term, Clause, or Phrase | U.S. Pat. No. 10,574,071 Claims | Plaintiff's Proposal | Defendant's Proposal |
|---|---|---|---|
| "covers" | 1, 10 | No construction necessary; plain and ordinary meaning | § 112 –Indefinite Alternatively, overlapping; on top of. |

The word "covers" is a term commonly used in the English language and as set out in Swissdigital's Responsive Brief is well understood and when read in light of the specification delineating the patent, and the prosecution history, informs, with reasonable certainty, those skilled in the art about the scope of the invention at the time of the invention. *Nautilus, Inc.*, 572 U.S. at 901. Wenger's contention that the term "covers" is indefinite is conclusory attorney argument without any reasoning or support from a person of ordinary skill in the art at the time of the invention, and should be rejected. *VDP Patent, LLC v. Welch Allyn Holdings, Inc.*, 623 F. Supp. 2d 414, 423 (S.D.N.Y. 2008) (stating that extrinsic evidence may be necessary to invalidate a claim as indefinite). The patent examiner found this term to be sufficiently definite and allowed the language as it appears in the issued patent and Wenger has not met its burden of proving

indefiniteness by clear and convincing evidence. *Dow Chem. Co. v. Nova Chem. Corp. (Canada)*, 809 F.3d 1223, 1227 (Fed. Cir. 2015) ("The burden of proving indefiniteness ... remains at all times on the party challenging the validity of the patent").

Further, Wenger's alternative proposed constructions of "overlapping; on top of" are no more precise or clarifying than "covers," which was allowed by the patent examiner. Wenger's attempt to deviate from the ordinary and customary meaning of this claim term falls short of the presumption laid out by the Federal Circuit. *Azure Networks, LLC v. CSR PLC,* 771 F.3d 1336, 1347 (Fed. Cir. 2014) ("There is a heavy presumption that claim terms carry their accustomed meaning in the relevant community at the relevant time."). Accordingly, no construction is necessary and the ordinary and customary meaning of this claim term should be applied.

E.   "Exposed"

| Claim Term, Clause, or Phrase | U.S. Pat. No. 10,574,071 Claims | Plaintiff's Proposal | Defendant's Proposal |
|---|---|---|---|
| "exposed" | 1, 10 | No construction necessary; plain and ordinary meaning | not fully covered |

Wenger's conclusory attorney argument that the purpose of the invention would be frustrated if "exposed" were construed consistent with its plain and ordinary meaning is wholly flawed. Whether or not the *female connector* of a USB extension cable is exposed is irrelevant to whether a user would need to "open the bag" or "tak[e] out the power source for charging." Further, it is confounding that Wenger attempts to redefine an uncomplicated term—exposed—with a term it argues is indefinite in a separate disputed term above (covers). Wenger's attempt to create a non-infringement argument under the guise of a proposed claim construction should be rejected. *Pisony,* 2019 WL 928406, at *6. Accordingly, no construction is necessary and the ordinary and customary meaning of this claim term should be applied. *Azure Networks*, 771 F.3d

5

at 1347 ("There is a heavy presumption that claim terms carry their accustomed meaning in the relevant community at the relevant time.").

    F.    "Fixedly Attached"

| Claim Term, Clause, or Phrase | U.S. Pat. No. 10,574,071 Claims | Plaintiff's Proposal | Defendant's Proposal |
|---|---|---|---|
| "fixedly attached" | 1, 10 | No construction necessary; plain and ordinary meaning | connected to the bag or luggage permanently |

As set out in Swissdigital's Responsive brief, the two exceptions to the general rule that claims are construed according to their plain and ordinary meaning – when a patentee sets out a definition and acts as his own lexicographer or when a patentee disavows the full scope of the claim term – are not present here. *Golden Bridge Tech., Inc. v. Apple Inc.,* 758 F.3d 1362, 1365 (Fed. Cir. 2014).

The prosecution history does not support Wenger's position and does not amount to disavowal or lexicography. *GE Lighting Sols., LLC v. AgiLight, Inc.,* 750 F.3d 1304, 1309 (Fed. Cir. 2014) (explaining that the standard for finding disavowal is "exacting"); *Thorner*, 669 F.3d at 1366–67 ("to constitute disclaimer, there must be a clear and unmistakable disclaimer"). As discussed in Swissdigital's Responsive claim construction brief, nothing about the distinction the patentee raised regarding the Ferber reference mandates a connector that is "connected to the bag or luggage **permanently**," as Wenger argues. Ferber discloses storing connectors in a pocket in such a manner that requires the connector to be removed from the pocket to be used. *See* Dkt. No. 26-1 ('071 Patent File History) at 6/25/2019 Amendment and Response at 7-8 (File History at 136). Solving this problem does not require the female connector to be connected to the bag or luggage permanently and the patentee did not narrow his invention to require a female connector be permanently connected, as Wenger argues.

Wenger's attempt to deviate from the ordinary and customary meaning of this term falls short of the presumption laid out by the Federal Circuit. *Advanced Media Networks, LLC v. AT&T Mobility LLC,* 748 F. App'x 308, 311 (Fed. Cir. 2018) ("There is a heavy presumption that claim terms carry their accustomed meaning in the relevant community at the relevant time."); *CCS Fitness, Inc.,* 288 F.3d at 1366. Accordingly, no construction is necessary and the ordinary and customary meaning of this claim term should be applied.

G.   "At the Body Opening"

| Claim Term, Clause, or Phrase | U.S. Pat. No. 10,931,138 Claim | Plaintiff's Proposal | Defendant's Proposal |
|---|---|---|---|
| "at the body opening" | 23 | No construction necessary; plain and ordinary meaning | § 112 –Lack of Written Description; Indefinite; [newly added] Alternatively, adjoining a cutout in the body where the inner surface of the bag or luggage meet. |

Wenger's arguments that "at the body opening" is indefinite and "is invalid for lack of written description are without merit." "Whether the written description requirement is met...is a factual determination that need not be determined as a part of the claim construction." *See Bradford Co. v. Conteyor N. Am., Inc.,* 603 F.3d 1262, 1268 (Fed. Cir. 2010) ("Determination whether a priority document contains sufficient disclosure to comply with the written description aspect of 35 U.S.C. § 112, first paragraph, is a question of fact."); *Abbvie Deutschland GmbH & Co. v. Janssen Biotech, Inc.*, 759 F.3d 1285, 1297 (Fed. Cir. 2014) ("Whether a patent claim is supported by an adequate written description is a question of fact, and therefore the Court will not decide this issue at the claim construction stage"); *Collaborative*

7

*Agreements, LLC v. Adobe Sys. Inc.,* No. A-14-CV-356-LY, 2015 WL 2250391, at *3 (W.D. Tex. May 12, 2015).

Even if, *arguendo*, it was proper to address the written description requirement here, an "*ipsis verbis* disclosure is not necessary to satisfy the written description requirement." *Fujikawa v. Wattanasin,* 93 F.3d 1559, 1570 (Fed. Cir. 1996); *Quake v. Lo*, 928 F.3d 1365, 1374 (Fed. Cir. 2019) ("*ipsis verbis* disclosure is not necessary to satisfy the written description requirement."). Rather, the written-description requirement mandates only that the description "reasonably convey to persons skilled in the art that the inventor had possession of the subject matter in question." *Id.* "Indeed, even drawings alone may be sufficient to satisfy the written-description requirement." *Climb Tech, LLC v. Verble*, No. 1:05-CV-864-LY, 2008 WL 11334955, at *7 (W.D. Tex. Mar. 27, 2008); *Vas-Cath Inc. v. Mahurkar*, 935 F.2d 1555, 1564 (Fed. Cir. 1991).

Wenger's arguments that the claim is invalid for failing to meet the written description requirement because the term "at the body opening" does not appear in the specification is not supported by precedent and does not overcome the presumption of validity. *Biogen Int'l GMBH v. Mylan Pharms. Inc.*, 18 F.4th 1333, 1341 (Fed. Cir. 2021) ("Patent invalidity under the written-description doctrine must be established by clear and convincing evidence").

Furthermore, in its reply brief, Wenger now appears to provide an alternative proposed claim construction. Wenger provides no argument to support its newly proposed construction and its attempt to introduce new constructions not raised in its opening brief should be rejected. "At the body opening" is a well understood claim term that when read in light of the specification delineating the patent, and the prosecution history, informs, with reasonable certainty, those skilled in the art about the scope of the invention at the time of the invention. *Nautilus, Inc,* 572 U.S. at

8

901 (2014). Accordingly, no construction is necessary and the ordinary and customary meaning of this claim term should be applied.

    H.    "Retained In"

| Claim Term, Clause, or Phrase | U.S. Pat. No. 10,931,138 Claim | Plaintiff's Proposal | Defendant's Proposal |
|---|---|---|---|
| "retained in" | 23 | No construction necessary; plain and ordinary meaning | § 112 (a), (b); Alternatively, held in permanent or semi-permanent attachment. |

With respect to its written description requirement argument, Wenger once again improperly makes an invalidity argument during claim construction. *Abbvie Deutschland*, 759 F.3d at 1297; *Collaborative Agreements,* 2015 WL 2250391 at *3. Wenger's arguments relating to validity and priority dates are not relevant to construing the claim terms of the patents-in-suit and should be rejected. *Abbvie Deutschland*, 759 F.3d at 1297 ("Whether a patent claim is supported by an adequate written description is a question of fact," and therefore the Court will not decide this issue at the claim construction stage). Even if, *arguendo*, it was proper to address the written description requirement here, Wenger's conclusory argument that the claim is invalid because "retained in" does not appear in the specification of the '071 patent is without merit. *Quake*, 928 F.3d at 1374 ("*ipsis verbis* disclosure is not necessary to satisfy the written description requirement.").

Furthermore, Wenger appears to provide a different alternative proposed claim construction to the one it raised in its opening brief. Wenger provides no argument to support its newly proposed construction and its attempt to introduce new constructions not raised in its opening brief should be rejected. The words "retained in" are terms that are commonly used in the English language and as addressed in Plaintiff's Responsive Brief, would be well understood

9

claim term that when read in light of the specification delineating the patent, and the prosecution history, informs, with reasonable certainty, those skilled in the art about the scope of the invention at the time of the invention. *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 901 (2014); *Phillips v. AWH Corp.*, 415 F.3d 1303, 1313-1314 (Fed. Cir. 2005) (explaining that "[i]n some cases, the ordinary meaning of claim language as understood by a person of skill in the art may be readily apparent" and "claim construction in such cases involves little more than the application of the widely accepted meaning of commonly understood words"). Wenger's attempt to deviate from the ordinary and customary meaning of this claim term falls short of the presumption laid out by the Federal Circuit. *Azure Networks*, 771 F.3d at 1347 ("There is a heavy presumption that claim terms carry their accustomed meaning in the relevant community at the relevant time."). Wenger fails to establish that either exception to the general rule that claims are construed according to their plain and ordinary meaning should apply. *Golden Bridge Tech., Inc.*, 758 F.3d at 1365. Accordingly, no construction is necessary and the ordinary and customary meaning of this claim term should be applied.

## II.   CONCLUSION

For all of the reasons given above and in Plaintiff's Responsive Claim Construction Brief, Plaintiff respectfully requests that all of the terms identified by Wenger be given their ordinary and customary meanings.

Dated:  May 5, 2022

                  Respectfully submitted,

                  /s/  *Dariush Keyhani*
                  Dariush Keyhani (*pro hac vice*)
                  Frances H. Stephenson (*pro hac vice*)
                  Keyhani LLC
                  1050 30th Street NW
                  Washington, DC 20007
                  T. 202.748.8950
                  F. 202.318.8958
                  dkeyhani@keyhanillc.com
                  fstephenson@keyhanillc.com


                  Jacqueline P. Altman
                  State Bar No. 24087010
                  John P. Palmer
                  State Bar No. 15430600
                  John A. "Andy" Powell
                  State Bar No. 24029775
                  USPTO Reg. No. 71,533
                  NAMAN HOWELL SMITH & LEE, PLLC
                  400 Austin Ave., Suite 800
                  Waco, Texas 76701
                  jaltman@namanhowell.com
                  palmer@namanhowell.com
                  apowell@namanhowell.com

                  *Attorneys for Plaintiff Swissdigital USA Co., Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of May, 2022, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys or record who have who have consented to accept this Notice as service of this document by electronic means.

*/s/ Dariush Keyhani*
Dariush Keyhani