**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **SWISSDIGITAL USA CO., LTD,** | § | |
| *Plaintiff,* | § | |
| | § | **W-21-CV-00453-ADA-DTG** |
| *v.* | § | |
| | § | |
| **WENGER S.A.,** | § | |
| *Defendant.* | § | |
| | § | |
| | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the Court is Defendant Wenger S.A.'s Motion to Transfer Pursuant to 28 U.S.C.
§ 1404(a) to the Southern District of Florida. ECF No. 27. Plaintiff Swissdigital USA Co., Ltd.
filed its Response (ECF No. 29), and Wenger filed its Reply (ECF No. 33). After careful
consideration of the parties' briefs and the applicable law, the Court **DENIES** Defendant Wenger's
Motion to Transfer.

## I.     FACTUAL BACKGROUND

Plaintiff Swissdigital filed this lawsuit accusing Defendant Wenger of infringing United
States Patent Nos. 10,574,071 (the "'071 Patent") and 10,931,138 (the "'138 Patent"). ECF No.
20 ¶¶ 31, 51. The '071 Patent is a "bag or luggage for convenient charging of personal devices
such as smartphones, tablets, or any device that requires recharging." *Id.* ¶ 5. The '138 Patent "is
a sheath that may be incorporated into luggage, bags, activewear, or other wearables for convenient
charging of personal devices such as smartphones, tablets or any device that requires recharging."
*Id.* ¶ 6.

1

Swissdigital is a Delaware limited liability company with its principal place of business in New York. *Id.* ¶ 2. Wenger is a Swiss corporation with its principal place of business in Switzerland. *Id.* ¶ 3; ECF No. 27 at 5.

## II.    LEGAL STANDARD

In patent cases, motions to transfer under 28 U.S.C. § 1404(a) are governed by the law of the regional circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). 28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, . . . a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." *Id.* "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

The preliminary question under Section 1404(a) is whether a civil action "might have been brought" in the transfer destination venue. *In re Volkswagen, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (hereinafter "*Volkswagen II*"). If the destination venue would have been a proper venue, then "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (hereinafter "*Volkswagen I*") (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)). The public factors include: "(1) the administrative difficulties flowing from court

2

congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* Courts evaluate these factors based on the situation which existed at the time of filing, rather than relying on hindsight knowledge of the defendant's forum preference. *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960).

The burden to prove that a case should be transferred for convenience falls squarely on the moving party. *Volkswagen II*, 545 F.3d at 314. The burden that a movant must carry is not that the alternative venue is more convenient, but that it is clearly more convenient. *Id.* at 314–15. Although the plaintiff's choice of forum is not a separate factor entitled to special weight, respect for the plaintiff's choice of forum is encompassed in the movant's elevated burden to "clearly demonstrate" that the proposed transferee forum is "clearly more convenient" than the forum in which the case was filed. *Id.* While "clearly more convenient" is not necessarily equivalent to "clear and convincing," the moving party "must show materially more than a mere preponderance of convenience, lest the standard have no real or practical meaning." *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019). When the proposed transferee forum "is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Volkswagen II*, 545 F.3d at 315.

### III.    ANALYSIS

The threshold determination in the § 1404(a) analysis is whether this case could have been brought in the destination venue. *Volkswagen II*, 545 F.3d at 312 (5th Cir. 2008). Wenger asserts that this case could have originally been brought in the Southern District of Florida because "a defendant not resident in the United States may be sued in any judicial district." ECF No. 27 at 8; 28 U.S.C. § 1391(c). Plaintiff does not dispute that venue would have been proper in the Southern

3

District of Florida. This Court finds that venue would have been proper in the Southern District of Florida; thus, the Court proceeds with its analysis of the private and public interest factors to determine if the Southern District of Florida is clearly more convenient than the Western District of Texas.

As an initial matter, much of the parties' dispute centers around the relevance and importance of Group III International, a non-party located in Florida. The parties' briefing on the relationship of Group III to Wenger is less than clear. For example, neither party states whether Group III is a sole and exclusive licensee of Wenger or whether it is the sole and exclusive manufacturer of products accused of infringement in this case. As such, the Court is unable to give much weight to what facts are attributable to Group III in the motion to transfer briefing.

Wenger almost exclusively relies on Group III to support its arguments that the case should be transferred to the Southern District of Florida. *See generally* ECF No. 27; ECF No. 33. According to Wenger and a declaration submitted by Group III's Executive Chairman, Group III makes and sells the accused products. ECF No. 27. Beyond this allegation, Wenger does not explain how or why Group III is important in this case.

Swissdigital argues that Wenger exaggerates the importance of Group III, as Wenger is the only named defendant and the sole infringer in this case. *See* ECF No. 29. Swissdigital further alleges that Wenger controls the use of its trademark and thus Swissdigital is not relying on Group III witnesses or documents to support its infringement claims against Wenger. ECF No. 29 at 9. Swissdigital goes so far as to state that it will rely only on documents in Wenger's possession, and that Group III is irrelevant. ECF No. 29 at 9-10.

The Court does not find that Group III impacts the relevant factors as much as Wenger proposes. Wenger's analysis places excess weight on Group III to support its argument that the

4

Southern District of Florida is clearly more convenient than the Western District of Texas. Wenger did not provide sufficient evidence to support the claims it made regarding Group III. Swissdigital has stated on the record that it is not relying on Group III to prove its infringement case and is solely relying on Wenger's documents. ECF No. 29 at 10 ("Swissdigital intends to rely on Defendant's documents—not those of a third-party—to establish its case.") Swissdigital also indicated that it does not appear that any Group III witnesses will need to be called at trial. ECF No. 29 at 10 n. 1 ("There is no evidence that any employee of Group III would need to be called at trial or would have any material information that would be not otherwise available from Wenger and/or documentary evidence."). Wenger did not provide any evidence that would contradict Swissdigital's statements. Wenger simply stated that Group III is the party that makes and sells the accused products. Wenger neither identified any Group III employees that would need to testify nor explained why they would need to testify. Wenger likewise failed to identify any relevant documents Group III has that Wenger would not also have. Absent other compelling information, the Court is unable to give any weight to Group III in the transfer analysis.

A.     **The Private Interest Factors**

1.     *The relative ease of access to sources of proof is neutral*

"In considering the relative ease of access to proof, a court looks to where documentary evidence, such as documents and physical evidence, is stored." *Fintiv Inc. v. Apple Inc.*, No. 6:18-cv-00372, 2019 WL 4743678, at *2 (W.D. Tex. Sept. 10, 2019). "[T]he question is *relative* ease of access, not *absolute* ease of access." *In re Radmax*, 720 F.3d 285, 288 (5th Cir. 2013) (emphases in original). "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020).

Wenger claims that the "relevant documents and source of proof in this case are all located in Florida" with a third party, Group III. ECF No. 27 at 8. Wenger further claims that "at most, Wenger has a handful of documents relevant to the issues in this case." *Id.* at 9.

Plaintiff argues that this factor is neutral because Wenger is the sole accused infringer and Plaintiff is not relying on Group III's documents.  ECF No. 29 at 9–10.

Wenger carries the burden to establish good cause, "which requires an actual showing of the existence of relevant sources of proof, not merely an expression that some sources likely exist in the prospective forum." *Defense Distributed v. Bruck*, No. 21-50327, 2022 WL 984870 at *11 (5th Cir. Apr. 1, 2022) (finding that the district court erred by accepting conclusory assertions that the sources of proof were all located in the prospective forum). Wenger's assertions that the sources of proof are in Florida and that it has minimal relevant documents are conclusory and self-serving. Group III is not the accused infringer in this case—Wenger is. Swissdigital asserts that it will rely on Wenger's documents, such as financial documents, records of sales and inventory of all its licensees, and documents related to the design and quality of the products bearing Wenger's marks. ECF No. 29 at 9–10. Because Wenger keeps its documentary evidence outside of the United States, the location of its documents does not weigh in favor of either venue. The Court finds that this factor is neutral.

### 2. *The availability of compulsory process to secure the attendance of witnesses is neutral.*

Under the Federal Rules, a court may subpoena a witness to attend trial only (a) "within 100 miles of where the person resides, is employed, or regularly transacts business in person"; or (b) "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(A), (B)(ii); *Gemalto S.A. v. CPI Card Grp. Inc.*, No. 15-CA-0910, 2015

WL 10818740, at *4 (W.D. Tex. Dec. 16, 2015). Under this factor, the Court focuses on non-party witnesses whose attendance may need to be secured by a court order." *Fintiv Inc.*, No. 6:18-cv-00372, 2019 WL 4743678 at *14 (citing *Volkswagen II*, 545 F.3d at 316).

The parties dispute the relevance and appropriateness of considering Group III witnesses. Wenger analyzed Group III witnesses as both willing and unwilling witnesses. This analysis is improper. Group III's Executive Chairman John Pulichino provided a declaration in support of Wenger's motion to transfer venue. ECF No. 27-2. Mr. Pulichino also attended a Zoom meeting with the parties to this lawsuit. While Mr. Pulichino does not state that he or other Group III individuals are willing to testify at trial, his actions suggest that it is appropriate to treat Group III employees as willing witnesses.

The third-party witnesses identified by Wenger are in China and New York. ECF No. 27 at 11. Swissdigital disputes the treatment of these witnesses as unwilling third-party witnesses. ECF No. 29 at 10. Even if the Court viewed these witnesses as unwilling third-party witnesses, these witnesses are outside of the subpoena power of both this Court and the Southern District of Florida. The Court therefore finds that this factor is neutral.

### 3. *The cost of attendance and convenience for willing witnesses is neutral to possibly slightly in favor of transfer.*

As discussed above, Wenger inappropriately analyzed the Group III witnesses as both willing and unwilling witnesses, skewing the analysis of each factor. *See In re Apple Inc.*, 979 F.3d 1332, 1340 (noting that if witness convenience was considered when assessing two of the private interest factors, "witness convenience will be inappropriately counted twice."). The Court analyzes these witnesses under the willing witness factor.

However, the Court does not give much weight to the Group III witnesses. Wenger identifies only one Group III witness that provided a declaration in support of Wenger's Motion

to Transfer Venue. While it may be true that Group III witnesses reside in Florida, Wenger failed

to identify any Florida-based witnesses whose testimony is critical or relevant to this case. The

Court agrees with Swissdigital's claim that "there is no evidence that any employee of Group III

would need to be called at trial or would have any material information that would be not otherwise

available from Wenger." ECF No. 29 at 10. The Court finds that the location of Group III witnesses

is to be given little or no weight under this factor.

Wenger agrees with Swissdigital that the cost of attendance for willing witnesses is neutral

for party witnesses. ECF No. 27 at 12.

The Court finds that this factor is neutral to only possibly favoring transfer by the slightest

of margins.

### 4. *All other practical problems that make trial of a case easy, expeditious, and inexpensive are neutral.*

The Court must consider "all other practical problems that make trial of a case easy,

expeditious, and inexpensive." *Volkswagen II*, 545 F.3d at 314–15. Wenger once again relies on

vague allegations and attorney argument about the information within the possession, custody, and

control of Group III. This evidence is considered under the first private interest factor. Weighing

this evidence again here will improperly place additional weight on any evidence within Group

III's control. Thus, the Court does not consider this evidence in its analysis of this factor. Neither

party identifies any other practical problems. Therefore, the Court finds that this factor is neutral.

### B. The Public Interest Factors

#### 1. *Administrative difficulties flowing from court congestion weigh against transfer.*

This factor concerns "whether there is an appreciable difference in docket congestion

between the two forums." *Parsons v. Chesapeake & Ohio Ry. Co.*, 375 U.S. 71, 73

(1963); *Parkervision, Inc. v. Intel Corp.*, No. 6:20-CV-00108, 2021 WL 401989, at \*6 (W.D. Tex. Jan. 26, 2021). This factor considers the "[t]he speed with which a case can come to trial and be resolved[.]" *In re Genentech, Inc.*, 566 F.3d at 1347.

The parties do not dispute the roughly two-month difference in median time to trial in patent cases between the Western District of Texas and the Southern District in Florida. ECF No. 27 at 13; ECF No. 29 at 12. Swissdigital contends that this weighs against transfer. ECF No. 29 at 13. While this Court has consistently brought patent cases to trial within two years after filing a complaint, a roughly two-month difference is not an appreciable difference and does not weigh in favor of transfer.

A party seeking transfer "should not delay filing" and must act with "reasonable promptness." *In re Wyeth*, 406 F.App'x 475, 477 (Fed. Cir. 2010); *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989). Wenger was served on September 29, 2021, and did not file its motion to transfer until March 12, 2022. ECF No. 9; ECF No. 27. In the interim, the parties exchanged preliminary infringement contentions on November 24, 2021 (*see* ECF No. 22 at 1), negotiated and submitted an agreed scheduling order on December 8, 2021 (ECF No. 21),), exchanged preliminary invalidity contentions on January 19, 2022 (ECF No. 25), engaged in pre-claim construction exchange of proposed terms, constructions, and extrinsic evidence (*see* ECF No. 22 at 2), and Defendant filed its opening claim construction brief  on March 10, 2022. (ECF No. 26). It was only after that, Defendant filed its motion transfer venue. ECF No. 27.

While Wenger was not prohibited from filing its motion to transfer venue at this time, the Court and Parties have expended considerable resources on this case.   Transferring the case would result in a waste of these resources and the likely need to repeat many of the steps already completed in this forum. The timing of Wenger's motion to transfer venue weighs against transfer.

The Court finds that this factor weighs against transfer.

## 2.  *Local interest in having localized interests decided at home is neutral.*

Under this factor, the Court must evaluate whether there is a local interest in deciding local issues at home. *Volkswagen II*, 545 F.3d at 317. Local interests in patent case "are not a fiction." *In re Samsung Elecs. Co.*, Nos. 2021-139, 2021-140, 2021 U.S. App. LEXIS 19522, at *20 (Fed. Cir. June 30, 2021). "A local interest is demonstrated by a relevant factual connection between the events and the venue." *Word to Info, Inc. v. Facebook, Inc.*, No. 3:14-cv-04387-K, 2015 WL 13870507, at *4 (N.D. Tex. Jul. 23, 2015). "[T]he sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue." *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009). "This factor most notably regards not merely the parties' significant connections to each forum writ large, but rather the 'significant connections between a particular venue and *the events that gave rise to a suit*.'" *In re Apple*, 979 F.3d at 1345 (quoting *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010)) (emphasis in original). But courts should not heavily weigh a party's general contacts with a forum that are untethered from the lawsuit, such as a general presence. *Id.* To determine which district has the stronger local interest, the Court looks to where the events forming the basis for infringement occurred. *See In re Juniper Networks, Inc.*, 14 F.4th at 1320.

Wenger claims that the Southern District of Florida has a heightened local interest due to Group III's presence in the district. Swissdigital asserts that this factor is neutral. The Court agrees with Swissdigital. The presence of the accused infringer's licensee in the proposed transferee district does not give rise to a heightened local interest. Group III is not a party to the case. The infringement claims in this case are against Wenger, not Group III. Wenger has not offered any evidence, choosing instead to rely on conclusory allegations about the connection to the Southern

District of Florida.  The parties do not have a specific presence in either forum and the products

are sold nationwide. The Court therefore finds that this factor is neutral.

### 3.    *Familiarity of the forum with the law that will govern the case is neutral.*

The parties agree that this factor is neutral. ECF No. 27 at 15; ECF No. 29 at 14.

The Court agrees.

### 4.    *Avoidance of unnecessary problems of conflict of laws or in the application of foreign law is neutral.*

The parties agree that this factor is neutral. ECF No. 27 at 15; ECF No. 29 at 14.

The Court agrees.

### C.    **Weighing of the Factors**

| Factor | The Court's Finding |
|---|---|
| Relative ease of access to sources of proof | Neutral |
| Availability of compulsory process to secure the attendance of witnesses | Neutral |
| Cost of attendance for willing witnesses | Neutral to possibly slightly in favor of transfer |
| All other practical problems that make trial of a case easy, expeditious, and inexpensive | Neutral |
| Administrative difficulties flowing from court congestion | Weighs against transfer |
| Local interest | Neutral |
| Familiarity of the forum with law that will govern case | Neutral |
| Problems associated with conflict of laws | Neutral |

Only one factor possibly weighs slightly in favor of transfer. Wenger's burden "is not met

by showing one forum is more likely than not to be more convenient, but instead the party must

adduce evidence and arguments that clearly establish good cause for transfer based on convenience

and justice." *Defense Distributed*, 2022 WL 984870 at *11 (5th Cir. Apr. 1, 2022). Most of

Wenger's arguments centered around non-party Group III, whose relevance and importance were contested. Given Wenger's failure to show that the Southern District of Florida is "clearly more convenient" than the Western District of Texas, "the plaintiff's choice should be respected." *Volkswagen II*, 545 F.3d at 315.

## IV.    CONCLUSION

Having reviewed all of the private and public interest factors, the Court finds that Wenger has not met its burden to show that transfer is clearly more convenient. Defendant Wenger S.A.'s Motion to Transfer Venue (ECF No. 27) is hereby **DENIED**.


**SIGNED** this 11th day of May, 2022.


DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE