**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| SWISSDIGITAL USA CO., LTD., *Plaintiff*, v. WENGER S.A., *Defendant*. | Civil Action No. 6:21-cv-453<br><br>Jury Trial Demanded |

**WENGER S.A.'S OBJECTIONS TO ORDER DENYING MOTION TO TRANSFER
PURSUANT TO 28 U.S.C. § 1404(a)**

**TABLE OF CONTENTS**

                                                                       **Page(s)**

I.        BACKGROUND ................................................................................................... 1
II.       LEGAL STANDARD............................................................................................ 1
III.     ARGUMENT ........................................................................................................ 2
           A.     The Order Erred in Not Weighting Sources of Proof and Witnesses from Third Parties..................................................................................................... 3
           B.     The Order Erred in Discounting Established—and Uncontroverted—Facts.......... 5
           C.     The Order Specifically Erred in Its Factor Analysis................................................ 6
                   1.     The Relative Ease of Access to Sources of Proof Factor Strongly Favors Transfer. ...................................................................................................... 6
                   2.     The Willing Witnesses Factor Strongly Favors Transfer. .......................... 7
                   3.     The Local Interests Factor Strongly Favors Transfer. ............................... 8
IV.     CONCLUSION..................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Action Indus., Inc. v. U.S. Fid. & Guar. Co.*,
   358 F.3d 337 (5th Cir. 2004) ...........................................................................................2

*In re Apple Inc.*,
   979 F.3d 1332 (Fed. Cir. 2020)..............................................................................5, 7, 8, 9

*In re Google LLC*,
   2021 WL 4592280 (Fed. Cir. Oct. 6, 2021)...................................................................5, 6

*In re Juniper Networks, Inc.*,
   14 F. 4th 1313 (Fed. Cir. 2021) .....................................................................................5, 6, 8

*In re Samsung Elecs. Co., Ltd.*,
   2 F. 4th 1371 (Fed. Cir. 2021) ......................................................................................3, 5, 6

*In re Volkswagen AG*,
   371 F.3d 201 (5th Cir. 2004) .........................................................................................2, 3

*In re Volkswagen of Am., Inc.*,
   545 F.3d 304 (5th Cir. 2008) ...........................................................................................2

**Statutes**

28 U.S.C. § 1404(a) .............................................................................................................1, 2

**Rules**

Fed. R. Civ. P. 72(a) ................................................................................................................1

Local Rule for the Assignment and Duties to United States Magistrate Judges 4 ………………1

Pursuant to Federal Rule of Civil Procedure 72 and Local Rule for the Assignment and Duties to United States Magistrate Judges 4, Defendant Wenger S.A. ("Wenger") respectfully submits its objections to Judge Gilliland's Memorandum Opinion and Order (Dkt. 45) denying Wenger's Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) (Dkt. 27).

## I. BACKGROUND

Plaintiff SwissDigital USA Co., Ltd. ("SwissDigital"), a Delaware limited liability company with headquarters in New York, filed the present lawsuit against Wenger asserting claims of patent infringement. Compl. (Dkt. 20) ¶ 2. Wenger is a Swiss corporation organized under the laws of Switzerland. Ans. (Dkt. 23) ¶ 3. Wenger licenses its "SWISSGEAR" trademark to Group III International, Inc. ("Group III"), a company organized under the laws of and headquartered in Florida. Motion to Transfer ("Mot.") (Dkt. 27) at 2, 5. Group III uses the licensed "SWISSGEAR" mark on the accused products, which Group III makes and sells. *Id.*

On March 12, 2022, largely citing the connections of Group III to this case and to the Southern District of Florida, Wenger moved to transfer this litigation to pursuant to 28 U.S.C. § 1404(a). *See generally* Mot. (Dkt. 27). On May 11, 2022, the Magistrate Judge issued a Memorandum Opinion and Order (the "Order") (Dkt. 45) denying Wenger's Motion to Transfer.

Wenger now submits its objections to the Memorandum Opinion and Order and submits that transfer of the present case to the Southern District of Florida is appropriate.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 72, a party may file objections to a magistrate judge's determination of a nondispositive matter. "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

1

Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "The preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the destination venue." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (hereinafter, "*Volkswagen II*").

If the destination venue would have been a proper venue, then "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004) (citation omitted). The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (hereinafter "*Volkswagen I*") (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id*.

### III.   ARGUMENT

The parties agreed, and the Magistrate Judge correctly found, that this action could have been brought in the Southern District of Florida. *See* Dkt. 45 at 3-4. However, the Order made several errors in its transfer analysis of the convenience factors.

2

### A. The Order Erred in Not Weighting Sources of Proof and Witnesses from Third Parties.

The Order errs by wholly discounting non-party Group III. As Wenger pointed out in its Motion, Group III "makes and sells the accused products." Mot. (Dkt. 27) at 2. This allegation is uncontroverted. *See generally* Opp. (Dkt. 29). Nevertheless, the Order refuses to give any weight to Group III in the transfer analysis, which is an error as a matter of law.

Third parties are not to be wholly discounted in the Fifth Circuit's transfer analysis. *See, e.g., Volkswagen I*, 371 F.3d at 203 (laying out factor analysis that includes factors looking to "sources of proof" and ability to secure "witnesses," without regard to whether the sources of proof or witnesses are of the parties); *In re Samsung Elecs. Co., Ltd.*, 2 F. 4th 1371, 1380 (Fed. Cir. 2021) (under Fifth Circuit law in analyzing a motion to transfer, considering where relevant "third parties researched, designed, and developed most of" particular functionalities of the accused products). This is particularly clear where the relevance of third parties is established by sworn affidavit. *See In re Samsung*, 2 F. 4th at 1379 (holding "the district court here clearly assigned too little weight to the relative convenience" of the transferee forum where "petitioners submitted undisputed affidavits identifying over a dozen third-party individuals with relevant and material information as residing in" the transferee forum and "[b]y contrast, not a single witness has been identified as residing in or near the Western District of Texas").

The Order therefore erred by concluding that it was "unable to give much weight to what facts are attributable to Group III in the motion to transfer briefing." Order (Dkt. 45) at 4. Wenger repeatedly explained that Group III is the most relevant entity in the current transfer analysis because "Wenger does not design, manufacture, sell, offer for sale, import, market, advertise, or offer services related to the accused products in Texas;" rather, Group III does. Mot. (Dkt. 27) at 1-2. Wenger supported these facts with the sworn declaration of Mr. John Pulichino, a Group III

3

executive, that was submitted with Wenger's Motion. *See* Dkt. 27-2. Nevertheless, the Order refuses to consider Group III in any factor of the transfer analysis at all. *See* Order (Dkt. 45) at 4 ("the Court is unable to give much weight to what facts are attributable to Group III"); *id.* ("The Court does not find that Group III impacts the relevant factors as much as Wenger proposes."); *id.* at 6 (in analyzing the sources of proof factor, refusing to lend weight to Group III's sources of proof because "Group III is not the accused infringer in this case—Wenger is."); *id.* at 7 (refusing to consider Group III witnesses under the unwilling witnesses factor); *id.* ("[T]he Court does not give much weight to the Group III witnesses" in the willing witnesses factor.); *id.* at 8 (referring to Group III's evidence in the practical problems factor, stating "the Court does not consider this evidence in its analysis of this factor."); *id.* at 10-11 (neglecting to take Group III into consideration in the local interests factor, as "[t]he infringement claims in this case are against Wenger, not Group III.").

The Order purports to disregard Group III because the court did not understand the role of Group III in this case. Order (Dkt. 45) at 4. But Wenger repeatedly explained the role of Group III in the case at issue. *See generally Mot.* (Dkt. 27). Wenger explained that "[t]he relevant documents and sources of proof in this case are all located in Florida, in the possession of" Group III, "the third party responsible for the design, manufacture, and sale of the accused products." Mot. (Dkt. 27) at 4; *see also id.* at 2-3 (citing Pulichino Decl. (Dkt. 27-2)). Wenger further explained that "Wenger does not design, manufacture, sell, use, or offer for sale the accused products." *Id.* at 4-5; *see also id.* at 1-2 (citing Bussard Decl. (Dkt. 14-1)). Wenger even further explained that the "SWISSGEAR" trademark on the accused products is affixed to the products under license by Group III. Mot. (Dkt. 27) at 5; *see also id.* at 5, n.7.

The Order's complete disregard of Group III is even more glaring because neither

4

SwissDigital nor Wenger themselves have any connection to the Western District of Texas.  *See In re Juniper Networks, Inc.*, 14 F. 4th 1313, 1319 (Fed. Cir. 2021) (finding "categorical rejection" of third parties under the willing witnesses factor to be "entirely untethered to the facts of the case," especially "with nothing on the other side of the ledger") (citations and quotations omitted).

### B.  The Order Erred in Discounting Established—and Uncontroverted—Facts.

The Order further improperly wholly disregarded established and uncontroverted facts.  The Order states that "Wenger has not offered any evidence," and alternatively refers to Wenger's assertions "conclusory," "self-serving," "vague," and "attorney argument."  Order (Dkt. 45) at 6, 8, 10.  But Wenger's allegations were heavily supported by evidence and are anything but conclusory—rather, they were painstakingly supported by declarations of employees of both Wenger and Group III.  *See generally* Mot. (Dkt. 27); *see, e.g.,* Mot. (Dkt. 27) at 1-3.

A sworn declaration establishes a fact and is properly considered in a convenience transfer analysis.  *See, e.g., In re Samsung*, 2 F. 4th at 1379 (holding "the district court here clearly assigned too little weight to the relative convenience" of the transferee forum where "petitioners submitted undisputed affidavits identifying over a dozen third-party individuals with relevant and material information as residing in" the transferee forum); *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020) (finding "the court erred by overemphasizing the sources of proof in or nearer to WDTX and failing to meaningfully consider the sources of proof in" the transferee forum, including sworn declarations); *In re Google LLC*, 2021 WL 4592280, at *7 (Fed. Cir. Oct. 6, 2021) (noting that "the district court provided no sound basis to disregard the [proposed transferee forum] as a convenient forum with respect to the sources of proof" where the defendant has submitted a "declaration [which] makes clear" where sources of proof were located).

Here, Wenger submitted sworn declarations that were uncontroverted by SwissDigital and yet still wholly ignored in the Order.  This disregard for facts submitted with supporting evidence

5

improperly relegated Wenger's well-supported allegations to impotent argument erroneously given little to no weight in the transfer analysis.

        **C.**     **The Order Specifically Erred in Its Factor Analysis.**

Finally, the Order made specific errors in three particular factors of the Fifth Circuit's convenience factors, as detailed below.

                **1.**   *The Relative Ease of Access to Sources of Proof Factor Strongly Favors Transfer.*

The Order erroneously found that the relative ease of access to sources of proof factor was neutral. Order (Dkt. 45) at 6. The Order improperly disregarded all documents and sources of proof of Group III (*id.*), which are indisputably located in the Southern District of Florida. *See* Mot. (Dkt. 27) at 4-5; Pulichino Decl. (Dkt. 27-2). Contrary to the Order's conclusion, third party sources of proof may properly be considered under this factor. *See, e.g., In re Samsung*, 2 F. 4th at 1379 (considering third party material under the "sources of proof" factor). As the Order acknowledges, Wenger argues that "the relevant documents and source[s] of proof in this case are all located in Florida with a third party, Group III." Order (Dkt. 45) at 6 (internal quotation marks omitted) (citing Mot. (Dkt. 27) at 8). Neither party asserts that it has relevant sources of proof in this District. *See* Mot. (Dkt. 27) at 4, 6; Opp. (Dkt. 29) at 6. Wenger supports its arguments that all relevant sources of proof are in Florida with the declaration of Mr. John Pulichino, CEO of Group III. *See* Mot. (Dkt. 27) at 5. Declarations such as these, which make[] clear that . . . technical documents relating to the accused activities" are in the transferee forum, should not be "disregard[ed]." *In re Google LLC*, 2021 WL 4592280, at *7; *see also, e.g., In re Juniper*, 14 F. 4th at 1321 (finding "criticism [] unjustified" where "[t]he district court faulted [a submitted] declaration as not being specific enough," where the declaration explained where materials were kept). Accordingly, had the Order properly considered the sworn statements of Group III, as a

6

third party with relevant knowledge, it would have properly found this factor to strongly favor transfer.

### 2. *The Willing Witnesses Factor Strongly Favors Transfer.[1]*

The Order properly found that the willing witnesses factor favors transfer, but erred by diminishing the weight of this factor in finding that it was "neutral to only possibly favoring transfer by the slightest of margins." Order (Dkt. 45) at 8.

As a threshold matter, the Order misinterpreted Wenger's arguments, citing *In re Apple* for the proposition that willing witness convenience cannot be considered "when assessing two of the private interest factors," as then "witness convenience w[ould] be inappropriately counted twice." Order (Dkt. 45) at 7 (citing *In re Apple*, 979 F.3d at 1340). But *In re Apple* found legal error where willing *witnesses* were considered both as sources of proof under the first public interest factor and as willing witnesses under the third public interest factor. *See In re Apple*, 979 F.3d at 1339-40. Here, Wenger has made no such misstep—Wenger indeed argues that Group III's *documents and other tangible things* should be analyzed under the first public factor, and that Group III's *witnesses* should be analyzed under the second or third public factor. *See* Mot. (Dkt. 27) at 4-6, 8. But nowhere does Wenger argue that Group III's *witnesses* should be considered as "sources of proof" under the first public factor. *See id.* at 5. The Order's misinterpretation of Wenger's argument therefore improperly diminished Wenger's argument—and Group III's witnesses—under the willing witnesses factor.

This is clear by the Order's erroneous denial of lending "much weight to the Group III

---

[1] The Order notes that it treats the Group III witnesses as "willing witnesses. Order (Dkt. 45) at 7. As noted in its Motion, Wenger's view if that "[i]t is unclear at this junction whether witnesses from Group III are willing or unwilling witnesses." Mot. (Dkt. 27) at 7 n.9. To be clear, Wenger has no direct or indirect control over Group III and cannot compel their attendance at a trial in this District.

7

witnesses." Order (Dkt. 45) at 7. The Order found that "Wenger identifies only one Group III witness" in support of this factor, the declarant Mr. John Pulichino. *Id.* at 7. But this again misrepresents the proof Wenger provided. Wenger established that the Southern District of Florida was more convenient for *all Group III witnesses*, who are all in Florida, and therefore *all Group III witnesses* should be considered in this factor. *See* Mot. (Dkt. 27) at 8 ("To the extent Group III has any witnesses willing to attend trial, they are located in the Southern District of Florida."); Pulichino Decl. (Dkt. 27-2) ¶¶ 8, 16. The Order disregarded these factually-supported arguments, instead lending credence to SwissDigital's pledge to not call Group III witnesses at trial. *See* Order (Dkt. 45) at 5, 8. This erroneously deprived Wenger, the defendant, of adequately defending itself, which includes the ability to call Group III witnesses at trial and, especially in light of SwissDigital's failure to identify any witnesses in this District, *In re Juniper Networks*, 14 F. 4th at 1319 ("[E]ven if not all witnesses testify, **with nothing on the other side of the ledger, the factor strongly favors transfer.**")(citations and internal quotation marks omitted), improperly resulted in finding this factor neutral or to "only possibly favor[] transfer by the slightest of margins." Order (Dkt. 45) at 8.

### 3. *The Local Interests Factor Strongly Favors Transfer.*

The Order erred in finding that the local interests factor is neutral. Neither party has any specific connections to this District. Nevertheless, the Order erroneously disregarded the local interests of the Southern District of Florida because "[t]he infringement claims in this case are against Wenger, not Group III." Order (Dkt. 45) at 10. But as the Federal Circuit stated in *In re Apple*, it is a "misappli[cation of] the law to the facts" to heavily weigh "general contacts with" the Western District of Texas "that are untethered to the lawsuit," while "failing to give weight to the significant connections between" the transferee district "and *the events that gave rise to [the] suit*." 979 F.3d at 1345 (citations and internal quotation marks omitted) (emphasis in original).

There, the Federal Circuit noted that the "absence from WDTX" matters under the local interests factor, especially where "the accused products were designed, developed, and tested"—as they were here—in the transferee forum.  *Id.*  The Federal Circuit expanded that this factor should consider whether the suit "call[s] into question the work and reputation of several individuals residing in" the transferee district.  *Id.*  Here, the accused products were designed, developed, tested, and sold by Group III, in the Southern District of Florida, where its employees and its headquarters remain.  Therefore, the reputation of Group III is still in question in the Southern District of Florida.  For these reasons, the Order erroneously disregarded Group III in the local interests factor and, for the reasons explained in Wenger's Motion to Transfer, this factor heavily favors transfer.  *See* Mot. (Dkt. 27) at 10-11.

## IV.   CONCLUSION

For the foregoing reasons, Defendant Wenger S.A. respectfully requests that the Court sustain Wenger's objections, enter an Order granting Wenger's Motion to Transfer, and transfer the present case to the Southern District of Florida.


Dated: May 25, 2022            */s/ Taylor N. Mauze*
                               Taylor N. Mauze (TX Bar 24102161)
                               tmauze@reichmanjorgensen.com
                               REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
                               7500 Rialto Boulevard, Suite 250
                               Austin, Texas 78735
                               Tel: (650) 623-1401

                               Christine E. Lehman (*pro hac vice*)
                               clehman@reichmanjorgensen.com
                               REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
                               1909 K Street, NW, Suite 800
                               Washington, DC 20006
                               Tel: (202) 894-7311

                               **Attorneys for Defendant Wenger, S.A.**

## **CERTIFICATE OF SERVICE**

 The undersigned certifies that a copy of the foregoing instrument has been served to all counsel of record by electronic mail on May 25, 2022.

                */s/ Taylor N. Mauze*