UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

SWISSDIGITAL USA CO., LTD,  §
*Plaintiff,*                §
                            §
                            §    CIVIL NO. 6:21-cv-00453-ADA-DTG
v.                          §
                            §
                            §
WENGER S.A.,                §
*Defendant.*                §

**CLAIM CONSTRUCTION ORDER**

Before the Court is Defendant, Wenger S.A.'s ("Wenger"), opening claim construction brief. ECF No. 26. Plaintiff, Swissdigital USA Co., LTD ("Swissdigital"), submitted a response brief. EF No. 36. Defendant submitted a reply brief (ECF No. 38) and Plaintiff a subsequent Sur-reply brief. ECF No. 42. The Court held the Markman hearing on June 9, 2022. ECF No. 53. During that hearing, the Court informed the Parties of its preliminary constructions for all the contested terms. This Order adopts and does not alter any of those constructions.

## I.      BACKGROUND

Swissdigital is the owner of U.S. Patent Nos. 10,574,071 ("the '071 Patent") and 10,931,138 ("the '138 Patent"). ECF No. 20 ¶ 4. It produces intelligent backpacks and technical products. *Id.* Wenger produces bags, luggage, and watches as a subsidiary of Victorinox. *Id.* ¶ 7–8. Products within the SWISSGEAR trademark are accused of infringement. *Id.* ¶ 9. Plaintiff asserts that Wenger is also inducing infringement of retailers in sales of the products and consumers through subsequent use. *Id.* ¶ 24.

Swissdigital filed this lawsuit on April 30, 2021, alleging that Wenger infringed at least claim 1 of the '071 Patent and claim 23 of the '138 Patent. ECF No. 1. It subsequently amended

its complaint, again alleging infringement of at least claim 1 of the '071 Patent and claim 23 of the '138 Patent. ECF No. 20.

The '071 Patent is directed to a type of bag or luggage with convenient charging capabilities for personal devices. ECF No. 20-1. Specifically, it seeks to provide charging access on the outside of the bag for greater accessibility. *Id.* at 1:33–60. Similarly, the '138 Patent is directed to a sheath for USB chargers. ECF No. 20-2. The sheath is specifically designed to allow the outside accessibility and potentially also provide dust protection for the product. *Id.* at 1:33–62. Both seek to make power-dependent personal devices more convenient by providing built-in charging platforms in commonly carried bags.

## II.    LEGAL STANDARD

The general rule is that claim terms are given their plain-and-ordinary meaning. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (en banc); *Azure Networks, LLC v. CSR PLC*, 771 F.3d 1336, 1347 (Fed. Cir. 2014), vacated on other grounds by 135 S. Ct. 1846, 1846 (2015) ("There is a heavy presumption that claim terms carry their accustomed meaning in the relevant community at the relevant time."). The plain and ordinary meaning of a term is the "meaning that the term would have to a person of ordinary skill in the art in question at the time of the invention." *Philips*, 415 F.3d at 1313.

"'Although the specification may aid the court in interpreting the meaning of disputed claim language, particular embodiments and examples appearing in the specification will not generally be read into the claims.'" *Comark Commc'ns, Inc. v. Harris Corp.*, 156 F.3d 1182, 1187 (Fed. Cir. 1998) (quoting *Constant v. Advanced Micro-Devices, Inc.*, 848 F.2d 1560, 1571 (Fed. Cir. 1988)). "[I]t is improper to read limitations from a preferred embodiment described in the specification—even if it is the only embodiment—into the claims absent a clear indication in the

intrinsic record that the patentee intended the claims to be so limited." *Liebel-Flarsheim Co. v. Medrad, Inc.*, 358 F.3d 898, 913 (Fed. Cir. 2004).

Although extrinsic evidence can also be helpful, it is "'less significant than the intrinsic record in determining the legally operative meaning of claim language.'" *Phillips*, 415 F.3d at 1317 (quoting *C.R. Bard, Inc. v. U.S. Surgical Corp.*, 388 F.3d 858, 862 (Fed. Cir. 2004)). Technical dictionaries may be helpful, but they may also provide definitions that are too broad or not indicative of how the term is used in the patent. *Id.* at 1318. Expert testimony also may be helpful, but an expert's conclusory or unsupported assertions as to the meaning of a term are not. *Id.*

The "only two exceptions to [the] general rule" that claim terms are construed according to their plain and ordinary meaning are when the patentee (1) acts as his/her own lexicographer or (2) disavows the full scope of the claim term either in the specification or during prosecution. *Thorner v. Sony Computer Ent. Am. LLC*, 669 F.3d 1362, 1365 (Fed. Cir. 2012). To act as his/her own lexicographer, the patentee must "clearly set forth a definition of the disputed claim term," and "clearly express an intent to define the term." *Id.* To disavow the full scope of a claim term, the patentee's statements in the specification or prosecution history must represent "a clear disavowal of claim scope." *Id.* at 1366. Accordingly, when "an applicant's statements are amenable to multiple reasonable interpretations, they cannot be deemed clear and unmistakable." *3M Innovative Props. Co. v. Tredegar Corp.*, 725 F.3d 1315, 1326 (Fed. Cir. 2013).

### III.   ANALYSIS

The Parties have presented proposed constructions for eight disputed claim terms within the '071 and '138 Patents. ECF No. 44. Defendant requests that the Court construe the claim terms and alleges that some claim terms suffer from indefiniteness under 35 U.S.C. § 112. *See* ECF No.

26. Conversely, Plaintiff has not proposed constructions for any of the terms and requests that the Court apply the plain and ordinary meaning of each. *See* ECF No. 36.

### A. "retained outside" (claims 1 and 10 of '071 Patent)

| Plaintiff's Proposed Construction | Defendant's Proposed Construction |
|---|---|
| No construction necessary/plain and ordinary meaning | Indefinite<br>Alternatively: Retained entirely outside of |

Wenger argues that "retained outside" is indefinite. ECF No. 26 at 4. Swissdigital contends no construction is necessary. ECF No. 36 at 6. It further asserts that the prosecution history contradicts the proposed construction. *Id.* at 7. A patent is indefinite if the claims "fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention," as required by 35 U.S.C. § 112. *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 901 (2014). A party is required to show clear and convincing evidence of indefiniteness. *Young v. Lumenis, Inc.*, 492 F.3d 1336 (Fed. Cir. 2007).

Wenger has not proven by clear and convincing evidence that one of ordinary skill in the art would find the term unclear. The specification explains that the power cable outlet is to be accessible from the outside of the bag. ECF No. 20-1 at 5:18–21. While the specification does not explicitly utilize the term "retained outside," the specification and description of the embodiments all direct to an external connection port. *See* ECF No. 20-1. Furthermore, the term in its full context makes clear that the cable need not be entirely outside the bag. *Id.* at 6:56–67. This is contrary to Wenger's proposed alternative construction of the term. ECF No. 26 at 5–6.

Accordingly, the Court elects to apply the plain and ordinary meaning of "retained outside." Technical terminology too complex for a jury to understand may require construction,

but "retained outside" is not such a technical term. *Advanced Aerodynamics, LLC v. Spin Master Ltd.*, No. 6:21-cv-00002, 2022 U.S. Dist. LEXIS 88280, at *10–11 (W.D. Tex. March 15, 2022). A patentee must act as a lexicographer or explicitly disavow the full scope of the claim. *Thorner*, 669 F.3d at 1365 (Fed. Cir. 2012). Neither exception applies.

**B. "adjacent to" (claims 1 and 10 of '071 Patent)**

| Plaintiff's Proposed Construction | Defendant's Proposed Construction |
|---|---|
| No construction necessary/plain and ordinary meaning | Indefinite<br><br>Alternatively: Adjoining |

Wenger argues that "adjacent to" is also unclear. It suggests this is a term of degree and lacks particularity. ECF No. 26 at 6. Swissdigital disputes that a term of degree creates indefiniteness. ECF No. 36 at 8. Further, it posits that "adjacent to" is a well understood term and the plain and ordinary meaning is appropriate. *Id.* A patent is indefinite if the claims "fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention," as required by 35 U.S.C. § 112. *Nautilus,* 572 U.S. at 901. A party is required to show clear and convincing evidence of indefiniteness. *Young*, 492 F.3d 1336.

Wenger has failed to establish by clear and convincing evidence that "adjacent to" is indefinite. As with "retained in," "adjacent to" is not expressly stated within the specification. ECF No. 20-1. The specification states that the female connector is connected to the power cable outlet and protective sheath, inherently limiting the relationship. *Id.* at 5:2–12.

Wenger argues, in the alternative, that "adjacent to" should be construed as "adjoining." ECF No. 26. It claims this is consistent with the limitation established through prosecution. *Id.* at 6. Swissdigital asserts that no clear and convincing evidence nor exception was established

requiring construction different from the plain and ordinary meaning. ECF No. 36 at 8. Plaintiff further alleges that the prosecution history makes "adjacent to" a clear distinction from the prior art. *Id.* at 9. No clear disavowal was established. *Id.*

The Court finds the argument for alternate construction lacking. This term does not fit the exceptions of lexicography or disclaimer requiring departure from plain and ordinary meaning. *Thorner*, 669 F.3d at 1365. Furthermore, the term does not constitute one so technical it needs construction for proper understanding of the jury. *Advanced Aerodynamics*, 2022 U.S. Dist. LEXIS 88280, at *10–11. The Court finds that "adjacent to" should be given its plain and ordinary meaning.

### C. "in communication with" (claims 1 and 10 of '071 Patent; claim 23 of '138 Patent)

| Plaintiff's Proposed Construction | Defendant's Proposed Construction |
| --- | --- |
| No construction necessary/plain and ordinary meaning | Attached to |

Wenger argues a new construction of the term "in communication with" requires defining and proposes "attached to." ECF No. 26 at 7. It asserts that the proposed definition is consistent with the construction established in the '138 Patent. *Id.* at 8. Arguing that "attached to" is more consistent with the specification of the patents. *Id.* at 7–8. Swissdigital counters that Defendant is trying to impose a limitation from specific embodiments to all claims of the patents improperly. ECF No. 36 at 10.

Wenger failed to establish a disavowal within the record. There was no clear and unmistakable disclosure in the prosecution making clearly outside the scope. *Woodrow Woods & Marine Exhaust Sys., Inc. v. Deangelo Marine Exhause, Inc.*, 692 F.3d 1272, 1283 (Fed. Cir.

2012). No lexicography exception applies either. "In communication with" is also not so technical as to require construction to assist jury understanding. *Advanced Aerodynamics*, 2022 U.S. Dist. LEXIS 88280, at *10–11. The Court finds that "in communication with" should be given its plain and ordinary meaning.

### D. "covers" (claims 1 and 10 of '071 Patent)

| Plaintiff's Proposed Construction | Defendant's Proposed Construction |
|---|---|
| No construction necessary/plain and ordinary meaning | Indefinite<br>Alternatively: Overlapping; on top of |

Wenger next argues that it is unclear to what extent "covers" means. ECF No. 26 at 8. Swissdigital suggests that the term requires no construction. ECF No. 36 at 11. A patent is indefinite if the claims "fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention," as required by 35 U.S.C. § 112. *Nautilus,* 572 U.S. at 901. A party is required to show clear and convincing evidence of indefiniteness. *Young,* 492 F.3d 1336.

Wenger has failed to establish indefiniteness by clear and convincing evidence. The specification explains that the sheath is wrapped on the outer surface of the female connector. ECF No. 20-1 at 5:10–12. While this does not expressly include the term "covers," its meaning may be inferred.

Wenger argues alternatively that the Court should apply the term's meaning "overlapping or on top of." ECF No. 26 at 9. It argues this is necessary to meet the required condition of both above and covers. *Id.* Swissdigital contests this interpretation. Swissdigital asserts that one of ordinary skill in the art would understand the claims as drafted. ECF No. 36 at 11. Swissdigital also asserts no exception requiring construction by the Court was demonstrated by Wenger. *Id.*

The Court finds Wenger's request for construction unpersuasive. This term does not fit the exceptions of lexicography or disclaimer requiring departure from plain and ordinary meaning. *Thorner*, 669 F.3d at 1365. Furthermore, the term does not constitute one so technical it needs construction for proper understanding of the jury. *Advanced Aerodynamics*, 2022 U.S. Dist. LEXIS 88280, at *10–11. The Court finds that "covers" should be given its plain and ordinary meaning.

### E. "exposed" (claims 1 and 10 of '071 Patent)

| Plaintiff's Proposed Construction | Defendant's Proposed Construction |
|---|---|
| No construction necessary/plain and ordinary meaning | Not fully covered |

Wenger argues that "exposed" should mean "not fully covered." ECF No. 26 at 10. Words are usually given their plain and ordinary meaning during claim construction. *Phillips,* 415 F.3d at 1312. There is a heavy presumption that claim terms carry their accustomed meaning in the relevant community at the relevant time. *Azure Networks,* 771 F.3d at 1341. Wenger offers no testimony or support for its argument beyond its own assertion that its construction is correct. ECF No. 36 at 12–13. Swissdigital proposes that no construction is necessary for the term. *Id.* at 12.

The Court is not persuaded that construction of the claim term is necessary. This term does not fit the exceptions of lexicography or disclaimer requiring departure from plain and ordinary meaning. *Thorner*, 669 F.3d at 1365. Furthermore, the term does not constitute one so technical it needs construction for proper understanding of the jury. *Advanced Aerodynamics*, 2022 U.S. Dist. LEXIS 88280, at *10–11. Accordingly, the Court will apply the plain and ordinary meaning to "exposed."

### F. "fixedly attached" (claims 1 and 10 of '071 Patent)

| Plaintiff's Proposed Construction | Defendant's Proposed Construction |
|---|---|
| No construction necessary/plain and ordinary meaning | Connected to the bag or luggage permanently |

Wenger argues that "fixedly attached" should mean "connected to the bag or luggage permanently." ECF No. 26 at 12. Swissdigital posits that the plain and ordinary meaning is sufficient. ECF No. 36 at 13. Two exceptions exist to the rule that claims are construed to their plain and ordinary meaning. First, a patentee must establish a definition and act as their own lexicographer. *Thorner*, 669 F.3d at 1365. Second, a patentee must disavow the full scope of the claim term. *Id.* Neither of the above conditions is satisfied. Wenger claims that, since the invention can only function if the sheath is permanently connected to the bag or luggage, its proposed construction is correct. ECF No. 26 at 13. It claims the Examiner's notes, which state that the sheath and USB connector are "rigidly attached" to the exterior of the bag, provide support for its construction. *Id*. This argument is conclusory. ECF No. 36 at 14. Swissdigital alleges that the distinction does not require permanent attachment. *Id.*

The Court does not find that construction of the term is appropriate. Neither of the exceptions applies. Further, the term is also not so technical and complex to require construction for jury understanding. *Advanced Aerodynamics*, 2022 U.S. Dist. LEXIS 88280, at *10–11. The prosecution history does not mandate permanent attachment. The Court finds the plain and ordinary meaning applies to "fixedly attached."

### G. "at the body opening" (claim 23 of '138 Patent)

| Plaintiff's Proposed Construction | Defendant's Proposed Construction |
|---|---|
| No construction necessary/plain and ordinary meaning | Indefinite<br><br>Alternatively: Adjoining a cutout in the body where the inner surface of the bag or luggage and the outer surface of the bag or luggage meet |

Wenger argues that "at the body opening" is invalid for lack of written description in the '138 Patent. ECF No. 26 at 14. It alleges that the claimed priority date creates this issue. *Id.* "Body opening" is not described in the '071 patent. *Id.* Further, Wenger claims the parent patent does not contain "body opening" within the four corners of the specification and therefore would not reasonably convey that the inventor had possession of the claim subject matter. *Id.*

Wenger offers, in the alternative, "at the body opening" is indefinite. *Id.* at 13. A claim, when viewed in light of the intrinsic evidence, must "inform those skilled in the art about the scope of the invention with reasonable certainty." *Nautilus,* 572 U.S. at 910. Wenger claims that one skilled in the art of this patent would be unable to understand "at the body opening" under the plain and ordinary meaning. ECF No. 26 at 14. Swissdigital contests this and asserts that one of ordinary skill in the art would understand the term. ECF No. 36 at 15.

Wenger has failed to produce clear and convincing evidence of indefiniteness. The '071 Patent refers to the body of the bag frequently throughout the specification. *See* ECF No. 20-1. One of ordinary skill in the art would understand the proper relationship. ECF No. 36 at 15.

Wenger proposes an additional alternative with a different definition for the claim term. ECF No. 38 at 8–9.    It suggests "adjoining a cutout in the body where the inner surface of the

bag or luggage and the outer surface of the bag or luggage meet." *Id.* No further elaboration is made in the reply brief regarding this proposal.

The Court finds these arguments unpersuasive. No construction is required. This term does not fit the exceptions of lexicography or disclaimer requiring departure from plain and ordinary meaning. *Thorner*, 669 F.3d at 1365. Furthermore, the term does not constitute one so technical it needs construction for proper understanding of the jury. *Advanced Aerodynamics*, 2022 U.S. Dist. LEXIS 88280, at *10–11. The Court finds that "at the body opening" should be given its plain and ordinary meaning.

### H. "retained in" (claim 23 of '138 Patent)

| Plaintiff's Proposed Construction | Defendant's Proposed Construction |
| --- | --- |
| No construction necessary/plain and ordinary meaning | Indefinite<br><br>Alternatively: Held in permanent or semi-permanent attachment |

Wenger argues that "retained in" is indefinite. ECF 26 at 15. According to Wenger, the '071 patent does not include the term "retained in," and the phrase only appears in newly added portions of the '138 patent. *Id*. It further claims that since this term only appeared in a newly added section and was not present in the parent application the phrase must be indefinite. *Id*. A patent is indefinite if the claims "fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention," as required by 35 U.S.C. § 112. *Nautilus,* 572 U.S. at 901. A party is required to show clear and convincing evidence of indefiniteness. *Young*, 492 F.3d 1336.

Wenger has failed to produce clear and convincing evidence showing indefiniteness. The term "retained in" is commonly understood and does not require explicit construction in the patent.

Swissdigital asserts that one of ordinary skill in the art would understand the meaning in light of its common understanding. ECF No. 36 at 16.

In the alternative, Wenger argues that "retained in" should be construed to mean "held in permanent attachment." *Id* at 16. Wenger contends that the very nature of the invention is supportive of its alternative definition. *Id.* at 17. Wenger claims that a purpose of retaining the female end of the USB cable in the USB opening is to provide the USB cable with a position in which it cannot move. *Id.* Wenger claims that this supports its position on the construction of the term "retained in."

The Court finds these arguments unpersuasive and no construction of the term necessary. This term does not fit the exceptions of lexicography or disclaimer requiring departure from plain and ordinary meaning. *Thorner*, 669 F.3d at 1365. Furthermore, the term does not constitute one so technical it needs construction for proper understanding of the jury. *Advanced Aerodynamics*, 2022 U.S. Dist. LEXIS 88280, at *10–11. The Court finds that "retained" should be ascribed its plain and ordinary meaning.

## IV.    CONCLUSION

For the reasons discussed above, the Court finds that the terms "retained outside," "adjacent to," "in communication with," "covers," "exposed," "fixedly attached," "at the body opening," and "retained in" should be given their plain and ordinary meanings.

**SIGNED** this 18th day of August, 2022.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE