NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

**In re: WENGER S.A.,**
*Petitioner*

2022-158

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:21-cv-00453-ADA-DTG, Judge Alan D. Albright.

**ON PETITION**

Before DYK, REYNA, and TARANTO, *Circuit Judges*.

REYNA, *Circuit Judge*.

**O R D E R**

Wenger S.A. petitions for a writ of mandamus to direct the United States District Court for the Western District of Texas to transfer this patent infringement suit to the United States District Court for the Southern District of Florida. Swissdigital USA Co., Ltd. opposes.

Swissdigital owns patents covering bags for convenient charging of personal devices and a sheath incorporated into a bag that performs the same task. In September 2021, Swissdigital filed this action in the Western District of Texas against Wenger for offering to sell, selling, and

inducing others to offer to sell and sell allegedly infringing USB-charging backpacks with the "SWISSGEAR" trademark through Wenger's website.  In March 2022, Wenger, a company based in Switzerland, moved under 28 U.S.C. § 1404(a) to transfer to the Southern District of Florida, the headquarters location of a non-party that Wenger contends designs, coordinates manufacture of, and sells the accused products.  Appx068.

The district court, adopting the recommendation of the magistrate judge, denied Wenger's motion.  The court concluded that Wenger had failed to show the Southern District of Florida is clearly more convenient, noting, among other things, Wenger had not identified employees of the Florida non-party who would testify, and "[t]he parties do not have a specific presence in" the transferee forum.  Appx005–06, 012.  The court further found that the timing of the transfer request weighed against transfer, noting that during the time between the filing of the complaint and the motion, the court and the parties "ha[d] expended considerable resources on this case," and hence transfer "would result in a waste of these resources and the likely need to repeat many of the steps already completed in this forum."  Appx010.  After the district court overruled its objections, Wenger filed this petition.  We have jurisdiction pursuant to 28 U.S.C. §§ 1651 and 1295(a)(1).

Applying the law of the regional circuit, *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008), here, the United States Court of Appeals for the Fifth Circuit, our task on mandamus is limited to determining whether the denial of transfer was such a "'clear' abuse of discretion" that refusing transfer would produce a "patently erroneous result," *id.* (citation omitted)*; see also In re Apple Inc.*, 979 F.3d 1332, 1336 (Fed. Cir. 2020); *In re Nitro Fluids L.L.C.*, 978 F.3d 1308, 1310–11 (Fed. Cir. 2020).  Under Fifth Circuit law, we must deny mandamus unless it is clear "that the facts and circumstances are without any basis for a judgment of discretion."  *In re Volkswagen of Am, Inc.*, 545

IN RE: WENGER S.A. 3

F.3d 304, 312 n.7 (5th Cir. 2008) (en banc) (citation omitted). Wenger has not met that standard.

Wenger has not made a compelling case for transfer to the Southern District of Florida here, particularly in light of the fact that no party is located there and the finding of delay. Wenger did not challenge the finding of delay before the district court. And we cannot say that the district court was plainly incorrect under the circumstances in rejecting Wenger's argument that the transferee venue would be more convenient for prospective witnesses and evidence. Swissdigital has represented that it will rely only on sources of proof in Wenger's possession, Appx005, and has said it will rely only on expert testimony regarding "the characteristics and features relevant to [the accused products'] infringement," Appx059, while Wenger's motion to transfer failed to identify specific potential witnesses or evidence in the transferee venue on which it would rely. *See Defense Distributed v. Bruck*, 30 F.4th 414, 434 (5th Cir. 2022) (noting that conclusory assertions that sources of proof or non-party witnesses exist in a transferee venue lacks the "necessary proof" required to show "the existence of relevant sources of proof"). Under these specific circumstances, we cannot say that the district court's denial of transfer produced a patently erroneous result.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

September 23, 2022
Date

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court