**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **SWISSDIGITAL USA CO., LTD** § § | | |
| *Plaintiff,* § § § | | |
| v. § | **Case No. 6:22-CV-1301** | |
| **WENGER S.A.** § § § | | |
| *Defendant.* § | | |

| | | |
|---|---|---|
| **SWISSDIGITAL USA CO., LTD** § § | | |
| *Plaintiff,* § § § | **Case No. 6:21-CV-453-ADA-DTG** | |
| v. § § | **JURY TRIAL DEMANDED** | |
| **WENGER S.A.** § § | | |
| *Defendant.* | | |

**MOTION FOR ENTRY OF EXPEDITED BRIEFING SCHEDULE**

Plaintiff Swissdigital USA Co., Ltd. ("Swissdigital") and Movant/Non-Party Group III International, Inc.[1] ("Group III") (collectively, the "Parties") jointly move this Court to enter an expedited briefing schedule on Group III's pending Motion to Quash, recently transferred to this Court as Case No. 6:22-cv-1301, from the Southern District of Florida Case No. 22-MC-62358.

On December 15, 2022, Group III filed its Expedited Motion to Quash Subpoena served by Swissdigital in the United States District Court for the Southern District of Florida. *See* Dkt.

---

[1] Group III only makes a limited appearance before this Court in connection with the Rule 45 Motion to Quash that was transferred by the Southern District of Florida despite Group III's opposition, and Group III specifically does not consent or subject itself to the jurisdiction of this Court for purposes of the pending litigation.

1

1.[2]  In the Motion to Quash, Group III "request[ed] a ruling by no later than December 26, 2022." Dkt. 1 at 1.  On December 23, 2022, the U.S. District Court for the Southern District of Florida transferred the Motion to Quash to this Court for adjudication. Accordingly, below are the Parties' respective positions as to the proposed briefing schedule for this Motion.

**Swissdigital's Position**:

Plaintiff proposes the briefing schedule set out below.  This schedule comports with Group III's proposal to proceed on an expedited briefing schedule, and provides Group III with the time (7 days) it is entitled to for a Reply under the Federal Rules of Civil Procedure and the Local Rules of this Court.

- December 30, 2022 – Deadline for Swissdigital's response to Group III's motion to quash
- January 6, 2023 – Deadline for Group III's Reply, if any[3]

Plaintiff's proposed briefing schedule is based on the current fact discovery deadline of January 13, 2023 and the current deadline for Plaintiff's opening expert reports of January 20, 2023.  Alternatively, Plaintiff does not oppose a two-week extension of fact discovery and expert discovery.  If the current fact and expert discovery deadlines are extended by two weeks, Plaintiff is not opposed to Group III's request for its Reply to be due on January 13, 2023 and thus Plaintiff's Response deadline to be January 6, 2023.[4]

---

[2] For ease of reference, all docket entries refer to those docketed in Case No. 6:22-cv-1301 unless noted otherwise.

[3] Group III's Motion to Quash in Florida requested expedited briefing and a hearing/decision by December 26, the federal holiday for Christmas.  *See* Dkt. 1 at 1. This suggested that Group III did not plan on filing a reply.

[4] Plaintiff acknowledges that the current Motion to Quash is between Non-party/Movant Group III and Plaintiff, and does not involve Defendant Wenger S.A.  However, any extension to discovery would also affect Defendant Wenger S.A.  Plaintiff is amenable to its initial proposal or its alternative proposal if discovery is extended.  Due to the expedited nature of Group III's Motion to Quash and the impending deadlines, Plaintiff has reached out to Wenger S.A. about a discovery extension but has not received a response as of the time of filing.

2

Group III's statement that Swissdigital demanded compliance with its subpoena by no later than January 6, 2023 is incorrect. Swissdigital served its subpoena on Group III on November 22, 2022 and the subpoena demanded compliance by December 9, 2022. *See* Ex. A. Despite meeting and conferring on the issues multiple times, the parties ultimately did not agree to any extension and Group III did not serve timely objections to Swissdigital's subpoena.[5] *See* Ex. B. Thus, Group III's statement regarding the Local Rules requiring an expedited schedule is also incorrect, as the date for compliance with the subpoena had already passed at the time Group III filed its Motion to Quash.

Swissdigital's Proposed Order is attached hereto as Exhibit C.

**Group III's Position**: It is inaccurate for SwissDigital to suggest that Group III did not intend to file a Reply in connection with the briefing on this matter. The Motion to Quash was filed on December 15, 2022 under an expedited requested schedule *as was required by the Local Rules* because SwissDigital demanded a response to the subpoena by no later than January 4, 2023. That said, Group III also requested in the same motion that the Court grant an additional 30-days to comply, should compliance become necessary, which the Court could have used to extend the briefing schedule. Now, in an attempted gotcha move to strengthen its position, SwissDigital suddenly claims that the original unilaterally chosen compliance date of December 9, 2022 was never revised, but such is wholly untrue.

As can be seen by the email chain attached by SwissDigital, the communications started with a clear *unconditional* extension of time to respond to the subpoena, and never even remotely

---

[5] Swissdigital conferred with Group III in good faith, offering Group III an extension to respond to the subpoena (to January 6, 2022) conditioned on Group III agreeing to produce a representative witness for four hours. While Group III initially appeared to agree to the quid pro quo, it quickly and without reason reneged and filed its motion to quash after the December 9, 2022 date of compliance.

hinted at Group III needing to waive its right to object to the subpoena, as SwissDigital seemingly implies now. Indeed, all that was ever discussed was, (1) a revised "response" date for Group III to "respond" to the subpoena (*i.e.*, such as through a Motion to Quash or Motion for Protective Order, and not necessarily through "compliance via production" of any documents), and (2) the agreement on a "potential" deposition date, which was always described as a "potential" or "tentative" date to hold "should a deposition become necessary."

For example, the first email in the chain attached by SwissDigital hereto, *which was written by SwissDigital's counsel* (yet now overlooked), plainly states:

> Alex- Following up on our call we can stipulate that your client can have until December 13 to **respond** to Swissdigital's subpoena. Please also look into the **potential** dates for a deposition of your client.

*See* [**Exhibit D**, at 9-10 – Annotated 11.30.2022 to 12.10.2022 Email chain between Group III Counsel and SwissDigital Counsel] [emphasis added]. Similar verbiage in the communications continued throughout the dialogue between counsel; *e.g.*, when additional time to "respond" was requested by Group III, *SwissDigital stated*,

> The parties are working on requesting an extension from the Cout [sic], if we get it, we can agree to giving you until January 6th to **respond** to the subpoena.

*See id.* at 6 [emphasis added]. Again, despite SwissDigital's sudden claims to the contrary, this email *from its own counsel* is unambiguously untethered to any *quid pro quo* that could even arguably result in Group III's waiver of its right to object to the subpoena.

And, although SwissDigital highlights its last two emails on the topic of the extension (which cannot serve to negate the earlier exchanges from counsel which set the tone of the entire email dialogue), SwissDigital notably neglects to include Group III's reply email to the final one cited by SwissDigital, said reply by Group III which reads as follows:

4

> Darius, I was just getting ready to email you again. I am presently holding 01/06 as per your request for the **potential deposition, so we have an agreement**. I have received confirmation that my client representatives would be available on that date and, **if the deposition becomes necessary**, I will get coverage for myself should I not return from my travels in time….

*See* [**Exhibit D**, at 1] [emphasis added]. Clearly, Group III never came close to waiving its rights to challenge SwissDigital's untimely, improper, and extremely objectionable subpoena.[6]

Moreover, SwissDigital's proposed briefing schedule on this matter does not take into consideration the unavailability of Group III's counsel, as has been described to SwissDigital on several occasions. Specifically, it has been explained to SwissDigital that Group III's primary and lead counsel, Alexander Brown, who has researched, drafted, and approved *every* pleading filed on behalf of Group III on this matter has a pre-arranged and pre-paid family vacation from December 30, 2022 through and including January 6, 2023. It also been explained that Group III's secondary counsel, Darren Spielman, is currently on a family vacation, which will continue through the Federally observed holiday of Monday, January 2, 2023, has a hearing to attend on January 4, 2023 on a matter pending in the Central District of California (and has reserved January 3, 2023 to prepare for said hearing), and has two all-day depositions scheduled on January 5 and 6, 2023. As such, following the transfer of the aforesaid Motion to Quash to this Court, Group III requested that, upon the setting of a briefing schedule, this Court not set a due date for Group III's Reply to be sooner than 5-business days following January 6, 2023, *to wit*: no sooner than Friday, January 13, 2023, and preferably Monday, January 16, 2023.

---

[6] If SwissDigital was forthright, it would recount Group III's consistent position that it believed SwissDigital was estopped from even seeking discovery from Group III, and how, even if it were not estopped, Group III made clear from the onset that the requests within the subpoena were entirely objectionable. *See, e.g.,* [**Exhibit E** -- 11.23.2022 Email from Group III Counsel to SwissDigital Counsel]. It is simply incredible and unrealistic for SwissDigital to suggest that Group III later decided to walk away from its objections to the subpoena.

5

Notably, the only stated impediment to SwissDigital's consent to such a briefing schedule is its observation that discovery in the underlying litigation apparently closes on that same date. Importantly, however, it would be unfair and unjust for the Court to overlook the fact that Group III is a *non-party* to the underlying litigation and, until just this month, SwissDigital had *never* sought information from Group III. It is completely unreasonable for SwissDigital to now expect Group III's counsel to draft a Reply while attending hearings and depositions on other cases or to have to cancel long-planned and prepaid vacations (with six children). In other words, SwissDigital waited until the very end of the discovery process to seek information from *non-party* Group III, and, accordingly, the resulting burden of insufficient time should not befall upon Group III. SwissDigital's poor planning throughout the litigation to secure the discovery it now so desperately seeks should not constitute an emergency on this Court or on *non-party* Group III.

Based on all the foregoing, Group III's proposed order for this Court to consider in establishing a briefing schedule for the Motion to Quash, is attached hereto as **Exhibit F**.

Dated: December 29, 2022                                              Respectfully submitted,

 */s/ Dariush Keyhani*                                                     */s/ Alexander D. Brown*
Dariush Keyhani (admitted *pro hac vice*)
Frances H. Stephenson (admitted *pro hac vice*)                Alexander D. Brown (FBN: 752665)
                                                                E-mail: Abrown@conceptlaw.com
Keyhani LLC                                                     Scott D. Smiley (FBN: 678341)
1050 30th Street NW                                             E-mail: Scott@ConceptLaw.com
Washington, DC 20007                                            Darren Spielman (FBN: 678341)
T. 202.748.8950                                                 E-mail: DSpeilman@ConceptLaw.com
F. 202.318.8958
dkeyhani@keyhanillc.com                                         THE CONCEPT LAW GROUP, P.A.
fstephenson@keyhanillc.com                                      Attorneys for Non-Party
                                                                6400 North Andrews Avenue, Suite 500
Jacqueline P. Altman                                            Fort Lauderdale, Florida 33309
State Bar No. 24087010                                          Telephone: 754-300-1500

| | |
|---|---|
| John P. Palmer<br>State Bar No. 15430600<br>John A. "Andy" Powell<br>State Bar No. 24029775<br>USPTO Reg. No. 71,533<br>NAMAN HOWELL SMITH & LEE, PLLC<br>400 Austin Ave., Suite 800<br>Waco, Texas 76701<br>jaltman@namanhowell.com<br>palmer@namanhowell.com<br>powell@namanhowell.com<br>**ATTORNEYS FOR PLAINTIFF**<br>**SWISSDIGITAL USA CO., LTD.** | **ATTORNEYS FOR MOVANT GROUP**<br>**III INTERNATIONAL, INC.** *under*<br>*limited appearance in this matter for*<br>*disposition of the Rule 45 issues relating to*<br>*the Motion to Quash SwissDigital's*<br>*subpoena* |

## CERTIFICATE OF CONFERENCE

I hereby certify that on December 27, 28, and 29, 2022, Swissdigital's counsel conferred with Group III's counsel on the present motion and the present motion reflects the respective positions of the parties. Plaintiff's counsel conferred with Wenger's counsel regarding the discovery extension but as of the time of filing had not yet received Wenger's position.

*/s/ Jacqueline P. Altman*
Jacqueline P. Altman

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2022, all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system and Counsel for Group III is being served via electronic mail.

*/s/ Jacqueline P. Altman*
Jacqueline P. Altman