IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **SWISSDIGITAL USA CO., LTD,** *Plaintiff,* | § § § § § § § § § | |
| v. | | W-21-CV-00453-ADA-DTG |
| **WENGER S.A.,** *Defendant.* | | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
ON DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (ECF NO. 31)**

**TO:** **THE HONORABLE ALAN D ALBRIGHT,
UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Defendant Wenger S.A.'s Motion for Judgment on the Pleadings (ECF No. 31). After careful consideration of the briefs, arguments of counsel, and the applicable law, the Court **RECOMMENDS** that the motion be **DENIED**.

### I.   FACTUAL BACKGROUND

Plaintiff Swissdigital filed this lawsuit accusing Defendant Wenger of infringing United States Patent Nos. 10,574,071 (the "'071 Patent") and 10,931,138 (the "'138 Patent"). ECF No. 20 ¶¶ 31, 51. The '071 Patent is a "bag or luggage for convenient charging of personal devices such as smartphones, tablets, or any device that requires recharging." *Id.* ¶ 5. The '138 Patent "is a sheath that may be incorporated into luggage, bags, activewear, or other wearables for

convenient charging of personal devices such as smartphones, tablets or any device that requires recharging." *Id.* ¶ 6.

## II.     LEGAL STANDARD

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is subject to the same standards as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). A 12(b)(6) motion asserts a "purely procedural question not pertaining to patent law." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007). On a motion for judgment on the pleadings, factual allegations set out in the pleadings are taken in the light most favorable to the nonmoving party. *Hughes v. The Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 500 U.S. 544, 547 (2007). This standard does not require "detailed factual allegations;" however, this standard does not permit accusations that are completely devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

The plausibility standard requires the plaintiff to plead "enough facts to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 500 U.S. at 545. Therefore, a patentee must only "plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal*, 501 F.3d at 1356. There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim. *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021). Judgment on the pleadings is appropriate where "there are no disputed issues of material fact and only questions

of law remain." *Brittan Comm'ns Int'l Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 904 (5th Cir. 2002).

### III.  DISCUSSION

The Court finds that at this stage of the litigation, it is inappropriate to decide the merits on the pleadings. The pleadings do not provide a sufficient basis to render judgment. Defendant seeks judgment of no direct infringement, no induced infringement, and no contributory infringement. ECF No. 31 at 1. Plaintiff's Complaint states a plausible claim for relief, and the merits of Defendant's Motion are better suited for determination by the Court after the parties have supported their claims with evidence exchanged in discovery. The Court therefore recommends that Defendant's Motion be denied. However, this ruling is without prejudice to Defendant filing a motion for summary judgment on the same basis.

### IV.  RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that Defendant's Motion for Judgment on the Pleadings be **DENIED**.

### V.  OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings

and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1415.

SIGNED this 27th day of February, 2023.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE